WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
LAW OFFICES OF WAUKEEN Q. McCOY
The Central Tower
703 Market Street, Suite 1407
San Francisco, California 94103
Telephone (415) 675-7705
Facsimile (415) 675-2530

Attorney for Plaintiff
JOYCE JONES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE JONES, an individual,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>AT&T, a corporation doing business in California; STEPHANIE CHANDLER, an individual; CINDY TSUE, an individual; GABRIEL REYES, an individual<br><br>　　　　　Defendants. | Case No.: C 07-03888 PVT<br><br>**PLAINTIFF'S CASE MANAGEMENT STATEMENT**<br><br>Date: November 6, 2007<br>Time: 2:00 p.m.<br>Courtroom: 5, 4th Floor |

　　The Plaintiff in the above-entitled action submits this Case Management Statement and requests the Court adopt it as the Case Management Order pursuant to FRCP Rule 16.

　　A.　　**Description of the Case**

　　This matter is a race discrimination, harassment, hostile work environment and retaliation case with common law and state FEHA claims in addition to Title VII allegations.

The Complaint also alleges FMLA violations. Plaintiff JOYCE JONES ("Plaintiff" or "JONES") is an African-American female employed by defendant AT&T ("AT&T") as a Collection Representative. Plaintiff began her employment with defendant AT&T on August 14, 2000, when she was hired as a Collection Representative, earning $3900.00 per month.

On January 13, 2003, Plaintiff filed a complaint with her employer, AT&T, regarding discriminatory treatment by defendant STEPHANIE CHANDLER. In retaliation for filing this complaint, but also because of her race and serious health condition, Ms. Jones was subsequently harassed and subjected to differential treatment. The retaliation included denying family medical leave to Ms. Jones shortly after she filed that complaint (on February 26, 2003). To that end, she was improperly charged with poor attendance and counseled about her attendance on May 22, 2003, by Allysia Evans (Administrative Manager). Immediately thereafter, she was disciplined for absences occurring while she was on approved family medical leave as well as for alleged occurrences that per company policy should have been removed from her record after one year. But non African-American employees who had not filed complaints were not disciplined in the same manner.

Plaintiff was repeatedly racially harassed by co-workers, and retaliated against for complaining of harassment, with no action taken by Defendants after reporting the harassment, discrimination, and retaliation. During the course of her employment, Ms. Jones was also racially harassed by Bianca Mejia, co-worker. And nothing was done when she reported it to CHANDLER.

From April 30, 2003, to approximately June 15, 2003, the benefits to which Ms. Jones was entitled while on Family Medical Leave were terminated by Alysia Evans and SBC. In response to these new discriminatory acts, Ms. Jones filed a complaint in August, 2003, with the California Department of Fair Employment and Housing for discrimination based on race, disability and retaliation.

Thereafter, Ms. Jones was continuously subjected to retaliation since the August 2003 complaint. On or about October 20, 2005, Ms. Jones reported to the Equal Employment Officer what she believed to be discrimination by defendants CINDY TSUE and STEPHANIE

CHANDLER, and as a result she was once again subjected to retaliation for reporting this treatment.  Additionally, the number of reprimands she received from her supervisors for alleged "courtesy complaints" significantly increased after this latest filing.  To that end, each courtesy complaint Plaintiff received was placed in her file without her being allowed to review them or provide any rebuttal.  She was also the only employee required to take a "Rate of Speech" test and threatened with suspension for refusing to take it or failing it.  Indeed, although her co-workers Juan Sanchez and Kirsty Miramontes—both non-African American—also received "courtesy complaints,"—the complaints were not all placed in their personnel file and these people were not required to take the "Rate of Speech" test under threat of suspension.

Additionally, Ms. Jones' seniority was usurped and given to Jesus Hernandez for several years even though she had more seniority than him.  And Ms. Jones was not recognized for achievements in the workplace in the same manner as her non-African American employees.  Company policies such as Customer Courtesy Complaints and Prohibited Use of Execustar Messaging system for non-work related messages are inconsistent and are enforced at the discretion of Coach Leaders.  To that end, these policies are overwhelmingly enforced more against African American employees who violate them than against similarly-situated non-African American employees.

Finally, Ms. Jones was suspended by defendant TSUE from March 8, 2007, to March 12, 2007, on a "courtesy claim" by a customer without first being given a chance to give her side of what took place during the call with the customer.  According to representations by defendant TSUE, Ms. Tsue spoke to the customer on March 6, 2007, about Ms. Jones, without a union representative present—a violation of the CBA.  For her part, Ms. Jones never received any paperwork about either the suspension or the courtesy complaint.

In connection with her suspension, Plaintiff was treated "as a criminal."  For example, on the date of her suspension, defendant TSUE went and got someone to watch Ms. Jones when she was leaving the office.  And although defendant TSUE welcomed Ms. Jones back to work, Ms. Tsue still wanted to walk Ms. Jones down to the training area.  And to this day, when Ms. Jones

arrives at the building to begin work, she has to sit at security until a manager comes to get her for security reasons.

Ms. Jones was then put on "warning of dismissal" due to a courtesy complaint and was advised that she could not participate in AUTS, which meant that she could not transfer into another department for more pay or for better-paying position for the next 12 months. She also was forced to go through customer-service training. And after Ms. Jones completed the training, defendant TSUE still admonished her about doing her job.

**B.    Discovery**

Discovery in this matter has not commenced because Defendants have not yet been served.

Plaintiff proposes the following discovery plan:

1. The parties will serve written discovery and notice depositions as required pursuant to the Federal Rules of Civil Procedure and local rules.

2. Depositions: Plaintiff anticipates the following depositions: Plaintiff's direct supervisors; STEPHANIE CHANDLER, CINDY TSUE, GABRIEL REYES, Bianca Mejia, and such other individuals whom discovery identifies as witnesses with percipient knowledge of the facts alleged in the Complaint.

3. Interrogatories

4. Requests for Production of Documents

5. Requests for Admissions

6. Deadlines for Disclosure of Witnesses and Completion of Discovery

   a. Disclosure of identities of all witnesses to be called in each party's case in chief twenty (20) days prior to trial.

   b. Plaintiff will complete discovery, except from experts one hundred fifty (150) days prior to trial.

   c. The Plaintiff requests the disclosure of expert reports and testimony at trial as required by Rule 26(a)(2) of the Federal Rules of Civil Procedure.

   d. Completion of discovery from experts one hundred twenty (120) days prior to trial.

   e. Dispositive motions heard no later than fifty (50) days prior to trial.

**C.  Consent to Magistrate Judge**

Plaintiff does not consent to the assignment of this case to a United States Magistrate Judge for trial.

**D. Alternative Dispute Resolution**

Plaintiff agrees to Mediation and Early Neutral Evaluation.

**E. Trial**

Plaintiff requests a trial dat on or after November 30, 2008, with an anticipated length of trial seven (7) to ten (10) days.

Dated:  October 30, 2007        LAW OFFICES OF WAUKEEN McCOY

               By    */s/ Waukeen McCoy*
                  Waukeen Q. McCoy
                  Attorneys for Plaintiff
                  Joyce Jones

Case Management Statement

5                 www.mccoyslaw.com