LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
SUSAN T. KUMAGAI (State Bar No. 127667)
DENNIS W. HAYASHI (State Bar No. 087077)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:   (415) 357-4600
Facsimile:    (415) 357-4605

Attorneys for Defendant
AT&T CORP.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE JONES, an individual,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>AT&T, a corporation doing business in California; PACIFIC BELL TELEPHONE COMPANY; STEPHANIE CHANDLER, an individual; CINDY TSUE, an individual; GABRIEL REYES, an individual,<br><br>　　　　　　Defendants. | Case No. C07-3888 PVT<br><br>**DEFENDANT AT&T CORP.'S ADMINISTRATIVE APPLICATION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S AMENDED COMPLAINT** |

## I.　INTRODUCTION

Defendant AT&T Corp. ("Defendant" or "AT&T Corp.") respectfully requests an extension of time for the filing of a responsive pleading to the Amended Complaint filed by Plaintiff Joyce Jones ("Plaintiff") such that Defendant's responsive pleading is due on February 8, 2008.[1]

Defendant has no alternative but to seek judicial relief because Plaintiff's counsel has twice entered into verbal agreements – both of which were memorialized in confirming letters – with Defendant's counsel to dismiss AT&T Corp. and then later refused to abide by those

---

[1] By this request, AT&T Corporation does not waive its right to seek dismissal based on lack of jurisdiction.

1

DEFENDANT AT&T CORP.'S ADMINISRATIVE APPLICATION FOR EXTENSION OF TIME
TO RESPOND TO PLAINTIFF'S AMENDED COMPLAINT (Case No. C07-3888 PVT)

agreements. Thereafter, Plaintiff's counsel refused to stipulate to an extension of time for Defendant to file a responsive pleading. Plaintiff's counsel's second broken promise occurred after what would have been the due date for Defendant's responsive pleading. Defendant thus seeks an extension of time such that its responsive pleading will be due on February 8, 2008.

## II.    DISCUSSION

Plaintiff originally filed her Complaint in this case on or about July 30, 2007, and named "AT&T," Stephanie Chandler, Cindy Tsue and Gabriel Reyes as defendants. Plaintiff did not serve the summons and Complaint on "AT&T." (Declaration of Susan T. Kumagai in Support of Defendant AT&T Corp.'s Administrative Application to Extent Time to Respond to Plaintiff's Amended Complaint (hereafter "Kumagai Dec.") at ¶2 and attached Exhibit A.)

On or about October 30, 2007, Defendant's counsel contacted Plaintiff's counsel and advised that Plaintiff's former employer – and thus the correct corporate defendant in this case – is Pacific Bell Telephone Company ("Pacific Bell"), and not AT&T Corp. (Kumagai Dec. at ¶3.) Defendant's counsel and Plaintiff's counsel reached an agreement such that Plaintiff would voluntarily dismiss AT&T Corp., and amend the Complaint to name Pacific Bell in place of AT&T Corp. (*Id.*) Defendant's counsel sent Plaintiff's counsel an October 31, 2007 letter memorializing their agreement. (Kumagai Dec. at ¶3 and attached Exhibit B.)

Some two weeks later, on or about November 16, 2007, Plaintiff's counsel left a voice message stating that he intended to "add" Pacific Bell as a defendant, and that he intended to represent to the court in a Case Management Conference Statement (to be filed the same day) that Defendant's counsel would accept service on behalf of Pacific Bell. (Kumagai Dec. at ¶4.)

Defendant's counsel returned Plaintiff's counsel's call, and reiterated the parties' prior agreement, which was that Plaintiff would dismiss AT&T Corp. and amend the complaint to name Pacific Bell as the proper defendant. (Kumagai Dec. at ¶5 and attached Exhibit C.) Plaintiff's counsel stated that he would not dismiss AT&T Corp., and that he was adding Pacific Bell as a "Doe." (*Id.*)

On or about November 21, 2007, Plaintiff's counsel – in direct contravention of his prior agreement with Defendant's counsel – filed an Amended Complaint that named AT&T, Pacific

2

1  Bell Telephone Company, Stephanie Chandler, Cindy Tsue and Gabriel Reyes as defendants.
2  (Kumagai Dec. at ¶6 and attached Exhibit D.)
3        On November 26, 2007, Plaintiff attempted service of the Amended Complaint on the
4  corporate agent for service for AT&T Corp.  (Kumagai Dec. at ¶7.)
5        On January 4, 2008, Defendant's counsel called Plaintiff's counsel and Plaintiff's counsel
6  stated he would dismiss AT&T Corp. if Defendant's counsel could provide him with
7  documentation to show that AT&T Corp. was not Plaintiff's employer, e.g., "pay stubs."
8  (Kumagai Dec. at ¶8.) Defendant's counsel sent a January 4, 2008 letter memorializing the
9  parties' agreement. (Kumagai Dec. at ¶8 and attached Exhibit E.) Enclosed with Defendant's
10 counsel January 4, 2008 letter, were copies of W-2 Forms evidencing that Pacific Bell was
11 Plaintiff's employer. (*Id.*) Defendant's counsel's January 4, 2008 letter asked that Plaintiff's
12 counsel "dismiss AT&T Corporation as agreed." (*Id.*) Also enclosed with Defendant's counsel's
13 January 4, 2008 letter was a stipulation to extend the time for AT&T Corp. to respond to the
14 Amended Complaint so as to allow the parties to resolve the foregoing issues. (*Id.*)
15       On or about January 9, 2008, Plaintiff's counsel sent Defendant's counsel a letter stating
16 that he would not dismiss AT&T Corp. and that he would not sign the stipulation to extend the
17 time for a responsive pleading – again in direct contravention of his prior agreement with
18 Defendant's counsel.   (Kumagai Dec. at ¶9 and attached Exhibit F.)
19       As Plaintiff's counsel has twice gone back on his word, Defendant has no alternative but
20 to seek a Court order for an extension of time for a responsive pleading.
21       Defendant has not previously requested any extension of time. (Kumagai Dec. at ¶10.)
22       Although Defendant has not been served with a current Case Management Conference
23 order, Defendant does not believe that the requested extension of time would have a negative
24 effect on the case schedule. (Kumagai Dec. at ¶11.)
25
26
27
28

3

### III.  CONCLUSION

For the foregoing reason, Defendant respectfully requests that the date for its responsive pleading to Plaintiff's Amended Complaint be extended to February 8, 2008.

DATED:  January 14, 2008                     LAFAYETTE & KUMAGAI LLP


                                             /s/ Susan T. Kumagai
                                             SUSAN T. KUMAGAI
                                             Attorneys for Defendant
                                             AT&T CORP.


I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this efiled document.

### CERTIFICATE OF SERVICE

I certify that a copy of this document was served electronically on January 14, 2008 on counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by use of the Court's ECF system.

                                             /s/ Susan T. Kumagai

4

DEFENDANT AT&T CORP.'S ADMINISRATIVE APPLICATION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S AMENDED COMPLAINT (Case No. C07-3888 PVT)