# EXHIBIT A

WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
LAW OFFICES OF WAUKEEN Q. McCOY
The Central Tower
703 Market Street, Suite 1407
San Francisco, California 94103
Telephone (415) 675-7705
Facsimile (415) 675-2530

Attorney for Plaintiff
JOYCE JONES

ORIGINAL FILED
JUL 3 0 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

COPY

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

PVT

| | |
|---|---|
| JOYCE JONES, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> AT&T, a corporation doing business in California; STEPHANIE CHANDLER, an individual; CINDY TSUE, an individual; GABRIEL REYES, an individual <br><br> Defendants. | Case No. C-07 3888 <br><br> UNLIMITED JURISDICTION <br><br> **COMPLAINT FOR DAMAGES:** <br> 1. RACIAL DISCRIMINATION 42 *U.S.C.* § 1981 <br> 2. RACIAL DISCRIMINATION 42 *U.S.C.* § 2000 <br> 3. RACIAL DISCRIMINATION Cal. *Gov't. Code* § 12940 <br> 4. HARASSMENT Cal. *Gov't. Code* § 12940 <br> 5. RETALIATION Cal. *Govt. Code* § 12940 <br> 6. FAILURE TO TAKE ALL REASONABLE STEPS Cal. *Gov't Code* § 12940; <br> 7. FAILURE TO MAINTAIN ENVIRONMENT FREE FROM HARASSMENT Cal. *Gov't Code* § 12940; <br> 8. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS <br> 9. VIOLATION OF FAMILY MEDICAL LEAVE ACT 29 *U.S.C.* § 2917 <br><br> **JURY TRIAL DEMANDED** |

Complaint

1

www.mccoyslaw.com

**EXHIBIT A**

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3) and 42 U.S.C. § 1981. The action presents federal questions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended, and 42 U.S.C. § 1981. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over plaintiffs' claims under the California Fair Employment and Housing Act, Cal. Gov't. Code §§ 12940, *et seq.*

2. Venue is proper in this district pursuant to 42 U.S.C. § 2000e5(f) and 28 U.S.C. § 1391 (b) & (c). All Plaintiff's claims arose in the Northern District of California, and the acts complained of herein occurred in this District and gave rise to the claims alleged. Defendant operates its business in the Northern District of California with corporate headquarters based in the County of Santa Clara.

Plaintiff alleges as follows:

## THE PARTIES

3. Plaintiff JOYCE JONES ("Plaintiff" or "JONES") is an African-American female employed by defendant AT&T ("AT&T") as a Collection Representative.

4. Plaintiff alleges that defendant AT&T ("AT&T" or "SBC") is a corporation doing business in California.

5. Plaintiff alleges that defendant STEPHANIE CHANDLER ("CHANDLER") is an individual employed by AT&T as a Coach Leader at all times mentioned herein.

6. Plaintiff alleges that defendant CINDY TSUE ("TSUE") is an individual employed by AT&T as Coach Leader at all times mentioned herein.

7. Plaintiff alleges that defendant GABRIEL REYES ("REYES") is an individual employed by AT&T as Director at all times mentioned herein.

8. Plaintiff alleges that at all times herein mentioned each of the defendants was acting as the partner, agent, servant, and employee of each of the remaining defendants, and in

Complaint 2 www.mccoyslaw.com

doing the things alleged herein was acting within the course and scope of such agency and with the knowledge of the remaining defendants.

## GENERAL ALLEGATIONS

9. Plaintiff began her employment with defendant AT&T on August 14, 2000, when she was hired as a Collection Representative, earning $3900.00 per month.

10. On January 13, 2003, Plaintiff filed a complaint with her employer, AT&T, regarding discriminatory treatment by defendant STEPHANIE CHANDLER.

