WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
LAW OFFICES OF WAUKEEN Q. McCOY
The Central Tower
703 Market Street, Suite 1407
San Francisco, California 94103
Telephone (415) 675-7705
Facsimile (415) 675-2530

Attorney for Plaintiff
JOYCE JONES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE JONES, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> AT&T, a corporation doing business in California; PACIFIC BELL TELEPHONE COMPANY; STEPHANIE CHANDLER, an individual; CINDY TSUE, an individual; GABRIEL REYES, an individual; <br><br> Defendants. | Case No. C 07-03888 PVT <br><br> UNLIMITED JURISDICTION <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANT AT&T'S ADMINISTRATIVE APPLICATION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S AMENDED COMPLAINT** |

Plaintiff, through her counsel of record herein, hereby opposes Defendant AT&T's Administrative Application to Extend Time to Respond to Plaintiff's Amended Complaint. This opposition is based on the Memorandum of Points and Authorities in Opposition and the attached Declaration of Spencer Smith ("Smith Declaration") in opposition.

///

///

OPPOSITION TO APPLICATION FOR ADMINISTRATIVE RELIEF

1

## I. FACTUAL BACKGROUND

On November 21, 2007 Plaintiff filed a First Amended Complaint naming AT&T as a Defendant. (Docket # 6). Defendant AT&T was served with the First Amended Complaint on November 26, 2007 (Docket # 11), with a responsive pleading due December 16, 2007. Id. That day came and went with no responsive pleading filed.

Then on January 4, 2008, counsel for Defendants, 19 days after a response was due, counsel for Defendant called for an extension of time, and requested that AT&T be dismissed (Kumagai Decl, ¶ 8 ). Plaintiff's counsel stated that he would check with the client and Mr. McCoy to determine whether an extension would be given. (Smith Decl., ¶4, Exhibit "A").

## II. LAW AND ARGUMENT

**A. Counsel for Plaintiff Never Stipulated to Dismissal Nor Extension.**

Defendant's motion should be denied because it is based on a false premise: that counsel for Plaintiff agreed to an extension of time for Defendant to file a responsive pleading. As set forth in the Smith Declaration, counsel made no such agreement, and was asking for proof that Defendant AT&T was never Plaintiff's employer under Title VII (Smith Decl., ¶3). Furthermore, Defendant AT&T has demonstrated no prejudice flowing from the alleged agreement. AT&T should simply answer the complaint. Counsel for Plaintiff has indicated that default would not be entered if an answer was filed in a reasonable amount of time.

Defendant does not offer a written stipulation because counsel did not enter into a stipulation of any kind (Smith Decl, ¶4). That fact is evidenced by the letter sent by counsel for Plaintiff on January 9, 2008, in which Plaintiff specifically denied the request to dismiss AT&T and denied the request for an extension. (Exhibit "A" to Smith Decl.).

Upon learning of the pending Application, counsel for Plaintiff wrote a letter to opposing counsel, Ms. Kumagai, demanding that she withdraw her application because it is based upon a falsehood, that Plaintiff's counsel stipulated to an extension of time or to the dismissal of AT&T. (Exhibit "B" to Smith Decl.). The gamesmanship demonstrated by counsel for the defense has

OPPOSITION TO APPLICATION FOR ADMINISTRATIVE RELIEF

required Plaintiff's counsel to request that all future communications with Ms. Kumagai be in writing, or with a Court reporter.

### B. Defendant Has Shown No Excusable Neglect.

In order to obtain the administrative relief requested by Defendants, there must be a showing of excusable neglect. Federal Rule of Civil Procedure ("FRCP") 6(b)(2) provides that the court may enlarge the specified time period for an act "upon motion made after the expiration of the specified period ... where the failure to act was the result of excusable neglect." The text of FRCP 6(b) places the burden of showing "excusable neglect" on the party moving for an enlargement of time. *Marshall v. Gates*, 812 F.Supp. 1050, 1053 (C.D.Cal.1993) (although plaintiff's attorney claimed that the combination of his engagement in trial and his clients incarceration made it physically impossible to comply with the prescribed deadline, the court concluded that "neither of these two excuses singularly or in combination constitute excusable neglect to justify the untimely filing"), rev'd on other grounds, 39 F.3d 1046 (1994).

The inquiry for the Court in determining excusable neglect "is an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The relevant factors include "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 (9th Cir.1996). Here, Defendant has shown none of these factors.

Here, Defendants have shown absolutely no cause why they did not answer the complaint when it was due on December 16, 2007. As a professional courtesy, counsel for Plaintiff informed defense counsel that Plaintiff would not enter a default if an answer was filed and served in a reasonable amount of time (Smith Decl., ¶3). The answer was due December 16, 2007. Counsel for Defendants offer no cogent reason why they could not file an answer at that time. Instead, weeks after a response is due, Defense counsel requests an extension of time. That is not good faith; Defendant has failed to meet its burden.

OPPOSITION TO APPLICATION FOR ADMINISTRATIVE RELIEF

Defendant has demonstrated no prejudice from having to file an answer in this matter. As such, the application for administrative relief should be denied.

Dated:  JANUARY 15, 2008					LAW OFFICES OF WAUKEEN McCOY

						By	      /S/Waukeen McCoy
							Waukeen Q. McCoy
							Attorneys for Plaintiff
							Joyce Jones

OPPOSITION TO APPLICATION FOR ADMINISTRATIVE RELIEF