LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
SUSAN T. KUMAGAI (State Bar No. 127667)
DENNIS W. HAYASHI (State Bar No. 087077)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:  (415) 357-4600
Facsimile:   (415) 357-4605

Attorneys for Defendant
AT&T Corp.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE JONES, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AT&T, a corporation doing business in California; PACIFIC BELL TELEPHONE COMPANY; STEPHANIE CHANDLER, an individual; CINDY TSUEI, an individual; GABRIEL REYES, an individual,<br><br>Defendants. | Case No. C07-3888 JF<br><br>**DEFENDANT AT&T CORP.'S MOTION TO DISMISS AMENDED COMPLAINT AND REQUEST FOR SANCTIONS**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>Date:          March 28, 2008<br>Time:         9:00 a.m.<br>Courtroom: 5, 4th Floor<br>Judge:        Hon. Jeremy Fogel |

## NOTICE OF MOTION AND MOTION TO DISMISS

TO PLAINTIFF AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on March 28, 2008, at 9:00 a.m., before the Honorable Jeremy Fogel, in Courtroom 3, 280 South First Street, San Jose, California 95113, AT&T Corp. ("Defendant") will move and does hereby move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the First Amended Complaint For Damages ("Complaint") filed by plaintiff Joyce Jones ("Plaintiff") against AT&T Corp. Defendant further moves to dismiss Plaintiff's claim under the Family Medical Leave Act.

1

This motion is made on the ground that the Plaintiff has failed to state a claim upon which relief can be granted because she has not and cannot state a cause of action against AT&T Corp. In addition, Plaintiff ran the applicable statute of limitation for her claim under the Family Medical Leave Act.

This motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the pleadings and papers filed in this action, documents upon which Defendant requests the Court take judicial notice and upon such other evidence or argument that may be presented to the Court at or before the hearing on this motion.

## ISSUES TO BE DECIDED

1. Whether AT&T Corp., a separate legal entity from Plaintiff's former employer Pacific Bell Telephone Company, can be sued by Plaintiff for employment discrimination and intentional Infliction of Emotional Distress.

2. Whether Plaintiff ran the applicable statute of limitations for filing a claim under the Family Medical Leave Act.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff Joyce Jones ("Plaintiff") filed the subject lawsuit on July 30, 2007, against AT&T Corp. and several individuals. Plaintiff is suing for race discrimination under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, (42 U.S.C. 1983, 2000(e)) and the California Fair Employment and Housing Act ("FEHA") (Govt. Code 12940, et seq.); violation of the Family Medical Leave Act (29 U.S.C. §§ 2614, et seq.) ("FMLA"); and Intentional Infliction of Emotional Distress.

After being informed that Pacific Bell Telephone Company was Plaintiff's employer and the proper corporate Defendant, Plaintiff filed a First Amended Complaint adding Pacific Bell Telephone Company ("Pacific Bell") as a Defendant on November 21, 2007 ("Complaint"). However, Plaintiff did not dismiss AT&T Corp. and instead served it with Summons and Complaint despite knowledge that the entity was not Plaintiff's employer.

Because AT&T Corp. was never Plaintiff's employer, it has no liability to Plaintiff for employment discrimination and/or intentional torts. Therefore, AT&T Corp. should be dismissed from this action.

Further, Plaintiff filed her lawsuit over one year after the statute of limitations ran on her FMLA claim. Therefore, Plaintiff's claim for violation of the FMLA must be dismissed.

