# Exhibit E

1  LAFAYETTE & KUMAGAI LLP
   GARY T. LAFAYETTE (State Bar No. 088666)
2  SUSAN T. KUMAGAI (State Bar No. 127667)
   DENNIS W. HAYASHI (State Bar No. 087077)
3  100 Spear Street, Suite 600
   San Francisco, California 94105
4  Telephone:   (415) 357-4600
   Facsimile:    (415) 357-4605
5
   Attorneys for Defendant
6  AT&T CORP.

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  JOYCE JONES, an individual,                Case No. C07-3888 PVT

12              Plaintiff,

13  vs.                                        **DEFENDANT AT&T CORP.'S
                                               ADMINISTRATIVE APPLICATION
14  AT&T, a corporation doing business in      TO EXTEND TIME TO RESPOND TO
    California; PACIFIC BELL TELEPHONE         PLAINTIFF'S AMENDED
15  COMPANY; STEPHANIE CHANDLER, an            COMPLAINT**
    individual; CINDY TSUE, an individual;
16  GABRIEL REYES, an individual,

17              Defendants.

18

19              **I.      INTRODUCTION**

20          Defendant AT&T Corp. ("Defendant" or "AT&T Corp.") respectfully requests an

21  extension of time for the filing of a responsive pleading to the Amended Complaint filed by

22  Plaintiff Joyce Jones ("Plaintiff") such that Defendant's responsive pleading is due on February

23  8, 2008.[1]

24          Defendant has no alternative but to seek judicial relief because Plaintiff's counsel has

25  twice entered into verbal agreements – both of which were memorialized in confirming letters –

26  with Defendant's counsel to dismiss AT&T Corp. and then later refused to abide by those

27  _____

28  [1] By this request, AT&T Corporation does not waive its right to seek dismissal based on lack of jurisdiction

                                                                                              1
_____
DEFENDANT AT&T CORP.'S ADMINISRATIVE APPLICATION FOR EXTENSION OF TIME
TO RESPOND TO PLAINTIFF'S AMENDED COMPLAINT (Case No. C07-3888 PVT)        **Exhibit E**

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1   agreements. Thereafter, Plaintiff's counsel refused to stipulate to an extension of time for

2   Defendant to file a responsive pleading. Plaintiff's counsel's second broken promise occurred

3   after what would have been the due date for Defendant's responsive pleading. Defendant thus

4   seeks an extension of time such that its responsive pleading will be due on February 8, 2008.

5                                   **II.   DISCUSSION**

6          Plaintiff originally filed her Complaint in this case on or about July 30, 2007, and named

7   "AT&T," Stephanie Chandler, Cindy Tsue and Gabriel Reyes as defendants. Plaintiff did not

8   serve the summons and Complaint on "AT&T." (Declaration of Susan T. Kumagai in Support

9   of Defendant AT&T Corp.'s Administrative Application to Extent Time to Respond to Plaintiff's

10  Amended Complaint (hereafter "Kumagai Dec.") at ¶2 and attached Exhibit A.)

11         On or about October 30, 2007, Defendant's counsel contacted Plaintiff's counsel and

12  advised that Plaintiff's former employer – and thus the correct corporate defendant in this case –

13  is Pacific Bell Telephone Company ("Pacific Bell"), and not AT&T Corp. (Kumagai Dec. at ¶3.)

14  Defendant's counsel and Plaintiff's counsel reached an agreement such that Plaintiff would

15  voluntarily dismiss AT&T Corp., and amend the Complaint to name Pacific Bell in place of

16  AT&T Corp. (*Id.*) Defendant's counsel sent Plaintiff's counsel an October 31, 2007 letter

17  memorializing their agreement. (Kumagai Dec. at ¶3 and attached Exhibit B.)

18         Some two weeks later, on or about November 16, 2007, Plaintiff's counsel left a voice

19  message stating that he intended to "add" Pacific Bell as a defendant, and that he intended to

20  represent to the court in a Case Management Conference Statement (to be filed the same day) that

21  Defendant's counsel would accept service on behalf of Pacific Bell. (Kumagai Dec. at ¶4.)

22         Defendant's counsel returned Plaintiff's counsel's call, and reiterated the parties' prior

23  agreement, which was that Plaintiff would dismiss AT&T Corp. and amend the complaint to

24  name Pacific Bell as the proper defendant. (Kumagai Dec. at ¶5 and attached Exhibit C.)

25  Plaintiff's counsel stated that he would not dismiss AT&T Corp., and that he was adding Pacific

26  Bell as a "Doe." (*Id.*)

27         On or about November 21, 2007, Plaintiff's counsel – in direct contravention of his prior

28  agreement with Defendant's counsel – filed an Amended Complaint that named AT&T, Pacific

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

                                                                                                    2

1 | Bell Telephone Company, Stephanie Chandler, Cindy Tsue and Gabriel Reyes as defendants
2 | (Kumagai Dec. at ¶6 and attached Exhibit D.)

3 | On November 26, 2007, Plaintiff attempted service of the Amended Complaint on the
4 | corporate agent for service for AT&T Corp. (Kumagai Dec. at ¶7.)

5 | On January 4, 2008, Defendant's counsel called Plaintiff's counsel and Plaintiff's counsel
6 | stated he would dismiss AT&T Corp. if Defendant's counsel could provide him with
7 | documentation to show that AT&T Corp. was not Plaintiff's employer, e.g., "pay stubs."
8 | (Kumagai Dec. at ¶8.) Defendant's counsel sent a January 4, 2008 letter memorializing the
9 | parties' agreement. (Kumagai Dec. at ¶8 and attached Exhibit E.) Enclosed with Defendant's
10 | counsel January 4, 2008 letter, were copies of W-2 Forms evidencing that Pacific Bell was
11 | Plaintiff's employer. (Id.) Defendant's counsel's January 4, 2008 letter asked that Plaintiff's
12 | counsel "dismiss AT&T Corporation as agreed." (Id.) Also enclosed with Defendant's counsel's
13 | January 4, 2008 letter was a stipulation to extend the time for AT&T Corp. to respond to the
14 | Amended Complaint so as to allow the parties to resolve the foregoing issues. (Id.)

15 | On or about January 9, 2008, Plaintiff's counsel sent Defendant's counsel a letter stating
16 | that he would not dismiss AT&T Corp. and that he would not sign the stipulation to extend the
17 | time for a responsive pleading – again in direct contravention of his prior agreement with
18 | Defendant's counsel. (Kumagai Dec. at ¶9 and attached Exhibit F.)

19 | As Plaintiff's counsel has twice gone back on his word, Defendant has no alternative but
20 | to seek a Court order for an extension of time for a responsive pleading.

21 | Defendant has not previously requested any extension of time. (Kumagai Dec. at ¶10.)
22 | Although Defendant has not been served with a current Case Management Conference
23 | order, Defendant does not believe that the requested extension of time would have a negative
24 | effect on the case schedule. (Kumagai Dec. at ¶11.)

25
26
27
28

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

### III.   CONCLUSION

For the foregoing reason, Defendant respectfully requests that the date for its responsive pleading to Plaintiff's Amended Complaint be extended to February 8, 2008.


DATED:  January 14, 2008                    LAFAYETTE & KUMAGAI LLP


                                            /s/ Susan T. Kumagai
                                            SUSAN T. KUMAGAI
                                            Attorneys for Defendant
                                            AT&T CORP.


I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this efiled document.


### CERTIFICATE OF SERVICE

I certify that a copy of this document was served electronically on January 14, 2008 on counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by use of the Court's ECF system.

                                            /s/ Susan T. Kumagai

4

DEFENDANT AT&T CORP'S ADMINISRATIVE APPLICATION FOR EXTENSION OF TIME
TO RESPOND TO PLAINTIFF'S AMENDED COMPLAINT (Case No C07-3888 PVT)

1  LAFAYETTE & KUMAGAI LLP
   GARY T. LAFAYETTE (State Bar No. 088666)
2  SUSAN T. KUMAGAI (State Bar No. 127667)
   DENNIS W. HAYASHI (State Bar No. 087077)
3  100 Spear Street, Suite 600
   San Francisco, California 94105
4  Telephone:  (415) 357-4600
   Facsimile:  (415) 357-4605
5
   Attorneys for Defendant
6  AT&T CORP.

7

8                 UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 JOYCE JONES, an individual,                  Case No. C07-3888 PVT

12            Plaintiff,
                                                **DECLARATION OF SUSAN T.**
13 vs.                                          **KUMAGAI IN SUPPORT OF**
                                                **DEFENDANT AT&T CORP.'S**
14 AT&T, a corporation doing business in        **ADMINISTRATIVE APPLICATION**
   California; PACIFIC BELL TELEPHONE           **TO EXTEND TIME TO RESPOND TO**
15 COMPANY; STEPHANIE CHANDLER, an             **PLAINTIFF'S AMENDED**
   individual; CINDY TSUE, an individual;       **COMPLAINT**
16 GABRIEL REYES, an individual,

17            Defendants.

18

19 I, Susan T. Kumagai, state and declare:

20        1.    I am a partner in the law firm of Lafayette & Kumagai LLP, attorneys of record

21 for Defendant AT&T Corp. ("Defendant" or "AT&T Corp."). I make this Declaration in support

22 Defendant's Administrative Application To Extend Time To Respond to Plaintiff Joyce Jones'

23 ("Plaintiff") Amended Complaint. I have personal knowledge of the facts set forth herein and if

24 called to testify, could and would competently testify thereto under oath.

25        2.    A true and correct copy of the Complaint originally filed in this action on or about

26 July 30, 2007 is hereto attached as Exhibit A. Plaintiff never served the Summons or original

27 Complaint on AT&T Corp.

28                                                                              1

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
FAX (415) 357-4605
(415) 357-4600

1    3.    On or about October 30, 2007, I contacted Plaintiff's counsel, Spencer Smith of

2    the Law Offices of Waukeen McCoy, and advised that Plaintiff's former employer – and thus the

3    correct corporate defendant in this case – is Pacific Bell Telephone Company ("Pacific Bell"),

4    and not AT&T Corp. Mr. Smith and I agreed that Plaintiff would voluntarily dismiss AT&T

5    Corp., and amend the Complaint to name Pacific Bell in place of AT&T Corp. I sent Mr. Smith

6    an October 31, 2007 letter memorializing our conversation and agreement. A true and correct

7    copy of my October 31, 2007 letter to Mr. Smith is hereto attached as Exhibit B.

8    4.    On or about November 16, 2007, Mr. Smith left a voice message for Diane Kong,

9    an attorney in our firm, stating that he intended to "add" Pacific Bell as a defendant, and that he

10   intended to represent to the court in a Case Management Conference Statement (to be filed the

11   same day) that our firm would accept service on behalf of Pacific Bell.

12   5.    On or about November 16, 2007, I returned Mr. Smith's call and reiterated our

13   agreement, which was that Plaintiff would dismiss AT&T Corp. and amend the complaint to

14   name Pacific Bell as the proper defendant. Mr. Smith told me that he would not dismiss AT&T

15   Corp., and that he was adding Pacific Bell as a "Doe." I sent Mr. Smith a November 16, 2007

16   letter memorializing our conversation. A true and correct copy of my November 16, 2007 letter

17   to Mr. Smith is hereto attached as Exhibit C.

18   6.    On or about November 21, 2007, an Amended Complaint was filed in this action.

