**Exhibit F**

```
 1  WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
    LAW OFFICES OF WAUKEEN Q. McCOY
 2  The Central Tower
    703 Market Street, Suite 1407
    San Francisco, California 94103
 3  Telephone (415) 675-7705
    Facsimile (415) 675-2530
 4
    Attorney for Plaintiff
 5  JOYCE JONES
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| JOYCE JONES, an individual, | ) Case No. C 07-03888 PVT |
|---|---|
| Plaintiff, | ) UNLIMITED JURISDICTION |
| vs. | ) **PLAINTIFF'S OPPOSITION TO DEFENDANT AT&T'S ADMINISTRATIVE APPLICATION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S AMENDED COMPLAINT** |
| AT&T, a corporation doing business in California; PACIFIC BELL TELEPHONE COMPANY; STEPHANIE CHANDLER, an individual; CINDY TSUE, an individual; GABRIEL REYES, an individual; | ) |
| Defendants. | ) |

Plaintiff, through her counsel of record herein, hereby opposes Defendant AT&T's Administrative Application to Extend Time to Respond to Plaintiff's Amended Complaint. This opposition is based on the Memorandum of Points and Authorities in Opposition and the attached Declaration of Spencer Smith ("Smith Declaration") in opposition.

///

///

OPPOSITION TO APPLICATION FOR ADMINISTRATIVE RELIEF

1                                                                    **Exhibit F**

## I. FACTUAL BACKGROUND

On November 21, 2007 Plaintiff filed a First Amended Complaint naming AT&T as a Defendant. (Docket # 6). Defendant AT&T was served with the First Amended Complaint on November 26, 2007 (Docket # 11), with a responsive pleading due December 16, 2007. Id. That day came and went with no responsive pleading filed.

Then on January 4, 2008, counsel for Defendants, 19 days after a response was due, counsel for Defendant called for an extension of time, and requested that AT&T be dismissed (Kumagai Decl, ¶ 8 ). Plaintiff's counsel stated that he would check with the client and Mr. McCoy to determine whether an extension would be given. (Smith Decl., ¶4, Exhibit "A").

## II. LAW AND ARGUMENT

### A. Counsel for Plaintiff Never Stipulated to Dismissal Nor Extension.

Defendant's motion should be denied because it is based on a false premise: that counsel for Plaintiff agreed to an extension of time for Defendant to file a responsive pleading. As set forth in the Smith Declaration, counsel made no such agreement, and was asking for proof that Defendant AT&T was never Plaintiff's employer under Title VII (Smith Decl., ¶3). Furthermore, Defendant AT&T has demonstrated no prejudice flowing from the alleged agreement. AT&T should simply answer the complaint. Counsel for Plaintiff has indicated that default would not be entered if an answer was filed in a reasonable amount of time.

Defendant does not offer a written stipulation because counsel did not enter into a stipulation of any kind (Smith Decl, ¶4). That fact is evidenced by the letter sent by counsel for Plaintiff on January 9, 2008, in which Plaintiff specifically denied the request to dismiss AT&T and denied the request for an extension. (Exhibit "A" to Smith Decl.).

Upon learning of the pending Application, counsel for Plaintiff wrote a letter to opposing counsel, Ms. Kumagai, demanding that she withdraw her application because it is based upon a falsehood, that Plaintiff's counsel stipulated to an extension of time or to the dismissal of AT&T. (Exhibit "B" to Smith Decl.). The gamesmanship demonstrated by counsel for the defense has

OPPOSITION TO APPLICATION FOR ADMINISTRATIVE RELIEF

2

required Plaintiff's counsel to request that all future communications with Ms. Kumagai be in writing, or with a Court reporter.

### B. Defendant Has Shown No Excusable Neglect.

In order to obtain the administrative relief requested by Defendants, there must be a showing of excusable neglect. Federal Rule of Civil Procedure ("FRCP") 6(b)(2) provides that the court may enlarge the specified time period for an act "upon motion made after the expiration of the specified period ... where the failure to act was the result of excusable neglect." The text of FRCP 6(b) places the burden of showing "excusable neglect" on the party moving for an enlargement of time. *Marshall v. Gates*, 812 F.Supp. 1050, 1053 (C.D.Cal.1993) (although plaintiff's attorney claimed that the combination of his engagement in trial and his clients incarceration made it physically impossible to comply with the prescribed deadline, the court concluded that "neither of these two excuses singularly or in combination constitute excusable neglect to justify the untimely filing"), rev'd on other grounds, 39 F.3d 1046 (1994).

The inquiry for the Court in determining excusable neglect "is an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The relevant factors include "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 (9th Cir.1996). Here, Defendant has shown none of these factors.

Here, Defendants have shown absolutely no cause why they did not answer the complaint when it was due on December 16, 2007. As a professional courtesy, counsel for Plaintiff informed defense counsel that Plaintiff would not enter a default if an answer was filed and served in a reasonable amount of time (Smith Decl., ¶3). The answer was due December 16, 2007. Counsel for Defendants offer no cogent reason why they could not file an answer at that time. Instead, weeks after a response is due, Defense counsel requests an extension of time. That is not good faith; Defendant has failed to meet its burden.

OPPOSITION TO APPLICATION FOR ADMINISTRATIVE RELIEF

3

1   Defendant has demonstrated no prejudice from having to file an answer in this matter. As
2   such, the application for administrative relief should be denied.
