WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
LAW OFFICES OF WAUKEEN Q. McCOY
The Central Tower
703 Market Street, Suite 1407
San Francisco, California 94103
Telephone (415) 675-7705
Facsimile (415) 675-2530

Attorney for Plaintiff
JOYCE JONES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE JONES, an individual,<br><br>Plaintiff,<br><br>vs.<br><br><br>AT&T, a corporation doing business in California; PACIFIC BELL TELEPHONE COMPANY; STEPHANIE CHANDLER, an individual; CINDY TSUE, an individual; GABRIEL REYES, an individual;<br><br>Defendants. | Case No. C 07-03888 JF<br><br>UNLIMITED JURISDICTION<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT AT&T'S MOTION TO DISMISS** |

Plaintiff, through her counsel of record herein, hereby opposes Defendant AT&T's Motion to Dismiss.

## I. INTRODUCTION

Defendants assert Plaintiff's causes of action cannot proceed under Title VII and FEHA against Defendant, AT&T. because AT&T is not Plaintiff's "employer" within the meaning of

OPPOSITION TO MOTION TO DISMISS

1

Title VII and FEHA. See 42 U.S.C. § 2000e-2; Cal. Gov. Code § 12920 (making it unlawful employment practice for an employer to discriminate).

## II. LAW AND ARGUMENT

### A. TITLE VII

Under federal law, courts have looked at various factors to determine whether an alleged employer had sufficient control over an employee to be held liable under a "joint employer" theory. For instance, the court in Morgan v. Safeway Stores, Inc. evaluated the following factors in determining whether two businesses should be treated as a single employer for Title VII purposes: (1) interrelated operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership or financial control. *Childs v. Local 18, Int'l Brotherhood of Electrical Workers*, 719 F.2d 139, 1382 (9th Cir.1983)).

In addition, guidelines have been developed to determine joint employee status applicable to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-210, and the Migrant and Seasonal Agricultural Worker Protection Act (AWPA), 29 U.S.C. §§ 1801-1872. See *Moreau v. Air France*, 356 F.3d 942, 946-48 (9th Cir. 2003); *Torres-Lopez v.. May*, 111 F.3d 633, 639 (9th Cir.1997); *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir.1983); *Laird v. Capital Cities/ABC, Inc.* (1998) 68 CA4th 727, 737–738, 80 CR2d 454, 460–461. In *Bonnette*, the court focused on "whether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of payment, (3) determined the rate and method of payment, and (4) maintained employment records." 704 F.2d at 1470. In *Torres-Lopez,* the court considered similar factors: "(1) the nature and degree of control of the workers; (2) the degree of supervision, direct or indirect, of the work; (3) the power to determine the pay rates or the methods of payment of the workers; (4) the right, directly or indirectly, to

OPPOSITION TO MOTION TO DISMISS

hire, fire, or modify the employment conditions of the workers; and (5) the preparation of payroll and the payment of wages." 111 F.3d at 639-40 (citing 29 C.F.R. § 500.20(h)(4)(ii)).  These same factors are applicable to determining joint or indirect employer status under Title VII. *Laird v. Capital Cities/ABC, Inc.* (1998) 68 CA4th 727, 737–738, 80 CR2d 454, 460–461.

As pled by the Plaintiff, AT&T controlled Plaintiff's work environment and the policies and procedures used in handling Plaintiff's claims of discrimination.   Essentially, Plaintiffs asserts that AT&T was responsible for directing and controlling the discriminatory practices she experienced. In light of the liberal pleading standards of FRCP Rule 8, and Plaintiff's allegations concerning the discriminatory practices she experienced during her employment her claims should survive defendants' Motion to Dismiss as Plaintiff has sufficiently alleged an "employment" relationship between the Pacific Bell Defendants and AT&T. See 29 C.F.R. § 791.2 (a "joint employment" situation will exist "[w]here one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee.").

Defense counsel faxed W-2 forms to Plaintiff's counsel that contain PacBell as the payor for tax purposes.  While relevant in establishing an employment relationship, such information is by no means determinative.   Compensation is one of the various factors that must be analyzed to determine whether an employment relationship exists.

Under the notice pleading of Rule 8 and the controlling state law interpreting FEHA, Plaintiff has sufficiently alleged an employment relationship between the Plaintiffs, Pacific Bell, and AT&T.   If indeed discovery demonstrates that AT&T has no control over the Plaintiff's terms and conditions of employment, has no authority to impact employee discipline or to take actions that would remedy the discriminatory conditions suffered by Plaintiff, then AT&T can

OPPOSITION TO MOTION TO DISMISS

bring a motion at the appropriate time. There is simply no basis, prior to initial disclosures for AT&T to be dismissed from the case.