11. In retaliation for filing this complaint, but also because of her race and serious health condition, Ms. Jones was subsequently harassed and subjected to differential treatment. The retaliation included denying family medical leave to Ms. Jones shortly after she filed this complaint (on February 26, 2003). To that end, she was improperly charged with poor attendance and counseled about her attendance on May 22, 2003, by Allysia Evans (Administrative Manager). Immediately thereafter, she was disciplined for absences occurring while she was on approved family medical leave as well as for alleged occurrences that per company policy should have been removed from her record after one year. But non African-American employees who had not filed complaints were not disciplined in the same manner.

12. During the course of her employment, Ms. Jones was also racially harassed by Bianca Mejia, co-worker. And nothing was done when she reported it to CHANDLER.

13. From April 30, 2003, to approximately June 15, 2003, the benefits to which Ms. Jones was entitled while on Family Medical Leave were terminated by Alysia Evans and SBC.

14. In response to these new discriminatory acts, Ms. Jones filed a complaint in August, 2003, with the California Department of Fair Employment and Housing for discrimination based on race, disability and retaliation. This complaint was filed against SBC (employer), STEPHANIE CHANDLER and Blanca Mejia (co-worker).

15. Thereafter, Ms. Jones was continuously subjected to retaliation since the August 2003 complaint.

16. On or about October 20, 2005, Ms. Jones reported to the Equal Employment Officer what she believed to be discrimination by defendants CINDY TSUE and STEPHANIE

1  CHANDLER, and as a result she was once again subjected to retaliation for reporting this
2  treatment. Additionally, the number of reprimands she received from her supervisors for alleged
3  "courtesy complaints" significantly increased after this latest filing. To that end, each courtesy
4  complaint Plaintiff received was placed in her file without her being allowed to review them or
5  provide any rebuttal. She was also the only employee required to take a "Rate of Speech" test
6  and threatened with suspension for refusing to take it or failing it. Indeed, although her co-
7  workers Juan Sanchez and Kirsty Miramontes—both non-African American—also received
8  "courtesy complaints,"—the complaints were not all placed in their personnel file and these
9  people were not required to take the "Rate of Speech" test under threat of suspension.

10      17. Additionally, Ms. Jones' seniority was usurped and given to Jesus Hernandez for
11  several years even though she had more seniority than him. And Ms. Jones was not recognized
12  for achievements in the workplace in the same manner as her non-African American employees.

13      18. Company policies such as Customer Courtesy Complaints and Prohibited Use of
14  Execustar Messaging system for non-work related messages are inconsistent and are enforced at
15  the discretion of Coach Leaders. To that end, these policies are overwhelmingly enforced more
16  against African American employees who violate them than against similarly-situated non-
17  African American employees.

18      19. On or about August 16, 2006, Ms. Jones reported retaliatory treatment by TSUE
19  to defendant REYES and harassment by a customer, but once again nothing was done to correct
20  the situation.

21      20. In October 2006, Ms. Jones filed a second complaint with the Department of Fair
22  Employment and Housing, complaining about all the afore-mentioned acts.

23      21. From January 2006 until present, Ms. Jones has been alienated from the rest of the
24  section members as a result of the hostile environment. To that end, she was assigned a specific
25  seat while other representatives sit where they want.

26      22. On January 29, 2007, defendant TSUE observed Ms. Jones on all 6 calls at once,
27  when the general rule has been that she does 3 calls and another manager cross-observes the
28  other 3 calls.

Complaint              4              www.mccoyslaw.com

23. Finally, Ms. Jones was suspended by defendant TSUE from March 8, 2007, to March 12, 2007, on a "courtesy claim" by a customer without first being given a chance to give her side of what took place during the call with the customer. According to representations by defendant TSUE, Ms. Tsue spoke to the customer on March 6, 2007, about Ms. Jones, without a union representative present—a violation of the CBA. For her part, Ms. Jones never received any paperwork about either the suspension or the courtesy complaint.