## II. STATEMENT OF FACTS AND COMPLAINT ALLEGATIONS

### A. Plaintiff Was Employed by Pacific Bell Telephone Company.

Plaintiff alleges she was hired by "AT&T and/or PACBELL" on August 14, 2000, as a Collection Representative. (Complaint at ¶ 10.) As a Collection Representative, Plaintiff was a member of the Communication Workers of America ("CWA"). The terms and conditions of her employment were covered by the Contract between Pacific Bell and CWA (the "CBA"). (Complaint at ¶ 24; Pertinent portions of the 1998 and 2004 CBA, RJN, Exh. "A").[1]

### B. Plaintiff's FMLA Claim.

On January 13, 2003, Plaintiff "filed a complaint with her employer, 'AT&T and/or PACBELL'" alleging Stephanie Chandler was discriminating against her. (Complaint at ¶ 11) Plaintiff alleges that from April 30, 2003, to approximately June 15, 2003, the benefits to which she was "entitled while on Family Medical Leave were terminated by Alysia Evans and 'AT&T and/or PACBELL.'" (Complaint at ¶ 14)

On or about August 4, 2003, Plaintiff filed a complaint with the California Department of Fair Employment and Housing ("2003 DFEH Charge"). (Complaint at ¶ 15; Complaint of Discrimination Under the Provisions of the California Fair Employment and Housing Act, RJN, Exhibit "B").[2] In her 2003 DFEH charge, Plaintiff alleged that shortly after January 13, 2003,

---

[1] AT&T respectfully requests the Court take judicial notice of the pertinent CBA, Exhibit "A," attached to AT&T's Request for Judicial Notice ("RJN"), filed herewith. See, e.g., Easton v. Siemens, 2007 WL 1500724, #1, fn. 5 (E.D. Cal. 2007) (taking judicial notice of collective bargaining agreement in evaluating motion to dismiss); Busey v. P.W. Supermarkets, Inc., 368 F.Supp.2d 1045, 1049-1050 (N.D. Cal. 2004) (same).

[2] Documents not physically attached to the complaint may be nonetheless considered by the court if the complaint refers to such documents, the document is central to plaintiff's claim, and no party questions the authenticity of the copy attached to the 12(b)(6) motion. (Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994.))

DEFENDANT AT&T CORP.'S MOTION TO DISMISS AMENDED COMPLAINT AND REQUEST FOR SANCTIONS
(Case No. C07-3888 JF)

3

she was wrongfully denied Family Medical Leave and counseled for poor attendance. Plaintiff named as her employer "SBC (Pacific Bell)." (Id.)

### C. Plaintiff's Race Discrimination Claim.

More than 2 years later, on October 20, 2005, plaintiff allegedly reported to a company Equal Employment Officer about "what she believed to be discrimination by" Cindy Tsuei and Stephanie Chandler and, as a result, was subjected to retaliation by being issued a reprimand for "courtesy complaints" and by requiring Plaintiff to take a "Rate of Speech" test. (Complaint at ¶ 17)

Plaintiff alleges that she was suspended from March 8, 2007 to March 12, 2007 based on a "Courtesy Claim" by a customer without first being given a chance to give her side of what took place during the call with the customer. She further alleges that "[a]ccording to representations by Defendant Tsuei, Ms. Tsuei spoke to the customer on March 6, 2007, about Ms. Jones, without a union representative present – a violation of the CBA." (Complaint at ¶ 24.)

In or about September 2007, Plaintiff filed an unemployment claim with the California Employment Development Department ("EDD") relating to her "suspension" ("EDD Claim"). Her EDD claim identified "Pac Bell Telephone Co." as her employer. (Notice of Unemployment Insurance Claim, RJN, Exh. "C")[3]

### D. Plaintiff's Knowledge That AT&T Corp. Was Not Her Employer.

On July 30, 2007, Plaintiff filed the underlying lawsuit naming AT&T Corp., Cindy Tsuei, Stephanie Chandler and Gabriel Reyes. As a result of being informed that the Plaintiff's employer for purposes of the lawsuit is Pacific Bell Telephone Company, Plaintiff filed an Amended Complaint adding Pacific Bell Telephone Company as a Defendant on or about November 21, 2007.