19   A true and correct copy of the Summons and Amended Complaint is hereto attached as Exhibit

20   D.

21   7.    On November 26, 2007, Plaintiff attempted service of the Amended Complaint on

22   the corporate agent for service for AT&T Corp.

23   8.    On January 4, 2008, I called Mr. Smith, regarding AT&T Corp.'s dismissal. He

24   stated that if I provided him documentation to show that AT&T Corp. was not Plaintiff's

25   employer, e.g., pay stubs, he would dismiss AT&T Corp. I sent Mr. Smith a January 4, 2008

26   letter memorializing our agreement. Enclosed with my January 4, 2008 letter to Mr. Smith were

27   copies of W-2 Forms evidencing that Pacific Bell (and not AT&T Corp.) was Plaintiff's

28   employer. I also enclosed a stipulation to extend the time for AT&T Corp. to respond to the

2

DEC OF SUSAN T KUMAGAI ISO DEFENDANT AT&T CORP.'S ADMINSTRATIVE
APPLICATION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S AMENDED
COMPLAINT (Case No C07-3888 PVT)

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1    Amended Complaint to provide the parties time to resolve the matter. A true and correct copy of

2    my January 4, 2008 letter to Mr. Smith is hereto attached as Exhibit E.

3        9.    On or about January 9, 2008, Mr. Smith sent me a letter stating that he would not

4    dismiss AT&T Corporation and that he would not sign the stipulation to extend the time for a

5    responsive pleading. A true and correct copy of Mr. Smith's January 9, 2008 letter is hereto

6    attached as Exhibit F.

7        10.    Defendant has not previously requested any extension of time in this case.

8        11.    Although Defendant has not been served with a current Case Management

9    Conference order, I do not believe that the requested extension of time would have a negative

10    effect on the case schedule.

11        I declare under penalty of perjury that the foregoing is true and correct. Executed this 14th

12    day of January, 2008 in San Francisco, California.

13

14                    /s/ Susan T. Kumagai
15                    SUSAN T. KUMAGAI

16

17        I hereby attest that I have on file all holograph signatures for any
        signatures indicated by a "conformed" signature (/s/) within this
18        efiled document.

19

20                    **CERTIFICATE OF SERVICE**

21        I certify that a copy of this document was served electronically on January 14, 2008 on
        counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by
22        use of the Court's ECF system.

23

24                    /s/ Susan T. Kumagai

25

26

27

28                                                            3

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

# EXHIBIT A

COPY

1  WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
   LAW OFFICES OF WAUKEEN Q. McCOY
2  The Central Tower
   703 Market Street, Suite 1407
3  San Francisco, California 94103
   Telephone (415) 675-7705
4  Facsimile (415) 675-2530

5  Attorney for Plaintiff
   JOYCE JONES

6

7

ORIGINAL
FILED

JUL 3 0 2007

RICHARD W. WIEKING
CLERK US DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8                UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA        PVT

10

11 JOYCE JONES, an individual,                Case No.  C 07 3888

12         Plaintiff,                     UNLIMITED JURISDICTION

13                                        COMPLAINT FOR DAMAGES:

14     vs.                                  1.  RACIAL DISCRIMINATION 42 *U.S.C.*
                                                § 1981
15                                          2.  RACIAL DISCRIMINATION 42 *U.S.C.*
                                                § 2000
16 AT&T, a corporation doing business in     3.  RACIAL DISCRIMINATION Cal. *Gov't.*
17 California; STEPHANIE CHANDLER, an             *Code* § 12940
   individual; CINDY TSUE, an individual;  4.  HARASSMENT Cal. *Gov't. Code* §
18 GABRIEL REYES , an individual                 12940
                                            5.  RETALIATION Cal. *Govt. Code* § 12940
19         Defendants.                      6.  FAILURE TO TAKE ALL
                                                REASONABLE STEPS Cal. *Gov't Code*
20                                              § 12940;
                                            7   FAILURE TO MAINTAIN
21                                              ENVIRONMENT FREE FROM
22                                              HARASSMENT Cal. *Gov't Code* §
                                                12940;
23                                          8.  INTENTIONAL INFLICTION OF
                                                EMOTIONAL DISTRESS
24                                          9.  VIOLATION OF FAMILY MEDICAL
25                                              LEAVE ACT 29 *U.S.C.* §2917

26

27                                         JURY TRIAL DEMANDED

28

Complaint                           1              www.mccoylaw.com

EXHIBIT A

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3) and 42 U.S.C. § 1981. The action presents federal questions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended, and 42 U.S.C. § 1981. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over plaintiffs' claims under the California Fair Employment and Housing Act, Cal. Gov't. Code §§ 12940, *et seq.*

2.     Venue is proper in this district pursuant to 42 U.S.C. § 2000e5(f) and 28 U.S.C. § 1391 (b) & (c). All Plaintiff's claims arose in the Northern District of California, and the acts complained of herein occurred in this District and gave rise to the claims alleged. Defendant operates its business in the Northern District of California with corporate headquarters based in the County of Santa Clara.

Plaintiff alleges as follows:

### THE PARTIES

3.     Plaintiff JOYCE JONES ("Plaintiff" or "JONES") is an African-American female employed by defendant AT&T ("AT&T") as a Collection Representative.

4.     Plaintiff alleges that defendant AT&T ("AT&T" or "SBC") is a corporation doing business in California.

5.     Plaintiff alleges that defendant STEPHANIE CHANDLER ("CHANDLER") is an individual employed by AT&T as a Coach Leader at all times mentioned herein.

6.     Plaintiff alleges that defendant CINDY TSUE ("TSUE") is an individual employed by AT&T as Coach Leader at all times mentioned herein.

7.     Plaintiff alleges that defendant GABRIEL REYES ("REYES") is an individual employed by AT&T as Director at all times mentioned herein.

8.     Plaintiff alleges that at all times herein mentioned each of the defendants was acting as the partner, agent, servant, and employee of each of the remaining defendants, and in

1  doing the things alleged herein was acting within the course and scope of such agency and with

2  the knowledge of the remaining defendants.

3  <center>GENERAL ALLEGATIONS</center>

4      9.    Plaintiff began her employment with defendant AT&T on August 14, 2000, when

5  she was hired as a Collection Representative, earning $3900.00 per month

6      10.    On January 13, 2003, Plaintiff filed a complaint with her employer, AT&T,

7  regarding discriminatory treatment by defendant STEPHANIE CHANDLER.

8      11.    In retaliation for filing this complaint, but also because of her race and serious

9  health condition, Ms. Jones was subsequently harassed and subjected to differential treatment.

10  The retaliation included denying family medical leave to Ms Jones shortly after she filed this

11  complaint (on February 26, 2003). To that end, she was improperly charged with poor

12  attendance and counseled about her attendance on May 22, 2003, by Allysia Evans

13  (Administrative Manager). Immediately thereafter, she was disciplined for absences occurring

14  while she was on approved family medical leave as well as for alleged occurrences that per

15  company policy should have been removed from her record after one year. But non African-

16  American employees who had not filed complaints were not disciplined in the same manner.

17      12.    During the course of her employment, Ms. Jones was also racially harassed by

18  Bianca Mejia, co-worker. And nothing was done when she reported it to CHANDLER.

19      13.    From April 30, 2003, to approximately June 15, 2003, the benefits to which Ms.

20  Jones was entitled while on Family Medical Leave were terminated by Alysia Evans and SBC.

21      14.    In response to these new discriminatory acts, Ms. Jones filed a complaint in

22  August, 2003, with the California Department of Fair Employment and Housing for

23  discrimination based on race, disability and retaliation. This complaint was filed against SBC

24  (employer), STEPHANIE CHANDLER and Bianca Mejia (co-worker).

25      15.    Thereafter, Ms. Jones was continuously subjected to retaliation since the August

26  2003 complaint.

27      16.    On or about October 20, 2005, Ms. Jones reported to the Equal Employment

28  Officer what she believed to be discrimination by defendants CINDY TSUE and STEPHANIE

Complaint                  3              www.mccoyslaw.com

1   CHANDLER, and as a result she was once again subjected to retaliation for reporting this

2   treatment. Additionally, the number of reprimands she received from her supervisors for alleged

3   "courtesy complaints" significantly increased after this latest filing. To that end, each courtesy

4   complaint Plaintiff received was placed in her file without her being allowed to review them or

5   provide any rebuttal. She was also the only employee required to take a "Rate of Speech" test

6   and threatened with suspension for refusing to take it or failing it. Indeed, although her co-

7   workers Juan Sanchez and Kirsty Miramontes—both non-African American—also received

8   "courtesy complaints,"—the complaints were not all placed in their personnel file and these

9   people were not required to take the "Rate of Speech" test under threat of suspension.

10      17.    Additionally, Ms. Jones' seniority was usurped and given to Jesus Hernandez for

11   several years even though she had more seniority than him. And Ms. Jones was not recognized

12   for achievements in the workplace in the same manner as her non-African American employees.

13      18.    Company policies such as Customer Courtesy Complaints and Prohibited Use of

14   Exccustar Messaging system for non-work related messages are inconsistent and are enforced at

15   the discretion of Coach Leaders. To that end, these policies are overwhelmingly enforced more

16   against African American employees who violate them than against similarly-situated non-

17   African American employees.

18      19.    On or about August 16, 2006, Ms. Jones reported retaliatory treatment by TSUE

19   to defendant REYES and harassment by a customer, but once again nothing was done to correct

20   the situation.

21      20.    In October 2006, Ms. Jones filed a second complaint with the Department of Fair

22   Employment and Housing, complaining about all the afore-mentioned acts.

23      21.    From January 2006 until present, Ms. Jones has been alienated from the rest of the

24   section members as a result of the hostile environment. To that end, she was assigned a specific

25   seat while other representatives sit where they want.

26      22.    On January 29, 2007, defendant TSUE observed Ms. Jones on all 6 calls at once,

27   when the general rule has been that she does 3 calls and another manager cross-observes the

28   other 3 calls.

23.     Finally. Ms. Jones was suspended by defendant TSUE from March 8, 2007, to March 12, 2007, on a "courtesy claim" by a customer without first being given a chance to give her side of what took place during the call with the customer. According to representations by defendant TSUE, Ms. Tsue spoke to the customer on March 6, 2007, about Ms. Jones, without a union representative present—a violation of the CBA. For her part, Ms. Jones never received any paperwork about either the suspension or the courtesy complaint.

24.     In connection with her suspension, Plaintiff was treated "as a criminal." For example, on the date of her suspension, defendant TSUE went and got someone to watch Ms. Jones when she was leaving the office. And although defendant TSUE welcomed Ms. Jones back to work, Ms. Tsue still wanted to walk Ms. Jones down to the training area. And to this day, when Ms. Jones arrives at the building to begin work, she has to sit at security until a manager comes to get her for security reasons.

25.     Ms. Jones was then put on "warning of dismissal" due to a courtesy complaint and was advised that she could not participate in AUTS, which meant that she could not transfer into another department for more pay or for better-paying position for the next 12 months. She also was forced to go through customer-service training. And after Ms. Jones completed the training, defendant TSUE still admonished her about doing her job.