3
4
5   Dated: JANUARY 15, 2008                    LAW OFFICES OF WAUKEEN McCOY
6                                       By      /S/Waukeen McCoy
                                                Waukeen Q. McCoy
7                                               Attorneys for Plaintiff
                                                Joyce Jones
8

28  OPPOSITION TO APPLICATION FOR ADMINISTRATIVE RELIEF

WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
LAW OFFICES OF WAUKEEN Q. McCOY
The Central Tower
703 Market Street, Suite 1407
San Francisco, California 94103
Telephone (415) 675-7705
Facsimile (415) 675-2530

Attorney for Plaintiff
JOYCE JONES

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE JONES, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> AT&T, a corporation doing business in California; PACIFIC BELL TELEPHONE COMPANY; STEPHANIE CHANDLER, an individual; CINDY TSUE, an individual; GABRIEL REYES, an individual; <br><br> Defendants. | Case No. C 07-03888 PVT <br><br> UNLIMITED JURISDICTION <br><br> **DECLARATION OF SPENCER SMITH IN OPPOSITION TO DEFENDANT AT&T'S ADMINISTRATIVE APPLICATION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S AMENDED COMPLAINT** |

I, Spencer Smith, declare as follows:

1. I am an attorney licensed to practice law in the State of California, and I am an associate in the Law Offices of Waukeen McCoy, counsel of record for Plaintiff in this matter.

2. I have personal knowledge of the facts contained herein, and if called to testify would do so competently thereto.

3. On January 4, 2007, I spoke via telephone with counsel for Defendant AT&T, Ms.

DECLARATION OF SPENCER SMITH

1

Kumagai; wherein she again requested that Plaintiff dismiss AT&T. I denied the request, and asked that she submit proof that AT&T was never Plaintiff's employer for purposes of Title VII. I denied her request for an extension of time and told her we would not file a default on AT&T if we had an answer within a reasonable amount of time.

4. Ms. Kumagai then wrote a letter (faxed after the close of business January 4, 2008) which purported to state that we had entered into a stipulation concerning dismissal of AT&T, or for an extension of time. I reviewed the documents she submitted and then corrected her concerning whether we had stipulated to anything during our January 4 conversation. A true and correct copy of my facsimile correspondence of January 9, 2008 is attached hereto as Exhibit "A".

5. Upon learning that Ms. Kumagai had filed her Application for Administrative relief on January 14, 2008 without including my facsimile letter of January 9, 2008, our office was forced to request that all future communications with Ms. Kumagai be in writing or with a Court reporter present, given her demonstrated overreaching and serious factual omissions. A true and correct copy of that letter is attached hereto as Exhibit "B"

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct,

Dated: JANUARY 15, 2008

DECLARANT

DECLARATION OF SPENCER SMITH

2

EXHIBIT "A"

*Law Offices of*
**Waukeen Q. McCoy**

703 Market Street, Suite 1407
San Francisco, CA 94103
Web: www.waukeenmccoy.com

Phone: (415) 675-7705
Facsimile: (415) 675-2530
Email: mail@waukeenmccoy.com

January 9, 2008

**VIA FACSIMILE AND U.S.MAIL**

Susan Kumagai, Esq.
Lafayette & Kumagai LLP
100 Spear Street, Suite 600
San Francisco, a 94105
Fax: 415.357.4605

Re: Joyce Jones v Pac Bell et al.

Dear Ms. Kumagai:

    This letter serves to clarify several misrepresentations contained in your letter dated January 4, 2008. In our phone conversation on January 4th I informed you that I would have to confer with my client and Waukeen McCoy before responding to your request to dismiss AT&T. I also stated that I needed to confer with my client and Waukeen McCoy regarding the stipulation to extend time. I have conferred with my client and Waukeen McCoy on both matters and we have decided it is not in the client's best interest to dismiss AT & T or to agree to the stipulation.

Sincerely,

Spencer Smith, Esq.

EXHIBIT "B"

703 Market Street, Suite 1407
San Francisco, CA 94103
Web: www.mccoyslaw.com

*Law Offices of*
*Waukeen Q. McCoy*

Phone: (415) 675-7705
Facsimile: (415) 675-2530
Email: mail@mccoyslaw.com

VIA FACSIMILE and U.S. MAIL 415-357-4605

January 15, 2008

Susan Kumagai, Esq.
Lafayette & Kumagai LLP
100 Spear St., Suite 600
San Francisco, CA 94105

Re:   Jones v. Pac Bell, et. al.

Dear Ms. Kumagai:

Your recent filing in the above-referenced matter is extremely troubling. My office never agreed to dismiss AT&T from this matter and we did not stipulate to any extension of time. Your representations to the Court are false. This is especially true since you omitted from your submission to the Court the fax letter from Spencer Smith of my office to you dated January 9, 2008, in which we informed you that, after consulting with the client, we would not be able to dismiss AT&T at this stage nor enter into any stipulation which prolongs the litigation.

Given that you have so egregiously misrepresented to the Court the substance and sequence of voice communications with my office I must request that all future communications by you with our office be in writing only. If there is an absolute need for voice communications we will do so with a court reporter present. This restriction does not at this time apply to other members of your firm, who are welcome to engage in voice communication in addition to written communication.

Finally, please withdraw your pending motion, as it is made without any factual foundation.

Very truly yours,

LAW OFFICES OF WAUKEEN Q. McCOY

WAUKEEN Q. McCOY