**B.     FEHA**

FEHA prohibits only "an employer" from engaging in improper discrimination. Cal. Gov.Code § 12940; *Vernon v. State*, 116 Cal.App.4th 114, 123, 10 Cal.Rptr.3d 121 (2004). "The fundamental foundation for liability is the existence of an employment relationship between the one who discriminates against another and that other who finds himself the victim of that discrimination." *Id.* (internal quotations omitted).

California courts have held that dual or joint employers may exist for the purposes of FEHA when "both [employers] have the right to exercise certain powers of control over the employee." *Mathieu v. Norrell Corp.*, 115 Cal.App.4th 1174, 1183, 10 Cal.Rptr.3d 52 (2004) (quoting *Kowalksi v. Shell Oil Co.*, 23 Cal.3d 168, 174, 151 Cal.Rptr. 671, 588 P.2d 811 (1979)). The key principle in evaluating whether a defendant is an employer is that the court must look at the totality of the circumstances, "with emphasis upon the extent to which the defendant controls the plaintiff's performance of employment duties." *Vernon*, 116 Cal.App.4th at 124, 10 Cal.Rptr.3d 121. In viewing the totality of the circumstances, the court may also look to factors such as: (1) the nature and degree of control over employees; (2) the day-to-day supervision of employees, including discipline; (3) the authority to hire and fire employees and set conditions of employment; (4) the power to set conditions of employment; and (5) control of employee records, including payroll. See *Jones v. County of Los Angeles*, 99 Cal.App.4th 1039, 1045-46, 121 Cal.Rptr.2d 621 (2002); see also *Torres-Lopez v. May*, 111 F.3d 633, 639-40 (9th Cir.1997). No one factor is decisive, and "the precise contours of an employment relationship can only be

OPPOSITION TO MOTION TO DISMISS

established by a careful factual inquiry." *Vernon*, 116 Cal.App.4th at 125, 10 Cal.Rptr.3d 121 (quoting *Graves v. Lowery*, 117 F.3d 723, 729 (3d Cir.1997)).

However, "the extent of the defendant's right to control the means and manner of the worker's performance is the most important." Id.  This inquiry "considers the level of control an organization asserts over an individual's access to employment opportunities." Id. "Further, the control an organization asserts must be significant, and there must be sufficient indicia of an interrelationship to justify the belief on the part of an aggrieved employee that the alleged co-employer is jointly responsible for the acts of the immediate employer." Id.

Accordingly, there may be more than one "employer" pursuant to FEHA.  The fact that Pacific Bell Telephone Company employed Plaintiff  does not preclude Plaintiffs' allegations that AT&T defendants also jointly employed the workers.
As pled by the Plaintiff,  AT&T.   Essentially, Plaintiffs asserts that AT&T was responsible for directing and controlling the discriminatory practices she experienced. In light of the liberal pleading standards of Federal Rule 8, and Plaintiff's allegations concerning the discriminatory practices she experienced during her employment her claims should survive defendants Motion to Dismiss as Plaintiff has sufficiently alleged an "employment" relationship between the Pacific Bell Defendants and tAT&T. See 29 C.F.R. § 791.2 (a "joint employment" situation will exist "[w]here one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee.").

Under the notice pleading of Rule 8 and the controlling state law interpreting FEHA, Plaintiff has sufficiently alleged an employment relationship between the Plaintiffs, Pacific Bell, and AT&T.

OPPOSITION TO MOTION TO DISMISS

**C. DEFENDANTS' REQUEST FOR SANCTIONS SHOULD BE DENIED.**

There is no basis for sanctions here. Defendant cites no authority whatsoever for its claim of sanctions. Defendant cites no facts in support of its claim for sanctions. Defendant has not complied with the procedural requirements of FRCP Rule 11. Therefore, the claim for sanctions is spurious and should be rejected by the Court.

**III. CONCLUSION**

Plaintiff has successfully pled that AT&T and Pacific Bell were the "joint" employers of the Plaintiff. Accordingly, Defendants' motion to dismiss Plaintiff's action against AT&T must be denied.

Dated: JANUARY 15, 2008                     LAW OFFICES OF WAUKEEN McCOY

                                By          /S/Waukeen McCoy
                                            Waukeen Q. McCoy
                                            Attorneys for Plaintiff
                                            Joyce Jones

OPPOSITION TO MOTION TO DISMISS