24. In connection with her suspension, Plaintiff was treated "as a criminal." For example, on the date of her suspension, defendant TSUE went and got someone to watch Ms. Jones when she was leaving the office. And although defendant TSUE welcomed Ms. Jones back to work, Ms. Tsue still wanted to walk Ms. Jones down to the training area. And to this day, when Ms. Jones arrives at the building to begin work, she has to sit at security until a manager comes to get her for security reasons.

25. Ms. Jones was then put on "warning of dismissal" due to a courtesy complaint and was advised that she could not participate in AUTS, which meant that she could not transfer into another department for more pay or for better-paying position for the next 12 months. She also was forced to go through customer-service training. And after Ms. Jones completed the training, defendant TSUE still admonished her about doing her job.

## FIRST CAUSE OF ACTION: RACIAL DISCRIMINATION

### 42 U.S.C. § 1981

(Against Defendant AT&T)

26. Defendants, through their agents and employees engaged in a pattern and practice of unlawful racial discrimination in violation of 42 U.S.C. § 1981 in connection with the terms and conditions of Ms. Jones' employment.

27. At all relevant times, defendants had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination. As a result of the hostile and offensive work environment perpetrated and

Complaint
5
www.mccoyslaw.com

maintained by defendants, and defendants' failure to protect Ms. Jones from further discrimination, she suffered severe emotional distress.

28. As a direct and proximate result of the willful, knowing, and intentional discrimination against Ms. Jones, and the failure to act by defendants, she has suffered mental distress, anguish, and indignation. She is thereby entitled to general and compensatory damages in an amount to be proven at trial.

29. Defendants' acts alleged herein are malicious, oppressive, despicable and in conscious disregard of Ms. Jones' rights. As such, punitive damages are warranted against defendants in order to punish and make an example of their action.

## SECOND CAUSE OF ACTION: RACIAL DISCRIMINATION
### 42 U.S.C. § 2000 et seq.
(Against Defendant AT&T)

30. Defendants, through their agents and employees engaged in a pattern and practice of unlawful racial discrimination in violation of 42 U.S.C. § 2000 et seq. in connection with the terms and conditions of Plaintiff's employment

31. At all relevant times, defendants had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination. As a result of the hostile and offensive work environment perpetrated and maintained by defendants, and defendants' failure to protect Ms. Jones from further discrimination, she suffered severe emotional distress.

32. As a direct and proximate result of the willful, knowing, and intentional discrimination against Ms. Jones, and the failure to act by defendants, she has suffered mental distress, anguish, and indignation. She is thereby entitled to general and compensatory damages in an amount to be proven at trial.

33. Defendants' acts alleged herein are malicious, oppressive, despicable and in conscious disregard of Ms. Jones' rights. As such, punitive damages are warranted against defendants in order to punish and make an example of their action.

## THIRD CAUSE OF ACTION: RACIAL DISCRIMINATION

### Cal. Govt. Code § 12940.

### (Against Defendant AT&T)

34. Defendants, by and through their agents and management level employees, engaged in a continuing pattern and practice of unlawful racial discrimination in violation of California *Government Code* § 12940 *et seq.* in connection with Ms. Jones' work assignments, promotion and the terms and conditions of Ms. Jones' employment, by failing to promote and raise the rate of compensation of Ms. Jones when she applied for and was otherwise qualified for a job position. Despite her ample qualifications, she was denied promotion and a pay raise on the basis of her race.

35. At all relevant times, defendants had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination. As a result of defendants' pattern and practice of unlawful discrimination, Ms. Jones suffered severe emotional distress, humiliation, indignity and loss of income in an amount provable at the time of trial.

36. As a direct and proximate result of the willful, knowing, and intentional discrimination against Ms. Jones, and the failure to act by defendants in an effort to remedy said discrimination, she has suffered mental distress, anguish, and indignation. She is thereby entitled to general and compensatory damages in an amount to be proven at trial.