---

[3] A court may take judicial notice of "records and reports of administrative bodies." Therefore, on a motion to dismiss, the court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(c) motion to one for summary judgment. (Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

On November 26, 2007, Plaintiff served AT&T Corp. with a Summons and Amended Complaint through its corporate agent for service of process. (Proof of Service, RJN, Exh. "D.")[4]

On January 4, 2008, Defendant sent copies of Plaintiff's W-2 Forms to Plaintiff's counsel pursuant to his request. The W-2 forms identified Pacific Bell as Plaintiff's employer. (Administrative Application to Extend Time to Respond to Plaintiff's Amended Complaint, RJN, Exh. "E"; Plaintiff's Opposition to Administrative Application, RJN, Exh. "F.")[5]

### III. ARGUMENT

#### A. AT&T Corp. Was Not Plaintiff's Employer And Is Not Liable To Plaintiff For Employment Discrimination.

A motion to dismiss may be brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, based on the Plaintiff's failure to state a claim upon which relief can be granted. Where it appears beyond doubt that the Plaintiff can prove no set of facts as against one Defendant which would entitle her to relief, it is proper to dismiss the complaint against such Defendant for failure to state a claim. (Carroll v. National Car Rental Systems, Inc., 367 F.Supp. 474, 476 (Tenn. 1973).).

Title VII, 42 U.S.C. 2000 e-2, prohibits racial discrimination by an <u>employer</u> against an <u>employee</u>. Only the <u>employers</u> can be held liable for discrimination under Title VII. (Dandridge v. Chromcraft Corp., 914 F.Supp. 1396, 1403 (N.D. Miss. 1996).) In order to establish a prima facie case for claims under Title VII and 42 U.S.C. § 1981, a plaintiff must prove that the defendant is, or was, her employer. (Spaulding v. NW Hospitality Investment Co., LLC, 209 F.Supp.2d 1149, 1151 (Kansas 2002); Lockard v. Pizza Hut, Inc., 162 F.3d 1062, 1069 (10th Cir. 1998).) Similarly, FEHA prohibits "an employer" from discriminating against an employee. (Govt. Code § 12940(a).)

---

[4] A court may take judicial notice of its own records. (See, e.g., Shuttlesworth v. City of Birmingham, 394 U.S. 147, 157 (1969); Hymes v. Procvnier, 428 F.2d 824, (9th Cir. 1970.)

[5] Id.

DEFENDANT AT&T CORP.'S MOTION TO DISMISS AMENDED COMPLAINT AND REQUEST FOR SANCTIONS
(Case No. C07-3888 JF)

5

1   Also, the FMLA prohibits an employer from interfering with or discriminating against an employee exercising her FMLA rights. (29 U.S.C. §§ 2615, 2617).

Plaintiff admits that she was employed by Pacific Bell as a Collection Representative. All of her allegations are pled against "PACBELL." Moreover, Plaintiff was a member of the CWA and the terms and conditions of her employment were covered by the agreement between Pacific Bell and CWA. Plaintiff also filed a claim with the DFEH in 2003 identifying her employer as Pacific Bell and filed a claim for unemployment with the EDD against Pacific Bell. Indeed, Plaintiff's own W-2 forms which have been provided to her show that her employer was Pacific Bell.

By Plaintiff's allegation and evidence properly considered by the Court, Plaintiff has failed to state a claim upon which relief can be granted against AT&T Corp. Further, Plaintiff's artful pleading alleging her employer is "AT&T and/or PACBELL," does not overcome her inability to state a claim against AT&T Corp.

AT&T Corp. is a separate legal entity from Pacific Bell. AT&T Corp. is incorporated in the state of New York and Pacific Bell is incorporated in the state of California. (Secretary of State filings, RJN, Exh. G.) AT&T Corp. was never Plaintiff's employer. Therefore, AT&T Corp. has no liability to Plaintiff for employment discrimination under Title VII, FEHA, the FMLA and/or 42 U.S.C. § 1981 and the Complaint should be dismissed against it, without leave to amend.