## FIRST CAUSE OF ACTION: RACIAL DISCRIMINATION

### 42 U.S.C. § 1981

(Against Defendant AT&T)

26.     Defendants, through their agents and employees engaged in a pattern and practice of unlawful racial discrimination in violation of 42 U.S.C. § 1981 in connection with the terms and conditions of Ms. Jones' employment.

27.     At all relevant times, defendants had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination. As a result of the hostile and offensive work environment perpetrated and

1   maintained by defendants, and defendants' failure to protect Ms. Jones from further

2   discrimination, she suffered severe emotional distress

3       28.    As a direct and proximate result of the willful, knowing, and intentional

4   discrimination against Ms Jones, and the failure to act by defendants, she has suffered mental

5   distress, anguish, and indignation. She is thereby entitled to general and compensatory damages

6   in an amount to be proven at trial.

7       29.    Defendants' acts alleged herein are malicious, oppressive, despicable and in

8   conscious disregard of Ms. Jones' rights.  As such, punitive damages are warranted against

9   defendants in order to punish and make an example of their action.

10

11          **SECOND CAUSE OF ACTION:  RACIAL DISCRIMINATION**

12                  *42 U.S.C. § 2000 et seq.*

13                  (Against Defendant AT&T)

14      30.    Defendants, through their agents and employees engaged in a pattern and practice

15   of unlawful racial discrimination in violation of 42 *U.S.C.* § 2000 *et seq.* in connection with the

16   terms and conditions of Plaintiff's employment

17      31.    At all relevant times, defendants had actual and constructive knowledge of the

18   discriminatory conduct described and alleged herein, and condoned, ratified and participated in

19   the discrimination. As a result of the hostile and offensive work environment perpetrated and

20   maintained by defendants, and defendants' failure to protect Ms. Jones from further

21   discrimination, she suffered severe emotional distress.

22      32.    As a direct and proximate result of the willful, knowing, and intentional

23   discrimination against Ms. Jones, and the failure to act by defendants, she has suffered mental

24   distress, anguish, and indignation.  She is thereby entitled to general and compensatory damages

25   in an amount to be proven at trial.

26      33.    Defendants' acts alleged herein are malicious, oppressive, despicable and in

27   conscious disregard of Ms. Jones' rights.  As such, punitive damages are warranted against

28   defendants in order to punish and make an example of their action.

Complaint                           6                    www.mccoylaw.com

1

2          THIRD CAUSE OF ACTION: RACIAL DISCRIMINATION

3                        Cal. *Govt. Code* § 12940.

4                          (Against Defendant AT&T)

5          34.    Defendants, by and through their agents and management level employees.

6    engaged in a continuing pattern and practice of unlawful racial discrimination in violation of

7    California *Government Code* § 12940 *et seq.* in connection with Ms. Jones' work assignments.

8    promotion and the terms and conditions of Ms. Jones' employment, by failing to promote and

9    raise the rate of compensation of Ms. Jones when she applied for and was otherwise qualified for

10   a job position. Despite her ample qualifications, she was denied promotion and a pay raise on the

11   basis of her race.

12         35.    At all relevant times, defendants had actual and constructive knowledge of the

13   discriminatory conduct described and alleged herein, and condoned, ratified and participated in

14   the discrimination. As a result of defendants' pattern and practice of unlawful discrimination.

15   Ms. Jones suffered severe emotional distress, humiliation, indignity and loss of income in an

16   amount provable at the time of trial.

17         36.    As a direct and proximate result of the willful, knowing, and intentional

18   discrimination against Ms. Jones, and the failure to act by defendants in an effort to remedy said

19   discrimination, she has suffered mental distress, anguish, and indignation. She is thereby entitled

20   to general and compensatory damages in an amount to be proven at trial.

21         37.    Defendants' acts alleged herein are malicious, oppressive, despicable and in

22   conscious disregard of Ms. Jones' rights. As such, punitive damages are warranted against

23   defendants in order to punish and make an example of their action.

24

25

26

27

28

Complaint
                                              7                    www.mccoyslaw.com

*///*

## FOURTH CAUSE OF ACTION: HARASSMENT

### Cal. *Govt. Code* § 12940

(Against all defendants)

38.    By engaging in the conduct previously alleged herein, defendants, and each of them, violated California *Government Code* § 12940 by creating, maintaining, encouraging, failing to investigate properly and by failing to remedy a hostile work environment prohibited by the *Fair Employment and Housing Act*, despite Ms. Jones' complaints to management level employees that she was being harassed because of her complaints and because of her race.

39.    At all relevant times, defendants had actual and constructive knowledge of the hostile work environment described and alleged herein, and condoned, ratified and participated in the discrimination. As a result of the hostile work environment perpetrated and maintained by defendants, and defendants' failure to protect Ms. Jones from further discrimination, she has suffered severe emotional distress, humiliation, indignity and loss of income in an amount provable at the time of trial.

40.    As a direct and proximate result of the willful, knowing, and intentional harassment of Ms. Jones, and the failure to act by defendants in an effort to remedy said environment, she has suffered mental distress, anguish, and indignation. She is thereby entitled to general and compensatory damages in an amount to be proven at trial.

41.    Defendants' acts alleged herein are malicious, oppressive, despicable and in conscious disregard of Ms. Jones' rights. As such, punitive damages are warranted against defendants in order to punish and make an example of each of them.

Case 5:07-cv-03888-JF    Document 24-6    Filed 02/08/2008    Page 18 of 51
09/27/2007  09:54    40849373                      ATT                        PAGE  13/17
      Case 5:07-cv-03888-JF    Document 16-2    Filed 01/14/2008    Page 10 of 15

1  ///

2  ## FIFTH CAUSE OF ACTION: RETALIATION

3  ### Cal. *Govt. Code* § 12940 and 42 *U.S.C.* § 2000 *et seq.*

4  (Against all defendants)

5

6      42.    Defendants retaliated against Ms. Jones in violation of California *Government*

7  *Code* §12940 by harassing her, creating unbearable working conditions and failing to respond to

8  her concerns regarding the harassment.

9      43.    At all relevant times, defendants had actual and constructive knowledge of the

10 retaliatory conduct described and alleged herein, and condoned, ratified and participated in the

11 retaliation. As a result of the retaliatory behavior perpetrated and executed by defendants, and

12 defendants' failure to protect Ms. Jones from retaliatory behavior, she has suffered severe

13 emotional distress, humiliation and embarrassment. As a further proximate result of such

14 conduct, plaintiff has suffered loss of income, loss of advance and promotions, loss of career

15 opportunity and loss of tangible job benefits, all in amounts to be proven at trial.

16     44.    As a direct and proximate result of defendants willful, knowing, and intentional

17 acts, and defendants' failure to act, Ms. Jones has suffered and will continue to suffer mental

18 distress, anguish, and indignation. She is thereby entitled to general and compensatory damages

19 in an amount to be proven at trial.

20     45.    Defendants' acts alleged herein are malicious, oppressive, despicable and in

21 conscious disregard of Ms. Jones' rights and public policy. As such, punitive damages are

22 warranted against defendants in order to punish and make an example out of each of them.

23

24

25

26

27

28

Complaint                                         9                          www.mccoyslaw.com

09/27/2007  09:54   4084937;                    ATT                           PAGE  14/17

1   ///

## SIXTH CAUSE OF ACTION: FAILURE TO TAKE ALL REASONABLE STEPS

### Cal. Govt. Code §·12940

(Against all defendants)

46.     Cal. *Gov't Code* §12940 makes it an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination from occurring.

47.     By defendant's conduct, as aforesaid, and by failing to express strong disapproval of discriminatory practices, by failing to develop appropriate sanctions for discrimination, by failing to develop appropriate methods to sensitize employees/managers to practices and the gravity of consequences for doing so, and by failing to take immediate and appropriate corrective action to stop the discrimination from occurring by Ms. Jones' superiors, after defendants CHANDLER and REYES were aware of the discriminatory practices against her, defendants failed to take all reasonable steps to prevent the discrimination from occurring, in violation of the California *Fair Employment and Housing Act*, as amended.

48.     As a proximate result of defendant's unlawful employment practices, Ms. Jones has suffered damages, including damages for humiliation, embarrassment, damages for severe mental and emotional distress and discomfort, as well as forcing him to incur attorneys' fees, costs and certain other incidental damages, all according to proof.

49.     Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Ms. Jones, and acted with an improper and evil motive amounting to malice. As a result of defendant's conduct, she is entitled to recover punitive damages in an amount commensurate with defendants' wealth.

Case 5:07-cv-03888-JF    Document 24-6    Filed 02/08/2008    Page 20 of 51
09/27/2007  09:54   4884937                ATT                    PAGE  15/17
      Case 5:07-cv-03888-...-    Document 16-2    Filed 01/14/20...    Page 12 of 15

1    ///

2    <u>SEVENTH CAUSE OF ACTION: FAILURE TO MAINTAIN ENVIRONMENT FREE</u>

3             <u>FROM HARASSMENT</u>

4             <u>Cal. Govt. Code § 12940</u>

5             (Against all defendants)

6      50.    Defendant failed to take all reasonable steps to prevent harassment against Ms.

7    Jones from occurring. and to take immediate and appropriate corrective action to remedy the

8    harassment, in violation of Cal. Govi. Code § 12940. by engaging in the course of conduct set

9    forth above. among other things

10      51.    Specifically, defendants failed—and have failed to the present time—to take any

11    disciplinary action against defendants CHANDLER or TSUE, such as issuing a formal warning,

12    providing counseling, or imposing probation, suspension, or termination.

13

14    <u>EIGHTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL</u>

15             <u>DISTRESS</u>

16             (Against All Defendants)

17      52.    Ms. Jones alleges that defendants AT&T, by and through its agents and

18    employees, including but not limited to CHANDLER and TSUE, acted without regard to the

19    health and safety of Ms. Jones. and each of them treated her in the deplorable manner alleged

20    herein. That treatment and its surrounding consequences constituted extreme and outrageous

21    conduct by defendants.

22      53.    Ms. Jones alleges that defendants, standing in a position of authority over her,

23    acted with deliberation without regard to the health, safety. or well-being of Ms. Jones and

24    caused her severe emotional and physical distress.

25      54    Ms. Jones alleges that as a proximate result of defendants' extreme and outrageous

26    acts, she suffered severe emotional distress in the form of humiliation, embarrassment, mental-

27    anguish, anxiety. stress and indignation. Defendants' acts were done with the willful knowledge

28    that she could suffer severe harm as a result.

Case 5:07-cv-03888-JF    Document 24-6    Filed 02/08/2008    Page 21 of 51
09/27/2007  09:54  4084937                ATT                    PAGE  16/17
     Case 5:07-cv-03888-...    Document 16-2    Filed 01/14/20..  Page 13 of 15

1    55    Ms. Jones alleges that defendants' acts alleged herein are malicious, oppressive,

2    despicable, and in conscious disregard of her rights. As such, punitive damages are warranted

3    against defendants in order to punish them and make an example of their actions.

4

5    ## NINTH CAUSE OF ACTION: VIOLATION OF THE FAMILY MEDICAL LEAVE ACT,

6    ### 29 U.S.C. §2917

7    (All defendants)

8    56.    Ms. Jones incorporates by reference paragraphs 1-55 herein.

9    57.    Ms. Jones alleges that SBC violated the Family Medical Leave Act by interfering

10   with Ms. Jones' right to take family medical leave on or about February, 2003, by disciplining

11   her for attendance issues.