37. Defendants' acts alleged herein are malicious, oppressive, despicable and in conscious disregard of Ms. Jones' rights. As such, punitive damages are warranted against defendants in order to punish and make an example of their action.

///

## FOURTH CAUSE OF ACTION: HARASSMENT
### Cal. Govt. Code § 12940
(Against all defendants)

38. By engaging in the conduct previously alleged herein, defendants, and each of them, violated California *Government Code* § 12940 by creating, maintaining, encouraging, failing to investigate properly and by failing to remedy a hostile work environment prohibited by the *Fair Employment and Housing Act*, despite Ms. Jones' complaints to management level employees that she was being harassed because of her complaints and because of her race.

39. At all relevant times, defendants had actual and constructive knowledge of the hostile work environment described and alleged herein, and condoned, ratified and participated in the discrimination. As a result of the hostile work environment perpetrated and maintained by defendants, and defendants' failure to protect Ms. Jones from further discrimination, she has suffered severe emotional distress, humiliation, indignity and loss of income in an amount provable at the time of trial.

40. As a direct and proximate result of the willful, knowing, and intentional harassment of Ms. Jones, and the failure to act by defendants in an effort to remedy said environment, she has suffered mental distress, anguish, and indignation. She is thereby entitled to general and compensatory damages in an amount to be proven at trial.

41. Defendants' acts alleged herein are malicious, oppressive, despicable and in conscious disregard of Ms. Jones' rights. As such, punitive damages are warranted against defendants in order to punish and make an example of each of them.

///

## FIFTH CAUSE OF ACTION: RETALIATION

### Cal. *Govt. Code* § 12940 and 42 *U.S.C.* § 2000 *et seq.*

(Against all defendants)

42. Defendants retaliated against Ms. Jones in violation of California *Government Code* §12940 by harassing her, creating unbearable working conditions and failing to respond to her concerns regarding the harassment.

43. At all relevant times, defendants had actual and constructive knowledge of the retaliatory conduct described and alleged herein, and condoned, ratified and participated in the retaliation. As a result of the retaliatory behavior perpetrated and executed by defendants, and defendants' failure to protect Ms. Jones from retaliatory behavior, she has suffered severe emotional distress, humiliation and embarrassment. As a further proximate result of such conduct, plaintiff has suffered loss of income, loss of advance and promotions, loss of career opportunity and loss of tangible job benefits, all in amounts to be proven at trial.

44. As a direct and proximate result of defendants willful, knowing, and intentional acts, and defendants' failure to act, Ms. Jones has suffered and will continue to suffer mental distress, anguish, and indignation. She is thereby entitled to general and compensatory damages in an amount to be proven at trial.

45. Defendants' acts alleged herein are malicious, oppressive, despicable and in conscious disregard of Ms. Jones' rights and public policy. As such, punitive damages are warranted against defendants in order to punish and make an example out of each of them.

///

## SIXTH CAUSE OF ACTION: FAILURE TO TAKE ALL REASONABLE STEPS

Cal. Govt. Code § 12940

(Against all defendants)

46. Cal. Gov't Code §12940 makes it an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination from occurring.

47. By defendant's conduct, as aforesaid, and by failing to express strong disapproval of discriminatory practices, by failing to develop appropriate sanctions for discrimination, by failing to develop appropriate methods to sensitize employees/managers to practices and the gravity of consequences for doing so, and by failing to take immediate and appropriate corrective action to stop the discrimination from occurring by Ms. Jones' superiors, after defendants CHANDLER and REYES were aware of the discriminatory practices against her, defendants failed to take all reasonable steps to prevent the discrimination from occurring, in violation of the California *Fair Employment and Housing Act*, as amended.

48. As a proximate result of defendant's unlawful employment practices, Ms. Jones has suffered damages, including damages for humiliation, embarrassment, damages for severe mental and emotional distress and discomfort, as well as forcing him to incur attorneys' fees, costs and certain other incidental damages, all according to proof.

49. Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Ms. Jones, and acted with an improper and evil motive amounting to malice. As a result of defendant's conduct, she is entitled to recover punitive damages in an amount commensurate with defendants' wealth.

///

## SEVENTH CAUSE OF ACTION: FAILURE TO MAINTAIN ENVIRONMENT FREE FROM HARASSMENT

Cal. Govt. Code § 12940

(Against all defendants)

50. Defendant failed to take all reasonable steps to prevent harassment against Ms. Jones from occurring, and to take immediate and appropriate corrective action to remedy the harassment, in violation of Cal. Govt. Code § 12940, by engaging in the course of conduct set forth above, among other things.

51. Specifically, defendants failed—and have failed to the present time—to take any disciplinary action against defendants CHANDLER or TSUE, such as issuing a formal warning, providing counseling, or imposing probation, suspension, or termination.

## EIGHTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Against All Defendants)

52. Ms. Jones alleges that defendants AT&T, by and through its agents and employees, including but not limited to CHANDLER and TSUE, acted without regard to the health and safety of Ms. Jones, and each of them treated her in the deplorable manner alleged herein. That treatment and its surrounding consequences constituted extreme and outrageous conduct by defendants.

53. Ms. Jones alleges that defendants, standing in a position of authority over her, acted with deliberation without regard to the health, safety, or well-being of Ms. Jones and caused her severe emotional and physical distress.

54. Ms. Jones alleges that as a proximate result of defendants' extreme and outrageous acts, she suffered severe emotional distress in the form of humiliation, embarrassment, mental anguish, anxiety, stress and indignation. Defendants' acts were done with the willful knowledge that she could suffer severe harm as a result.

55. Ms. Jones alleges that defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of her rights. As such, punitive damages are warranted against defendants in order to punish them and make an example of their actions.

## NINTH CAUSE OF ACTION: VIOLATION OF THE FAMILY MEDICAL LEAVE ACT, 29 U.S.C. §2917

(All defendants)

56. Ms. Jones incorporates by reference paragraphs 1-55 herein.

57. Ms. Jones alleges that SBC violated the Family Medical Leave Act by interfering with Ms. Jones' right to take family medical leave on or about February, 2003, by disciplining her for attendance issues.

58. Ms. Jones alleges that SBC violated the Family Medical Leave Act by discriminating against her in retaliation for her taking family medical leave.

///

09/27/2007  09:54    4084937372                    ATT                                    PAGE   17/17
Case 5:07-cv-03888-JF   Document 14-2   Filed 01/14/2008   Page 14 of 15

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for relief as follows:

1. For general damages according to proof, however, no less than the jurisdictional limit of this court;

2. For special damages in amounts according to proof;

3. For punitive damages in amounts according to proof;

4. For attorneys' fees as provided by law;

5. For interest as provided by law;

6. For cost of suit incurred herein; and

7. For such other and further relief as the Court deems fair and just.

Dated: July 30, 2007

LAW OFFICES OF WAUKEEN McCOY

By _Waukeen McCoy_
Waukeen Q. McCoy
Attorneys for Plaintiff
Joyce Jones

Complaint
13
www.mccoyslaw.com

## PROOF OF SERVICE

I am employed by the law firm of Lafayette & Kumagai LLP, 100 Spear Street, Suite 600, San Francisco, California 94105. I am readily familiar with the business practices of this office. I am at least eighteen years of age and am not a party to this action.

On October 15, 2007, by electronic transmission via LexisNexis File & Serve, I caused to be served a copy of the following:

**REQUEST FOR DISMISSAL**

on the interested parties registered for e-filing in these cases.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct. Executed on this 15th day of October, 2007 at San Francisco, California.

*Linda L. Rich*
Linda L. Rich

---

PROOF OF SERVICE BY ELECTRONIC FILING (Case No. JCCP No. 4368)