**B.     AT&T Corp. is Not Liable to Plaintiff for Intentional Infliction of Emotional Distress.**

A plaintiff may not bring a tort claim unless she establishes a legal duty owed to her by the defendant. (*See, e.g.*, 5 Witkin, *Summary of California Law*, Torts § 6 at 48-49 (10th ed. 2005) ["A tort, whether intentional or negligent, involves a violation of a legal duty, imposed by statute, contract or otherwise, owed by the defendant to the person injured."]; *Ann M. v. Pacific Plaza Shopping Ctr.* (1993) 6 Cal. 4th 666, 673 ["An action in negligence requires a showing that the defendant owed the Plaintiff a legal duty."]) Where a Plaintiff cannot allege facts supporting the existence of a duty owed directly to the Plaintiff, the action must be dismissed. (*Amaya v.*

*Home Ice, Fuel, and Supply Co.* (1963) 59 Cal. 2d 295, 307; *see also Software Design and Application, Ltd. v. Hoefer & Arnett, Inc.,* (1996) 49 Cal. App. 4th 472, 478 (holding that a court may sustain a demurrer on the ground that no legal duty exists between the Plaintiff and the Defendant).

AT&T Corp. is a separate legal entity from Pacific Bell. AT&T Corp. was not Plaintiff's employer and had no legal duty to Plaintiff. Plaintiff has not, and cannot, allege any facts that would give rise to a duty of care by AT&T Corp. Therefore, AT&T Corp. should be dismissed.

### C.  Plaintiff Ran the Statute of Limitations for Her FMLA Claim.

An employee whose FMLA rights have been violated has the choice of (1) filing a complaint with the Secretary of Labor, or (2) filing a private lawsuit. (29 C.F.R. §825.400(a)). If the employee files a private lawsuit, it must be filed within two years after the last action which the employee contends was in violation of the Act, or three years if the violation was willful. (29 C.F.R. § 825.400(b)).

In her 2003 DFEH charge, Plaintiff alleged that she was denied Family Medical Leave on February 26, 2003, and that benefits she was entitled to while on Family Medical Leave (April 30, 2003 to approximately June 15, 2003) were terminated. Even assuming, <u>arguendo</u>, Plaintiff could allege a willful violation of FMLA, she had three years to file a timely lawsuit, or until June 14, 2006. Plaintiff filed the underlying complaint on July 30, 2007. Plaintiff's FMLA complaint was filed more than four years after the last action she alleges violated the FMLA and more than one year after the running of the statute of limitations.

As a result, the Plaintiff's FMLA complaint must be dismissed.

### D.  Sanctions Are Warranted.

Plaintiff knew that Pacific Bell was her employer, not AT&T Corp. She had every opportunity to dismiss AT&T Corp. and pursue this action against the proper defendant, her employer Pacific Bell Telephone Company. However, she refused to do so. Defendant respectfully requests that it be awarded the fees and costs it has incurred for being forced to file the subject motion.

## IV. CONCLUSION

Because Plaintiff has not and cannot allege facts sufficient to state a claim against AT&T Corp., it respectfully requests that the Court sustain the motion to dismiss, without leave to amend. Further, Plaintiff ran the statute of limitation to file a FMLA claim. Therefore, this claim should be dismissed, without leave to amend, as well.

DATED: February 8, 2008

LAFAYETTE & KUMAGAI LLP

/s/ *Susan T. Kumagai*
SUSAN T. KUMAGAI
Attorneys for Defendant
AT&T INC.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

## CERTIFICATE OF SERVICE

I certify that a copy of this document was served electronically on February 8, 2008 on counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by use of the Court's ECF system.

/s/ *Susan T. Kumagai*

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

9

DEFENDANT AT&T CORP.'S MOTION TO DISMISS AMENDED COMPLAINT AND REQUEST FOR SANCTIONS
(Case No. C07-3888 JF)