12   58.    Ms. Jones alleges that SBC violated the Family Medical Leave Act by

13   discriminating against her in retaliation for her taking family medical leave.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ///

Complaint
                                        12                        www.mccoyslaw.com

Case 5:07-cv-03888-JF    Document 24-6    Filed 02/08/2008    Page 22 of 51
39/27/2007  09:54   408493⁻                    ATT                    PAGE  17/17
Case 5:07-cv-03886 ₋₋    Document 16-2    Filed 01/14/20ᵤᵤ    Page 14 of 15

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for relief as follows:

1.    For general damages according to proof, however, no less than the jurisdictional limit of this court;

2.    For special damages in amounts according to proof;

3.    For punitive damages in amounts according to proof;

4.    For attorneys' fees as provided by law;

5.    For interest as provided by law;

6.    For cost of suit incurred herein; and

7.    For such other and further relief as the Court deems fair and just.

Dated: July 30, 2007                              LAW OFFICES OF WAUKEEN McCOY


                                          By _Waukeen McCoy_
                                             Waukeen Q. McCoy
                                             Attorneys for Plaintiff
                                             Joyce Jones

Complaint
                                          13                    www.mccoyslaw.com

# EXHIBIT B

Lafayette & Kumagai

Lafayette & Kumagai LLP
Attorneys

100 Spear Street, Suite 600
San Francisco, CA 94105

415 357 4600 TEL
415 357 4605 FAX
www.lkclaw.com

October 31, 2007

Spencer Smith, Esq.
Darrel Patten, Esq.
Law Offices of Waukeen McCoy
703 Market Street, Suite 1407
San Francisco, California 94103

> Re:   *Joyce Jones v. Pacific Bell Telephone Company*
>       Our File: pacbell-jone

Dear Mr. Smith:

This letter confirms the telephone conversation we had yesterday. Service of summons and complaint has not been attempted on defendant AT&T in this action. I advised that the correct corporate defendant in this action is plaintiff's former employer Pacific Bell Telephone Company, not AT&T. You agreed to voluntarily dismiss AT&T and amend the complaint to name Pacific Bell Telephone Company as the proper defendant instead, and in place of, AT&T. In exchange, this firm will accept service of process of summons and complaint on behalf of Pacific Bell by way of notice of acknowledgement and receipt.

It is our understanding that the individual defendants have not been properly served in this action.

Thank you for your professional courtesy in this matter.

Very truly yours,

LAFAYETTE & KUMAGAI LLP

SUSAN T. KUMAGAI

STK/lr

EXHIBIT B

# EXHIBIT C

Lafayette&Kumagai

Lafayette & Kumagai LLP
Attorneys

100 Spear Street, Suite 600
San Francisco, CA 94105

415 357 4600 TEL
415 357 4605 FAX

www lkclaw com

November 16, 2007

**Via Facsimile and U.S. Mail**

Spencer Smith, Esq.
Law Offices of Waukeen McCoy
703 Market Street, Suite 1407
San Francisco, California 94103

Re:   *Joyce Jones v. Pacific Bell Telephone Company*
      Our File:  pacbell-jone

Dear Mr. Smith:

This letter confirms the telephone conversation we had today.

You left a voice message for Diane Kong of our office that plaintiff intended to amend the complaint to "add" Pacific Bell Telephone Company ("Pacific Bell") as a defendant in this action and that you would represent to the court in a CMC statement to be filed today that we would accept service on behalf of Pacific Bell.

I returned your call to clarify and confirm our prior agreement which was set forth in a letter to you dated October 31, 2007. A copy of our prior letter is enclosed. In that regard, we offered to accept service on behalf of Pacific Bell by Notice of Acknowledgment and Receipt based on the agreement that plaintiff would dismiss AT&T and amend the complaint to name Pacific Bell as the proper party defendant. You indicated in today's telephone conversation that plaintiff will not dismiss AT&T and will merely add Pacific Bell as a "Doe."

Plaintiff's refusal to abide by her prior promise simply negates any prior agreement made by the parties.

As we discussed, AT&T is a holding company and was not plaintiff's employer. If plaintiff pursues her action against AT&T, we will seek court intervention for relief and our attorneys' fees for having to engage in unnecessary motion practice.

Very truly yours,

LAFAYETTE & KUMAGAI LLP

SUSAN T. KUMAGAI

Enclosure

**EXHIBIT C**

# EXHIBIT D

WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
LAW OFFICES OF WAUKEEN Q. McCOY
The Central Tower
703 Market Street, Suite 1407
San Francisco, California 94103
Telephone (415) 675-7705
Facsimile (415) 675-2530

Attorney for Plaintiff
JOYCE JONES

FILED

2007 NOV 21  P 2: 52

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOYCE JONES, an individual,

     Plaintiff,

     vs.

AT&T, a corporation doing business in
California; PACIFIC BELL TELEPHONE
COMPANY; STEPHANIE CHANDLER, an
individual; CINDY TSUE, an individual;
GABRIEL REYES , an individual;

     Defendants.

Case No.  C 07-03888 PVT

UNLIMITED JURISDICTION
AMENDED
COMPLAINT FOR DAMAGES:

1. RACIAL DISCRIMINATION 42 *U.S.C.*
   § 1981
2. RACIAL DISCRIMINATION 42 *U.S.C.*
   § 2000
3. RACIAL DISCRIMINATION Cal *Gov't.
   Code* § 12940
4. HARASSMENT Cal. *Gov't. Code* §
   12940
5. RETALIATION Cal. *Gov't Code* § 12940
6. FAILURE TO TAKE ALL
   REASONABLE STEPS Cal. *Gov't Code*
   § 12940;
7. FAILURE TO MAINTAIN
   ENVIRONMENT FREE FROM
   HARASSMENT Cal. *Gov't Code* §
   12940;
8. INTENTIONAL INFLICTION OF
   EMOTIONAL DISTRESS
9. VIOLATION OF FAMILY MEDICAL
   LEAVE ACT 29 *U.S.C.* §2917

JURY TRIAL DEMANDED

FIRST AMENDED COMPLAINT                    1

EXHIBIT D

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over all causes of action asserted herein under the California constitution, Article VI, §10, and the California Fair Employment and Housing Act, codified as *Government Code* §12900 et seq.

2.     Venue is proper in this jurisdiction because the acts complained of herein giving rise to the claims alleged occurred in the County of Santa Clara. Defendant operates its business in California with corporate headquarters based in the County of Santa Clara.

Plaintiff alleges as follows:

## THE PARTIES

3.     Plaintiff JOYCE JONES ("Plaintiff" or "JONES") is an African-American female employed by defendant AT&T ("AT&T") as a Collection Representative.

4.     Plaintiff alleges that defendant AT&T ("AT&T" or "AT&T and/or PACBELL") is a corporation doing business in California.

5.     Plaintiff alleges that defendant PACIFIC BELL TELEPHONE COMPANY ("PACBELL") is a corporation doing business in California.

6.     Plaintiff alleges that defendant STEPHANIE CHANDLER ("CHANDLER") is an individual employed by AT&T as a Coach Leader at all times mentioned herein.

7.     Plaintiff alleges that defendant CINDY TSUE ("TSUE") is an individual employed by AT&T as Coach Leader at all times mentioned herein.

8.     Plaintiff alleges that defendant GABRIEL REYES ("REYES") is an individual employed by AT&T as Director at all times mentioned herein.

9.     Plaintiff alleges that at all times herein mentioned each of the defendants was acting as the partner, agent, servant, and employee of each of the remaining defendants, and in doing the things alleged herein was acting within the course and scope of such agency and with the knowledge of the remaining defendants.

## GENERAL ALLEGATIONS

FIRST AMENDED COMPLAINT                    2

10.     Plaintiff began her employment with defendant AT&T and/or PACBELL on August 14, 2000, when she was hired as a Collection Representative, earning $3900.00 per month.

11.     On January 13, 2003, Plaintiff filed a complaint with her employer, AT&T and/or PACBELL, regarding discriminatory treatment by defendant STEPHANIE CHANDLER.

12     In retaliation for filing this complaint, but also because of her race and serious health condition, Ms. Jones was subsequently harassed and subjected to differential treatment. The retaliation included denying family medical leave to Ms. Jones shortly after she filed this complaint (on February 26, 2003).  To that end, she was improperly charged with poor attendance and counseled about her attendance on May 22, 2003, by Allysia Evans (Administrative Manager).  Immediately thereafter, she was disciplined for absences occurring while she was on approved family medical leave as well as for alleged occurrences that per company policy should have been removed from her record after one year.  But non African-American employees who had not filed complaints were not disciplined in the same manner.

13.     During the course of her employment, Ms. Jones was also racially harassed by Bianca Mejia, co-worker.  And nothing was done when she reported it to CHANDLER.

14.     From April 30, 2003, to approximately June 15, 2003, the benefits to which Ms. Jones was entitled while on Family Medical Leave were terminated by Alysia Evans and AT&T and/or PACBELL.

15     In response to these new discriminatory acts, Ms. Jones filed a complaint in August, 2003, with the California Department of Fair Employment and Housing for discrimination based on race, disability and retaliation. This complaint was filed against AT&T and/or PACBELL (employer), STEPHANIE CHANDLER and Bianca Mejia (co-worker).

16     Thereafter, Ms. Jones was continuously subjected to retaliation since the August 2003 complaint.

FIRST AMENDED COMPLAINT                    3

17.    On or about October 20, 2005, Ms Jones reported to the Equal Employment Officer what she believed to be discrimination by defendants CINDY TSUE and STEPHANIE CHANDLER, and as a result she was once again subjected to retaliation for reporting this treatment. Additionally, the number of reprimands she received from her supervisors for alleged 'courtesy complaints" significantly increased after this latest filing. To that end, each courtesy complaint Plaintiff received was placed in her file without her being allowed to review them or provide any rebuttal. She was also the only employee required to take a "Rate of Speech" test and threatened with suspension for refusing to take it or failing it. Indeed, although her co-workers Juan Sanchez and Kirsty Miramontes—both non-African American—also received "courtesy complaints,"—the complaints were not all placed in their personnel file and these people were not required to take the "Rate of Speech" test under threat of suspension.

18.    Additionally, Ms. Jones' seniority was usurped and given to Jesus Hernandez for several years even though she had more seniority than him. And Ms. Jones was not recognized for achievements in the workplace in the same manner as her non-African American employees.

19.    Company policies such as Customer Courtesy Complaints and Prohibited Use of Execustar Messaging system for non-work related messages are inconsistent and are enforced at the discretion of Coach Leaders. To that end, these policies are overwhelmingly enforced more against African American employees who violate them than against similarly-situated non-African American employees.

20    On or about August 16, 2006, Ms Jones reported retaliatory treatment by TSUE to defendant REYES and harassment by a customer, but once again nothing was done to correct the situation.

21    In October 2006, Ms. Jones filed a second complaint with the Department of Fair Employment and Housing, complaining about all the afore-mentioned acts.

22.    From January 2006 until present, Ms Jones has been alienated from the rest of the section members as a result of the hostile environment To that end, she was assigned a specific seat while other representatives sit where they want.

FIRST AMENDED COMPLAINT                4

23.    On January 29, 2007, defendant TSUE observed Ms. Jones on all 6 calls at once, when the general rule has been that she does 3 calls and another manager cross-observes the other 3 calls.

24.    Finally, Ms. Jones was suspended by defendant TSUE from March 8, 2007, to March 12, 2007, on a "courtesy claim" by a customer without first being given a chance to give her side of what took place during the call with the customer. According to representations by defendant TSUE, Ms. Tsue spoke to the customer on March 6, 2007, about Ms. Jones, without a union representative present—a violation of the CBA. For her part, Ms. Jones never received any paperwork about either the suspension or the courtesy complaint.

25.    In connection with her suspension, Plaintiff was treated "as a criminal." For example, on the date of her suspension, defendant TSUE went and got someone to watch Ms. Jones when she was leaving the office. And although defendant TSUE welcomed Ms. Jones back to work, Ms. Tsue still wanted to walk Ms Jones down to the training area. And to this day, when Ms. Jones arrives at the building to begin work, she has to sit at security until a manager comes to get her for security reasons.

26.    Ms Jones was then put on "warning of dismissal" due to a courtesy complaint and was advised that she could not participate in AUTS, which meant that she could not transfer into another department for more pay or for better-paying position for the next 12 months. She also was forced to go through customer-service training. And after Ms Jones completed the training, defendant TSUE still admonished her about doing her job.

## FIRST CAUSE OF ACTION: RACIAL DISCRIMINATION

### 42 U.S.C. § 1981

(Against Defendants AT&T, PACBELL, and DOES 1-50)

27.    Plaintiff realleges as though fully set forth herein paragraphs 1 through 26 of this First Amended Complaint

FIRST AMENDED COMPLAINT                    5

28  Defendants, through their agents and employees engaged in a pattern and practice of unlawful racial discrimination in violation of 42 U.S.C. § 1981 in connection with the terms and conditions of Ms. Jones' employment.

29.    At all relevant times, defendants had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination.  As a result of the hostile and offensive work environment perpetrated and maintained by defendants, and defendants' failure to protect Ms. Jones from further discrimination, she suffered severe emotional distress

30.    As a direct and proximate result of the willful, knowing, and intentional discrimination against Ms. Jones, and the failure to act by defendants, she has suffered mental distress, anguish, and indignation  She is thereby entitled to general and compensatory damages in an amount to be proven at trial.

31.    Defendants' acts alleged herein are malicious, oppressive, despicable and in conscious disregard of Ms. Jones' rights.  As such, punitive damages are warranted against defendants in order to punish and make an example of their action.

## SECOND CAUSE OF ACTION: RACIAL DISCRIMINATION

### 42 U.S.C. § 2000 et seq.

(Against Defendants AT&T, PACBELL, and DOES 1-50)

32    Plaintiff realleges as though fully set forth herein paragraphs 1 through 31 of this First Amended Complaint.

33.    Defendants. through their agents and employees engaged in a pattern and practice of unlawful racial discrimination in violation of 42 U.S C § 2000 et seq. in connection with the terms and conditions of Plaintiff's employment

34.    At all relevant times, defendants had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in

the discrimination. As a result of the hostile and offensive work environment perpetrated and maintained by defendants, and defendants' failure to protect Ms. Jones from further discrimination, she suffered severe emotional distress.

35.    As a direct and proximate result of the willful, knowing, and intentional discrimination against Ms. Jones, and the failure to act by defendants, she has suffered mental distress, anguish, and indignation. She is thereby entitled to general and compensatory damages in an amount to be proven at trial.

36.    Defendants' acts alleged herein are malicious, oppressive, despicable and in conscious disregard of Ms. Jones' rights. As such, punitive damages are warranted against defendants in order to punish and make an example of their action.

## THIRD CAUSE OF ACTION: RACIAL DISCRIMINATION
### Cal. *Govt. Code* § 12940.
### (Against Defendants AT&T, PACBELL, and DOES 1-50)

37.    Plaintiff realleges as though fully set forth herein paragraphs 1 through 36 of this First Amended Complaint.

38.    Defendants, by and through their agents and management level employees, engaged in a continuing pattern and practice of unlawful racial discrimination in violation of California *Government Code* § 12940 *et seq* in connection with Ms. Jones' work assignments, promotion and the terms and conditions of Ms. Jones' employment, by failing to promote and raise the rate of compensation of Ms. Jones when she applied for and was otherwise qualified for a job position. Despite her ample qualifications, she was denied promotion and a pay raise on the basis of her race.

39.    At all relevant times, defendants had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination. As a result of defendants' pattern and practice of unlawful discrimination,

FIRST AMENDED COMPLAINT                    7

Ms. Jones suffered severe emotional distress, humiliation, indignity and loss of income in an amount provable at the time of trial.

40.    As a direct and proximate result of the willful, knowing, and intentional discrimination against Ms. Jones, and the failure to act by defendants in an effort to remedy said discrimination, she has suffered mental distress, anguish, and indignation. She is thereby entitled to general and compensatory damages in an amount to be proven at trial.

41.    Defendants' acts alleged herein are malicious, oppressive, despicable and in conscious disregard of Ms. Jones' rights. As such, punitive damages are warranted against defendants in order to punish and make an example of their action.

## FOURTH CAUSE OF ACTION: HARASSMENT
### Cal. *Govt. Code* § 12940
(Against all defendants)

42.    Plaintiff realleges as though fully set forth herein paragraphs 1 through 41 of this First Amended Complaint.

43.    By engaging in the conduct previously alleged herein, defendants, and each of them, violated California *Government Code* § 12940 by creating, maintaining, encouraging, failing to investigate properly and by failing to remedy a hostile work environment prohibited by the *Fair Employment and Housing Act*, despite Ms. Jones' complaints to management level employees that she was being harassed because of her complaints and because of her race.

44.    At all relevant times, defendants had actual and constructive knowledge of the hostile work environment described and alleged herein, and condoned, ratified and participated in the discrimination. As a result of the hostile work environment perpetrated and maintained by defendants, and defendants' failure to protect Ms. Jones from further discrimination, she has suffered severe emotional distress, humiliation, indignity and loss of income in an amount provable at the time of trial.

FIRST AMENDED COMPLAINT                    8

45.    As a direct and proximate result of the willful, knowing, and intentional harassment of Ms. Jones, and the failure to act by defendants in an effort to remedy said environment, she has suffered mental distress, anguish, and indignation. She is thereby entitled to general and compensatory damages in an amount to be proven at trial.

46.    Defendants' acts alleged herein are malicious, oppressive, despicable and in conscious disregard of Ms. Jones' rights. As such, punitive damages are warranted against defendants in order to punish and make an example of each of them.

## FIFTH CAUSE OF ACTION: RETALIATION
### Cal. *Govt. Code* § 12940
(Against all defendants)

47.    Plaintiff realleges as though fully set forth herein paragraphs 1 through 46 of this First Amended Complaint.

48.    Defendants retaliated against Ms. Jones in violation of California *Government Code* §12940 by harassing her, creating unbearable working conditions and failing to respond to her concerns regarding the harassment.

49.    At all relevant times, defendants had actual and constructive knowledge of the retaliatory conduct described and alleged herein, and condoned, ratified and participated in the retaliation. As a result of the retaliatory behavior perpetrated and executed by defendants, and defendants' failure to protect Ms. Jones from retaliatory behavior, she has suffered severe emotional distress, humiliation and embarrassment. As a further proximate result of such conduct, plaintiff has suffered loss of income, loss of advance and promotions, loss of career opportunity and loss of tangible job benefits, all in amounts to be proven at trial.

50.    As a direct and proximate result of defendants willful, knowing, and intentional acts, and defendants' failure to act, Ms. Jones has suffered and will continue to suffer mental

1  distress, anguish, and indignation. She is thereby entitled to general and compensatory damages

2  in an amount to be proven at trial.

3      51.    Defendants' acts alleged herein are malicious, oppressive, despicable and in

4  conscious disregard of Ms. Jones' rights and public policy  As such, punitive damages are

5  warranted against defendants in order to punish and make an example out of each of them.

6

7

## SIXTH CAUSE OF ACTION: FAILURE TO TAKE ALL REASONABLE STEPS

### Cal. *Govt. Code* § 12940

(Against all defendants)

12      52.    Plaintiff realleges as though fully set forth herein paragraphs 1 through 51 of this

13  First Amended Complaint.

14      53.    Cal. *Gov't Code* §12940 makes it an unlawful employment practice for an

15  employer to fail to take all reasonable steps necessary to prevent discrimination from occurring.

16

17      54.    By defendant's conduct, as aforesaid, and by failing to express strong disapproval

18  of discriminatory practices, by failing to develop appropriate sanctions for discrimination, by

19  failing to develop appropriate methods to sensitize employees/managers to practices and the

20  gravity of consequences for doing so, and by failing to take immediate and appropriate corrective

21  action to stop the discrimination from occurring by Ms. Jones' superiors, after defendants

22  CHANDLER and REYES were aware of the discriminatory practices against her, defendants

23  failed to take all reasonable steps to prevent the discrimination from occurring, in violation of the

24  California *Fair Employment and Housing Act*, as amended.

25      55.    As a proximate result of defendants' unlawful employment practices, Ms. Jones

26  has suffered damages, including damages for humiliation, embarrassment, damages for severe

27  mental and emotional distress and discomfort. as well as forcing him to incur attorneys' fees,

28  costs and certain other incidental damages, all according to proof

FIRST AMENDED COMPLAINT                    10

56    Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Ms. Jones, and acted with an improper and evil motive amounting to malice. As a result of defendant's conduct, she is entitled to recover punitive damages in an amount commensurate with defendants' wealth.

### SEVENTH CAUSE OF ACTION: FAILURE TO MAINTAIN ENVIRONMENT FREE FROM HARASSMENT
#### Cal. *Govt. Code* § 12940
(Against all defendants)

57.    Plaintiff realleges as though fully set forth herein paragraphs 1 through 56 of this First Amended Complaint.

58.    Defendant failed to take all reasonable steps to prevent harassment against Ms. Jones from occurring, and to take immediate and appropriate corrective action to remedy the harassment, in violation of Cal. *Govt. Code* § 12940, by engaging in the course of conduct set forth above, among other things.

59.    Specifically, defendants failed—and have failed to the present time—to take any disciplinary action against defendants CHANDLER or TSUE, such as issuing a formal warning, providing counseling, or imposing probation, suspension, or termination.

### EIGHTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against All Defendants)

60.    Plaintiff realleges as though fully set forth herein paragraphs 1 through 59 of this First Amended Complaint.

61.    Ms. Jones alleges that defendants AT&T and/or PACBELL, by and through their agents and employees, including but not limited to CHANDLER and TSUE, acted without

FIRST AMENDED COMPLAINT            11

1    regard to the health and safety of Ms. Jones, and each of them treated her in the deplorable

2    manner alleged herein. That treatment and its surrounding consequences constituted extreme

3    and outrageous conduct by defendants.

4       62.    Ms. Jones alleges that defendants, standing in a position of authority over her,

5    acted with deliberation without regard to the health, safety, or well-being of Ms. Jones and

6    caused her severe emotional and physical distress

7       63.    Ms. Jones alleges that as a proximate result of defendants' extreme and outrageous

8    acts, she suffered severe emotional distress in the form of humiliation, embarrassment, mental-

9    anguish, anxiety, stress and indignation. Defendants' acts were done with the willful knowledge

10   that she could suffer severe harm as a result.

11

12      64     Ms. Jones alleges that defendants' acts alleged herein are malicious, oppressive,

13   despicable, and in conscious disregard of her rights. As such, punitive damages are warranted

14   against defendants in order to punish them and make an example of their actions

15

16   ## NINTH CAUSE OF ACTION: VIOLATION OF THE FAMILY MEDICAL LEAVE ACT,

17   ## 29 U.S.C. §2917

18

19        (Against Defendants AT&T and PACBELL)

20

21      65.    Plaintiff realleges as though fully set forth herein paragraphs 1 through 64 of this

22   First Amended Complaint.

23      66.    Ms. Jones incorporates by reference paragraphs 1-55 herein.

24      67.    Ms. Jones alleges that AT&T and/or PACBELL violated the Family Medical

25   Leave Act by interfering with Ms. Jones' right to take family medical leave on or about February,

26   2003, by disciplining her for attendance issues.

27

28

FIRST AMENDED COMPLAINT                12

1  68.    Ms. Jones alleges that AT&T and/or PACBELL violated the Family Medical

2  Leave Act by discriminating against her in retaliation for her taking family medical leave.

3

4

5                          **PRAYER FOR RELIEF**

6  WHEREFORE, PLAINTIFF prays for relief as follows:

7      1.    For general damages according to proof, however, no less than the jurisdictional

8            limit of this court;

9      2.    For special damages in amounts according to proof;

10

11     3.    For punitive damages in amounts according to proof;

12     4.    For attorneys' fees as provided by law;

13     5.    For interest as provided by law;

14

15     6.    For cost of suit incurred herein; and

16     7.    For such other and further relief as the Court deems fair and just.

17

18  Dated: November 21, 2007                  LAW OFFICES OF WAUKEEN McCOY

19

20

21                                  By _____

22                                      Waukeen Q. McCoy
                                        Attorneys for Plaintiff
23                                      Joyce Jones

24

25

26

27

28

FIRST AMENDED COMPLAINT                    13

# EXHIBIT E

Lafayette & Kumagai

Lafayette & Kumagai LLP
Attorneys
100 Spear Street, Suite 600
San Francisco, CA 94105
415 357 4600 TEL
415 357 4605 FAX
www.lkclaw.com

January 4, 2008

**Via Facsimile and U.S. Mail**

Spencer Smith, Esq.
Law Offices of Waukeen McCoy
703 Market Street, Suite 1407
San Francisco, California 94103

Re:     *Joyce Jones v. Pacific Bell Telephone Company*
        Our File:  pacbell-jone

Dear Mr. Smith:

This letter confirms the telephone conversation we had today wherein you agreed that if we could provide you with documentation to show that AT&T Corporation was not Joyce Jones' employer, e.g. pay stubs, you will dismiss AT&T Corporation from this action. Enclosed are W-2 Forms evidencing Pacific Bell Telephone Company was plaintiff's employer. The enclosed documentation is sufficient to establish the identity of plaintiff's employer for purposes of this lawsuit. Please dismiss AT&T Corporation as agreed.

In the meantime, we have enclosed a stipulation to extend the time for AT&T Corporation to respond to the amended complaint in this case to provide additional time to resolve the foregoing issue. Please sign and return the stipulation and we will file with the Court.

Thank you for your attention to this matter.

Very truly yours,

LAFAYETTE & KUMAGAI LLP

SUSAN T. KUMAGAI

STK:lr

Enclosures

**EXHIBIT E**

### Top-left W-2

| Box | Amount |
|-----|--------|
| 1 Wages, tips, other compensation | 35759.50 |
| 2 Federal income tax withheld | 780.15 |
| 3 Social security wages | 35759.50 |
| 4 Social security tax withheld | 2217.09 |
| 5 Medicare wages and tips | 35759.50 |
| 6 Medicare tax withheld | 518.51 |
| a Control number | 00151729 |
| Employer use only | |
| b Employer's FED ID number | 94-0745535 |
| d Employee's SSA number | 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 |

e Employer's name, address, and ZIP code

Pacific Bell Telephone Company
909 Chestnut St, 28K07
St. Louis MO 63101-3002

| Box | Amount |
|-----|--------|
| 7 Social security tips | |
| 8 Allocated tips | |
| 9 Advance EIC payment | |
| 10 Dependent care benefits | |
| 11 Nonqualified plans | |
| 12a See instructions for box 12 | |
| 13 Statutory employee / Retirement plan X / Third-Party Sick pay | |
| 12b | |
| 14 Other CA SDI Tax | 321.84 |
| 12c | |
| 12d | |

e  Employee's first name and initial       Last name

JOYCE R JONES
31205 KIMBERLY CT.
UNION CITY  CA 94587

f Employee's address and ZIP code

| 15 State | Employer's state ID | 18 Local wages, tips, etc |
|----------|--------------------|-----|
| CA | 002-2238-0 | |
| 16 State wages, tips, etc | 35759.50 | 19 Local income tax |
| 17 State income tax | 120.18 | 20 Locality name |

Form **W-2** Wage and Tax Statement **2003**
OMB. No. 1545-0008
Copy C for Employee's records
Dept. of the Treasury - Internal Revenue Service. This information is being furnished to the IRS. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it.

### Top-right W-2

| Box | Amount |
|-----|--------|
| 1 Wages, tips, other compensation | 35759.50 |
| 2 Federal income tax withheld | 780.15 |
| 3 Social security wages | 35759.50 |
| 4 Social security tax withheld | 2217.09 |
| 5 Medicare wages and tips | 35759.50 |
| 6 Medicare tax withheld | 518.51 |
| a Control number | 00151729 |
| Employer use only | |
| b Employer's FED ID number | 94-0745535 |
| d Employee's SSA number | 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 |

e Employer's name, address, and ZIP code

Pacific Bell Telephone Company
909 Chestnut St, 28K07
St. Louis MO 63101-3002

| Box | Amount |
|-----|--------|
| 7 Social security tips | |
| 8 Allocated tips | |
| 9 Advance EIC payment | |
| 10 Dependent care benefits | |
| 11 Nonqualified plans | |
| 12a See instructions for box 12 | |
| 13 Statutory employee / Retirement plan X / Third-Party Sick pay | |
| 12b | |
| 14 Other CA SDI Tax | 321.84 |
| 12c | |
| 12d | |

e  Employee's first name and initial       Last name

JOYCE R JONES
31205 KIMBERLY CT.
UNION CITY  CA 94587

f Employee's address and ZIP code

| 15 State | Employer's state ID | 18 Local wages, tips, etc |
|----------|--------------------|-----|
| CA | 002-2238-0 | |
| 16 State wages, tips, etc | 35759.50 | 19 Local income tax |
| 17 State income tax | 120.18 | 20 Locality name |

Form **W-2** Wage and Tax Statement **2003**
OMB. No. 1545-0008
Copy 2 To Be Filed With Employee's STATE Income Tax Return
Dept. of the Treasury - Internal Revenue Service

### Bottom-left W-2

| Box | Amount |
|-----|--------|
| 1 Wages, tips, other compensation | 35759.50 |
| 2 Federal income tax withheld | 780.15 |
| 3 Social security wages | 35759.50 |
| 4 Social security tax withheld | 2217.09 |
| 5 Medicare wages and tips | 35759.50 |
| 6 Medicare tax withheld | 518.51 |
| a Control number | 00151729 |
| Employer use only | |
| b Employer's FED ID number | 94-0745535 |
| d Employee's SSA number | 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 |

e Employer's name, address, and ZIP code

Pacific Bell Telephone Company
909 Chestnut St, 28K07
St. Louis MO 63101-3002

| Box | Amount |
|-----|--------|
| 7 Social security tips | |
| 8 Allocated tips | |
| 9 Advance EIC payment | |
| 10 Dependent care benefits | |
| 11 Nonqualified plans | |
| 12a See instructions for box 12 | |
| 13 Statutory employee / Retirement plan X / Third-Party Sick pay | |
| 12b | |
| 14 Other CA SDI Tax | 321.84 |
| 12c | |
| 12d | |

e  Employee's first name and initial       Last name

JOYCE R JONES
31205 KIMBERLY CT.
UNION CITY  CA 94587

f Employee's address and ZIP code

| 15 State | Employer's state ID | 18 Local wages, tips, etc |
|----------|--------------------|-----|
| CA | 002-2238-0 | |
| 16 State wages, tips, etc | 35759.50 | 19 Local income tax |
| 17 State income tax | 120.18 | 20 Locality name |

Form **W-2** Wage and Tax Statement **2003**
OMB. No. 1545-0008
Copy B To Be Filed With Employee's FEDERAL Tax Return
Dept. of the Treasury - Internal Revenue Service

### Bottom-right W-2

| Box | Amount |
|-----|--------|
| 1 Wages, tips, other compensation | 35759.50 |
| 2 Federal income tax withheld | 780.15 |
| 3 Social security wages | 35759.50 |
| 4 Social security tax withheld | 2217.09 |
| 5 Medicare wages and tips | 35759.50 |
| 6 Medicare tax withheld | 518.51 |
| a Control number | 00151729 |
| Employer use only | |
| b Employer's FED ID number | 94-0745535 |
| d Employee's SSA number | 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 |

e Employer's name, address, and ZIP code

Pacific Bell Telephone Company
909 Chestnut St, 28K07
St. Louis MO 63101-3002

| Box | Amount |
|-----|--------|
| 7 Social security tips | |
| 8 Allocated tips | |
| 9 Advance EIC payment | |
| 10 Dependent care benefits | |
| 11 Nonqualified plans | |
| 12a See instructions for box 12 | |
| 13 Statutory employee / Retirement plan X / Third-Party Sick pay | |
| 12b | |
| 14 Other CA SDI Tax | 321.84 |
| 12c | |
| 12d | |

e  Employee's first name and initial       Last name

JOYCE R JONES
31205 KIMBERLY CT.
UNION CITY  CA 94587

f Employee's address and ZIP code

| 15 State | Employer's state ID | 18 Local wages, tips, etc |
|----------|--------------------|-----|
| CA | 002-2238-0 | |
| 16 State wages, tips, etc | 35769.50 | 19 Local income tax |
| 17 State income tax | 120.18 | 20 Locality name |

Form **W-2** Wage and Tax Statement **2003**
OMB. No. 1545-0008
Copy 2 To Be Filed With Employee's CITY or LOCAL Income Tax Return
Dept. of the Treasury - Internal Revenue Service

**Copy C — Top Left**

| | |
|---|---|
| 1 Wages, tips, other compensation  48420.54 | 2 Federal income tax withheld |
| 3 Social security wages  48420.54 | 4 Social security tax withheld  3002.07 |
| 5 Medicare wages and tips  48420.54 | 6 Medicare tax withheld  702.10 |
| a Control number  00151729 | Employer use only |
| b Employer's FED ID number  94-0745535 | d Employee's SSA number  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 |

c Employer's name, address, and ZIP code

Pacific Bell Telephone Company
909 Chestnut St, 28K07
St. Louis MO 63101-3002

| | |
|---|---|
| 7 Social security tips | 8 Allocated tips |
| 9 Advance EIC payment | 10 Dependent care benefits |
| 11 Nonqualified plans | 12a See instructions for box 12 |
| 13 Statutory employee / Retirement plan X / Third-Party Sick pay | 12b |
| 14 Other  CA SDI Tax  571.36 | 12c |
| | 12d |

e Employee's first name and initial    Last name

JOYCE R JONES
31205 KIMBERLY CT.
UNION CITY CA 94587

f Employee's address and ZIP code

| 15 State CA  Employer's state ID  002-2238-0 | 18 Local wages, tips, etc |
| 16 State wages, tips, etc.  48420.54 | 19 Local income tax |
| 17 State income tax | 20 Locality name |

Form W-2  OMB. No. 1545-0008  Wage and Tax Statement  2004
Dept. of the Treasury - Internal Revenue Service. This information is being furnished to the IRS. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it.
Copy C For Employee's records

---

**Copy 2 — Top Right**

| | |
|---|---|
| 1 Wages, tips, other compensation  48420.54 | 2 Federal income tax withheld |
| 3 Social security wages  48420.54 | 4 Social security tax withheld  3002.07 |
| 5 Medicare wages and tips  48420.54 | 6 Medicare tax withheld  702.10 |
| a Control number  00151729 | Employer use only |
| b Employer's FED ID number  94-0745535 | d Employee's SSA number  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 |

c Employer's name, address, and ZIP code

Pacific Bell Telephone Company
909 Chestnut St, 28K07
St. Louis MO 63101-3002

| | |
|---|---|
| 7 Social security tips | 8 Allocated tips |
| 9 Advance EIC payment | 10 Dependent care benefits |
| 11 Nonqualified plans | 12a See instructions for box 12 |
| 13 Statutory employee / Retirement plan X / Third-Party Sick pay | 12b |
| 14 Other  CA SDI Tax  571.36 | 12c |
| | 12d |

e Employee's first name and initial    Last name

JOYCE R JONES
31205 KIMBERLY CT.
UNION CITY CA 94587

f Employee's address and ZIP code

| 15 State CA  Employer's state ID  002-2238-0 | 18 Local wages, tips, etc |
| 16 State wages, tips, etc.  48420.54 | 19 Local income tax |
| 17 State income tax | 20 Locality name |

Form W-2  OMB. No. 1545-0008  Wage and Tax Statement  2004
Dept. of the Treasury - Internal Revenue Service
Copy 2 To Be Filed With Employee's STATE Income Tax Return

---

**Copy B — Bottom Left**

| | |
|---|---|
| 1 Wages, tips, other compensation  48420.54 | 2 Federal income tax withheld |
| 3 Social security wages  48420.54 | 4 Social security tax withheld  3002.07 |
| 5 Medicare wages and tips  48420.54 | 6 Medicare tax withheld  702.10 |
| a Control number  00151729 | Employer use only |
| b Employer's FED ID number  94-0745535 | d Employee's SSA number  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 |

c Employer's name, address, and ZIP code

Pacific Bell Telephone Company
909 Chestnut St, 28K07
St. Louis MO 63101-3002

| | |
|---|---|
| 7 Social security tips | 8 Allocated tips |
| 9 Advance EIC payment | 10 Dependent care benefits |
| 11 Nonqualified plans | 12a See instructions for box 12 |
| 13 Statutory employee / Retirement plan X / Third-Party Sick pay | 12b |
| 14 Other  CA SDI Tax  571.36 | 12c |
| | 12d |

e Employee's first name and initial    Last name

JOYCE R JONES
31205 KIMBERLY CT.
UNION CITY CA 94587

f Employee's address and ZIP code

| 15 State CA  Employer's state ID  002-2238-0 | 18 Local wages, tips, etc |
| 16 State wages, tips, etc.  48420.54 | 19 Local income tax |
| 17 State income tax | 20 Locality name |

Form W-2  OMB. No. 1545-0008  Wage and Tax Statement  2004
Dept. of the Treasury - Internal Revenue Service
Copy B To Be Filed With Employee's FEDERAL Tax Return

---

**Copy 2 — Bottom Right**

| | |
|---|---|
| 1 Wages, tips, other compensation  48420.54 | 2 Federal income tax withheld |
| 3 Social security wages  48420.54 | 4 Social security tax withheld  3002.07 |
| 5 Medicare wages and tips  48420.54 | 6 Medicare tax withheld  702.10 |
| a Control number  00151729 | Employer use only |
| b Employer's FED ID number  94-0745535 | d Employee's SSA number  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 |

c Employer's name, address, and ZIP code

Pacific Bell Telephone Company
909 Chestnut St, 28K07
St. Louis MO 63101-3002

| | |
|---|---|
| 7 Social security tips | 8 Allocated tips |
| 9 Advance EIC payment | 10 Dependent care benefits |
| 11 Nonqualified plans | 12a See instructions for box 12 |
| 13 Statutory employee / Retirement plan X / Third-Party Sick pay | 12b |
| 14 Other  CA SDI Tax  571.36 | 12c |
| | 12d |

e Employee's first name and initial    Last name

JOYCE R JONES
31205 KIMBERLY CT.
UNION CITY CA 94587

f Employee's address and ZIP code

| 15 State CA  Employer's state ID  002-2238-0 | 18 Local wages, tips, etc |
| 16 State wages, tips, etc.  48420.54 | 19 Local income tax |
| 17 State income tax | 20 Locality name |

Form W-2  OMB. No. 1545-0008  Wage and Tax Statement  2004
Dept. of the Treasury - Internal Revenue Service
Copy 2 To Be Filed With Employee's CITY or LOCAL Income Tax Return

### Top Left W-2

| | |
|---|---|
| 1 Wages, tips, other compensation 48006.62 | 2 Federal income tax withheld |
| 3 Social security wages 48006.62 | 4 Social security tax withheld 2976.41 |
| 5 Medicare wages and tips 48006.62 | 6 Medicare tax withheld 696.10 |
| a Control number 00151729 | Employer use only |
| b Employer's FED ID number 94-0745535 | d Employee's SSA number 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 |

c Employer's name, address and ZIP code

Pacific Bell Telephone Company
909 Chestnut St, 28K07
St Louis MO 63101-3002

| | |
|---|---|
| 7 Social security tips | 8 Allocated tips |
| 9 Advance EIC payment | 10 Dependent care benefits |
| 11 Nonqualified plans | 12a See Instructions for box 12 C 1.80 |
| 13 Statutory employee / Retirement plan X / Third-Party Sick pay | 12b |
| 14 Other CA SDI Tax 518.45 | 12c |
| | 12d |

e Employee's first name and initial    Last name

JOYCE R JONES
31205 KIMBERLY CT.
UNION CITY CA 94587

f Employee's address and ZIP code

| 15 State CA Employer's state ID 002-2238-0 | 16 Local wages, tips, etc |
| 16 State wages, tips, etc. 48006.62 | 19 Local income tax |
| 17 State income tax | 20 Locality name |

Form W-2  OMB. No. 1545-0008  Wage and Tax Statement 2005  Dept. of the Treasury - Internal Revenue Service. This information is being furnished to the IRS. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it.
Copy C for Employee's records

### Top Right W-2

| | |
|---|---|
| 1 Wages, tips, other compensation 48006.62 | 2 Federal income tax withheld |
| 3 Social security wages 48006.62 | 4 Social security tax withheld 2976.41 |
| 5 Medicare wages and tips 48006.62 | 6 Medicare tax withheld 696.10 |
| a Control number 00151729 | Employer use only |
| b Employer's FED ID number 94-0745535 | d Employee's SSA number 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 |

c Employer's name, address and ZIP code

Pacific Bell Telephone Company
909 Chestnut St, 28K07
St Louis MO 63101-3002

| | |
|---|---|
| 7 Social security tips | 8 Allocated tips |
| 9 Advance EIC payment | 10 Dependent care benefits |
| 11 Nonqualified plans | 12a See Instructions for box 12 C 1.80 |
| 13 Statutory employee / Retirement plan X / Third-Party Sick pay | 12b |
| 14 Other CA SDI Tax 518.45 | 12c |
| | 12d |

e Employee's first name and initial    Last name

JOYCE R JONES
31205 KIMBERLY CT.
UNION CITY CA 94587

f Employee's address and ZIP code

| 15 State CA Employer's state ID 002-2238-0 | 16 Local wages, tips, etc |
| 16 State wages, tips, etc. 48006.62 | 19 Local income tax |
| 17 State income tax | 20 Locality name |

Form W-2  OMB. No. 1545-0008  Wage and Tax Statement 2005  Dept. of the Treasury - Internal Revenue Service
Copy 2 To Be Filed With Employee's STATE Income Tax Return

### Bottom Left W-2

| | |
|---|---|
| 1 Wages, tips, other compensation 48006.62 | 2 Federal income tax withheld |
| 3 Social security wages 48006.62 | 4 Social security tax withheld 2976.41 |
| 5 Medicare wages and tips 48006.62 | 6 Medicare tax withheld 696.10 |
| a Control number 00151729 | Employer use only |
| b Employer's FED ID number 94-0745535 | d Employee's SSA number 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 |

c Employer's name, address and ZIP code

Pacific Bell Telephone Company
909 Chestnut St, 28K07
St Louis MO 63101-3002

| | |
|---|---|
| 7 Social security tips | 8 Allocated tips |
| 9 Advance EIC payment | 10 Dependent care benefits |
| 11 Nonqualified plans | 12a See Instructions for box 12 C 1.80 |
| 13 Statutory employee / Retirement plan X / Third-Party Sick pay | 12b |
| 14 Other CA SDI Tax 518.45 | 12c |
| | 12d |

e Employee's first name and initial    Last name

JOYCE R JONES
31205 KIMBERLY CT.
UNION CITY CA 94587

f Employee's address and ZIP code

| 15 State CA Employer's state ID 002-2238-0 | 16 Local wages, tips, etc |
| 16 State wages, tips, etc. 48006.62 | 19 Local income tax |
| 17 State income tax | 20 Locality name |

Form W-2  OMB. No. 1545-0008  Wage and Tax Statement 2005  Dept. of the Treasury - Internal Revenue Service
Copy B To Be Filed With Employee's FEDERAL Tax Return

### Bottom Right W-2

| | |
|---|---|
| 1 Wages, tips, other compensation 48006.62 | 2 Federal income tax withheld |
| 3 Social security wages 48006.62 | 4 Social security tax withheld 2976.41 |
| 5 Medicare wages and tips 48006.62 | 6 Medicare tax withheld 696.10 |
| a Control number 00151729 | Employer use only |
| b Employer's FED ID number 94-0745535 | d Employee's SSA number 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 |

c Employer's name, address and ZIP code

Pacific Bell Telephone Company
909 Chestnut St, 28K07
St Louis MO 63101-3002

| | |
|---|---|
| 7 Social security tips | 8 Allocated tips |
| 9 Advance EIC payment | 10 Dependent care benefits |
| 11 Nonqualified plans | 12a See Instructions for box 12 C 1.80 |
| 13 Statutory employee / Retirement plan X / Third-Party Sick pay | 12b |
| 14 Other CA SDI Tax 518.45 | 12c |
| | 12d |

e Employee's first name and initial    Last name

JOYCE R JONES
31205 KIMBERLY CT.
UNION CITY CA 94587

f Employee's address and ZIP code

| 15 State CA Employer's state ID 002-2238-0 | 16 Local wages, tips, etc |
| 16 State wages, tips, etc. 48006.62 | 19 Local income tax |
| 17 State income tax | 20 Locality name |

Form W-2  OMB. No. 1545-0008  Wage and Tax Statement 2005  Dept. of the Treasury - Internal Revenue Service
Copy 2 To Be Filed With Employee's CITY or LOCAL Income Tax Return

## Top-left W-2

| | | |
|---|---|---|
| 1 Wages, tips, other compensation 52058.13 | 2 Federal income tax withheld | |
| 3 Social security wages 52058.13 | 4 Social security tax withheld 3227.60 | |
| 5 Medicare wages and tips 52058.13 | 6 Medicare tax withheld 754.84 | |
| a Control number 00151729 | Employer use only | |
| b Employer's FED ID number 94-0745535 | d Employee's SSA number 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 | |
| c Employer's name, address, and ZIP code | | |

Pacific Bell Telephone Company
909 Chestnut St, 28K07
St. Louis MO 63101-3002

| | |
|---|---|
| 7 Social security tips | 8 Allocated tips |
| 9 Advance EIC payment | 10 Dependent care benefits |
| 11 Nonqualified plans | 12a See instructions for box 12 C 3.20 |
| 13 Statutory employee / Retirement plan X / Third-Party Sick pay | 12b |
| 14 Other CA SDI Tax 416 44 | 12c |
| | 12d |
| e Employee's first name and initial     Last name     Suff. | |

JOYCE R JONES
31205 KIMBERLY CT.
UNION CITY CA 94587

f Employee's address and ZIP code

| 15 State CA | Employer's state ID 002-2238-0 | 18 Local wages, tips, etc. |
|---|---|---|
| 16 State wages, tips, etc. 52058.13 | | 19 Local income tax |
| 17 State income tax | | 20 Locality name |

Form **W-2**   OMB. No. 1545-0008   Wage and Tax Statement **2006**   Dept. of the Treasury - Internal Revenue Service. This information is being furnished to the IRS. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it.
Copy C for Employee's records

## Top-right W-2

| | | |
|---|---|---|
| 1 Wages, tips, other compensation 52058.13 | 2 Federal income tax withheld | |
| 3 Social security wages 52058.13 | 4 Social security tax withheld 3227.60 | |
| 5 Medicare wages and tips 52058.13 | 6 Medicare tax withheld 754.84 | |
| a Control number 00151729 | Employer use only | |
| b Employer's FED ID number 94-0745535 | d Employee's SSA number 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 | |
| c Employer's name, address, and ZIP code | | |

Pacific Bell Telephone Company
909 Chestnut St, 28K07
St. Louis MO 63101-3002

| | |
|---|---|
| 7 Social security tips | 8 Allocated tips |
| 9 Advance EIC payment | 10 Dependent care benefits |
| 11 Nonqualified plans | 12a See instructions for box 12 C 3.20 |
| 13 Statutory employee / Retirement plan X / Third-Party Sick pay | 12b |
| 14 Other CA SDI Tax 416 44 | 12c |
| | 12d |
| e Employee's first name and initial     Last name     Suff. | |

JOYCE R JONES
31205 KIMBERLY CT.
UNION CITY CA 94587

f Employee's address and ZIP code

| 15 State CA | Employer's state ID 002-2238-0 | 18 Local wages, tips, etc. |
|---|---|---|
| 16 State wages, tips, etc. 52058.13 | | 19 Local income tax |
| 17 State income tax | | 20 Locality name |

Form **W-2**   OMB. No. 1545-0008   Wage and Tax Statement **2006**   Dept. of the Treasury - Internal Revenue Service
Copy 2 To Be Filed With Employee's STATE Income Tax Return

## Bottom-left W-2

| | | |
|---|---|---|
| 1 Wages, tips, other compensation 52058.13 | 2 Federal income tax withheld | |
| 3 Social security wages 52058.13 | 4 Social security tax withheld 3227.60 | |
| 5 Medicare wages and tips 52058.13 | 6 Medicare tax withheld 754.84 | |
| a Control number 00151729 | Employer use only | |
| b Employer's FED ID number 94-0745535 | d Employee's SSA number 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 | |
| c Employer's name, address, and ZIP code | | |

Pacific Bell Telephone Company
909 Chestnut St, 28K07
St. Louis MO 63101-3002

| | |
|---|---|
| 7 Social security tips | 8 Allocated tips |
| 9 Advance EIC payment | 10 Dependent care benefits |
| 11 Nonqualified plans | 12a See instructions for box 12 C 3.20 |
| 13 Statutory employee / Retirement plan X / Third-Party Sick pay | 12b |
| 14 Other CA SDI Tax 416 44 | 12c |
| | 12d |
| e Employee's first name and initial     Last name     Suff. | |

JOYCE R JONES
31205 KIMBERLY CT.
UNION CITY CA 94587

f Employee's address and ZIP code

| 15 State CA | Employer's state ID 002-2238-0 | 18 Local wages, tips, etc. |
|---|---|---|
| 16 State wages, tips, etc. 52058.13 | | 19 Local income tax |
| 17 State income tax | | 20 Locality name |

Form **W-2**   OMB. No. 1545-0008   Wage and Tax Statement **2006**   Dept. of the Treasury - Internal Revenue Service
Copy B To Be Filed With Employee's FEDERAL Tax Return

## Bottom-right W-2

| | | |
|---|---|---|
| 1 Wages, tips, other compensation 52058.13 | 2 Federal income tax withheld | |
| 3 Social security wages 52058.13 | 4 Social security tax withheld 3227.60 | |
| 5 Medicare wages and tips 52058.13 | 6 Medicare tax withheld 754.84 | |
| a Control number 00151729 | Employer use only | |
| b Employer's FED ID number 94-0745535 | d Employee's SSA number 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 | |
| c Employer's name, address, and ZIP code | | |

Pacific Bell Telephone Company
909 Chestnut St, 28K07
St. Louis MO 63101-3002

| | |
|---|---|
| 7 Social security tips | 8 Allocated tips |
| 9 Advance EIC payment | 10 Dependent care benefits |
| 11 Nonqualified plans | 12a See instructions for box 12 C 3.20 |
| 13 Statutory employee / Retirement plan X / Third-Party Sick pay | 12b |
| 14 Other CA SDI Tax 416 44 | 12c |
| | 12d |
| e Employee's first name and initial     Last name     Suff. | |

JOYCE R JONES
31205 KIMBERLY CT.
UNION CITY CA 94587

f Employee's address and ZIP code

| 15 State CA | Employer's state ID 002-2238-0 | 18 Local wages, tips, etc. |
|---|---|---|
| 16 State wages, tips, etc. 52058.13 | | 19 Local income tax |
| 17 State income tax | | 20 Locality name |

Form **W-2**   OMB. No. 1545-0008   Wage and Tax Statement **2006**   Dept. of the Treasury - Internal Revenue Service
Copy 2 To Be Filed With Employee's CITY or LOCAL Income Tax Return

1   LAFAYETTE & KUMAGAI LLP
    GARY T. LAFAYETTE (State Bar No. 088666)
2   SUSAN T. KUMAGAI (State Bar No. 127667)
    DENNIS W. HAYASHI (State Bar No. 087077)
3   100 Spear Street, Suite 600
    San Francisco, California 94105
4   Telephone:   (415) 357-4600
    Facsimile:    (415) 357-4605
5
    Attorneys for AT&T CORPORATION
6
    LAW OFFICES OF WAUKEEN Q. McCOY
7   WAUKEEN Q. McCOY, ESQ. (State Bar No. 168228)
    SPENCER SMITH, ESQ. (State Bar No. 236587)
8   The Central Tower
    703 Market Street, Suite 1407
9   San Francisco, California 94103
    Telephone:   (415) 675-7705
10  Facsimile:    (415) 675-2530

11  Attorney of Plaintiff JOYCE JONES

12              UNITED STATES DISTRICT COURT

13        FOR THE NORTHERN DISTRICT OF CALIFORNIA

14

15  JOYCE JONES, an individual,              Case No .C07-3888 PVT

16            Plaintiff,
                                             **STIPULATION TO EXTEND TIME**
17  vs.                                      **TO FILE RESPONSIVE PLEADING**

18  AT&T, a corporation doing business in
    California; PACIFIC BELL TELEPHONE
19  COMPANY; STEPHANIE CHANDLER, an
    individual; CINDY TSUE, an individual;
20  GABRIEL REYES, an individual,

21            Defendants.

22

23      WHEREAS plaintiff Joyce Jones ("plaintiff") and defendant AT&T Corporation

24  ("defendant") (collectively, the "Parties") agree to extend the time for AT&T Corporation to file

25  a responsive pleading (including, but not limited to, a motion to dismiss pursuant to FRCP Rule

26  12) to January 18, 2008.

27      WHEREAS, AT&T Corporation does not waive any right to assert the defense of lack of

28  jurisdiction by entering into this stipulation.

                                                                                    1

    STIPULATION TO EXTEND TIME TO FILE RESPONSIVE PLEADING
    (Case No  C07-3888 PVT)

1    IT IS HEREBY STIPULATED by and between the parties as follows:

2    1.    The last day for AT&T Corporation to file a responsive pleading to plaintiff's

3  Amended Complaint in the above-caption action shall be extended to January 18, 2008.

4

5  DATED:  January ___, 2008              LAW OFFICES OF WAUKEEN Q. McCOY

6

7

8                                         _____
                                          SPENCER SMITH
9                                         Attorneys for Plaintiff
                                          JOYCE JONES
10

11 DATED:  January ___, 2008              LAFAYETTE & KUMAGAI LLP

12

13                                        _____
                                          SUSAN T. KUMAGAI
14                                        Attorneys for Defendant
                                          AT&T CORPORATION
15

16         I hereby attest that I have on file all holograph signatures for any
       signatures indicated by a "conformed" signature (/s/) within this
17     efiled document.

18

19

20

21

22

23

24

25

26

27

28

                                                                              2

STIPULATION TO EXTEND TIME TO FILE RESPONSIVE PLEADING
(Case No. C07-3888 PVT)

1

## CERTIFICATE OF SERVICE

2

    I certify that a copy of this document was served electronically on January 4, 2008 on

3

counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by use of the Court's ECF system.

4

5

                        */s/Susan T. Kumagai*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

STIPULATION TO EXTEND TIME TO FILE RESPONSIVE PLEADING
(Case No. C07-3888 PVT)

# EXHIBIT F

703 Market Street. Suite 1407
San Francisco, CA 94103
Web: www.waukeenmccoy com

*Law Offices of*
*Waukeen Q. McCoy*

Phone: (415) 675-7705
Facsimile: (415) 675-2530
Email: mail@waukeenmccoy.com

January 9, 2008

**VIA FACSIMILE AND U.S.MAIL**

Susan Kumagai, Esq.
Lafayette & Kumagai LLP
100 Spear Street, Suite 600
San Francisco, a 94105
Fax: 415 357.4605

Re: Joyce Jones v Pac Bell et al .

Dear Ms Kumagai:

    This letter serves to clarify several misrepresentations contained in your letter dated January 4, 2008 In our phone conversation on January 4th I informed you that I would have to confer with my client and Waukeen McCoy before responding to your request to dismiss AT&T I also stated that I needed to confer with my client and Waukeen McCoy regarding the stipulation to extend time I have conferred with my client and Waukeen McCoy on both matters and we have decided it is not in the client's best interest to dismiss AT & T or to agree to the stipulation

                    Sincerely,

                    Spencer Smith,Esq.

**EXHIBIT F**