LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
SUSAN T. KUMAGAI (State Bar No. 127667)
DENNIS W. HAYASHI (State Bar No. 087077)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:  (415) 357-4600
Facsimile:  (415) 357-4605

Attorneys for Defendant
AT&T Corp.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE JONES, an individual,<br><br>   Plaintiff,<br><br>vs.<br><br>AT&T, a corporation doing business in California; PACIFIC BELL TELEPHONE COMPANY; STEPHANIE CHANDLER, an individual; CINDY TSUEI, an individual; GABRIEL REYES, an individual,<br><br>   Defendants. | Case No. C07-3888 JF<br><br>**DEFENDANT AT&T CORP.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT AND REQUEST FOR SANCTIONS**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>Date: March 28, 2008<br>Time: 9:00 a.m.<br>Location: Courtroom 5, 4th Floor<br>Judge: Hon. Jeremy Fogel |

## I. INTRODUCTION

Plaintiff Joyce Jones ("Plaintiff") concedes that Pacific Bell Telephone Company (Pacific Bell") was her employer. However, she contends AT&T Corp. ("Defendant") was a joint employer for purposes of liability in this action. No allegations are raised by Plaintiff in support of her contention, nor can she truthfully allege any facts to show interrelation of operations, common management, centralized control of labor relations, common ownership or financial control between Pacific Bell, her former employer, and AT&T Corp., a separate entity incorporated in New York. She cannot truthfully allege that AT&T Corp. controlled her employment in any aspect. Therefore, this action should be dismissed with prejudice against AT&T Corp.

DEFENDANT AT&T CORP.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS AMENDED COMPLAINT AND REQUEST FOR SANCTIONS
(Case No. C07-3888 JF)

1

1   Additionally, by not opposing Defendant's motion to dismiss her claim under the Family
2   Medical Leave Act ("FMLA") because she ran the statute of limitations, Plaintiff concedes this
3   issue and her FMLA claim must be dismissed with prejudice as well.

## II.    ARGUMENT

### A.  AT&T Corp. Must Be Dismissed From This Action Because Plaintiff Has Alleged No Facts To Support Her Contention That AT&T Corp. Was A Joint Employer

In her opposition, Plaintiff relies primarily on authority relating to the Fair Labor Standards Act ("FLSA") to support her argument that AT&T Corp was a "joint employer" with Pacific Bell for purposes of liability for employment discrimination under 42 U.S.C. §1981 ("section 1981"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Fair Employment and Housing Act ("FEHA").

The FLSA is a federal act that establishes minimum wage, overtime pay, recordkeeping and child labor standards affecting workers and employers.

The employment discrimination laws at issue in this case were created to provide workers with a discrimination free workplace. Liability under these anti-discrimination laws require intentional acts by the employer. (DeHorney v. Bank of America National Trust and Savings Association, 879 F.2d 459, 467 (9th Cir. 1989).)

Plaintiff primarily cites to federal regulations relating to FLSA, specifically 29 C.F.R. §791.2(b)(2), in support of her claim that AT&T Corp. was a joint employer under both federal and state anti-discrimination laws. Section 791.2(b)(2) provides as follows:

> (b) Where the employee performs work which simultaneously benefits two or more employers, or works for two or more employers at different times during the work week, a joint employment relationship generally will be considered to exist in situations such as
>
> . . .
>
> **(2) Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee; or**
>
> . . .

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

DEFENDANT AT&T CORP.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT AND REQUEST FOR SANCTIONS
(Case No. C07-3888 JF)

2

The official annotated code refers to Greenberg v. Arsenal Building Corp. (2nd Cir. 1944) 144 F.2d 292, for interpretation of §791.2(b)(2). The Greenberg court found that a corporation that managed a building for the building's owner was a joint "employer" of building maintenance employees within the meaning of the FLSA. Greenberg, supra, 144 F.2d at 294. The Greenberg court explained that the management corporation was "the renting agent for the building, hired the employees, paid them their wages, for which it was reimbursed by the owner, and directed and supervised them in the performance of their duties." (Id.)

Greenberg is inapposite to the instant case. Plaintiff cannot allege AT&T Corp. hired her, paid her wages and/or directed or supervised her in her job duties.

Indeed, for purposes of Plaintiff's joint employer claim she is required to show that the two entities operated as a "joint enterprise" or that one entity acted as the other's agent with respect to employment practices. (Greason v. Southeastern Railroad Associated Bureaus, 650 F.Supp. 1, 3 (N.D. GA 1986).) The requirement to fulfill an integrated enterprise test consists of four factors: (1) interrelation of operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership or financial control. (Kang v. U. Lin America, Inc., 296 F.3d 810, 815 (9th Cir. 2002); Childs v. Local 18, Int'l Brotherhood of Electrical Workers, 719 F.2d 1379, 1382 (9th Cir. 1983)). Again, Plaintiff has not, and cannot, allege these factors.

Under FEHA, two entities may be joint employers if they both have the right to exercise control over the employee. (Vernon v. State of California, 116 Cal.App.4th 114, 126 (2004)). Factors to be considered in determining whether an entity is an employer under FEHA include (1) payment of salary or other employment benefits and social security; (2) ownership of equipment necessary to perform the job; (3) the location where work is performed; (4) the entity's obligation to train the employee; (5) the authority to hire, transfer, promote, discipline or discharge the employee; (6) the skill required of the work performed and the extent to which it is done under the direction of a supervisor; (7) the authority to establish work schedules and assignments; (8) the entity's discretion to determine the amount of compensation earned by the employee; (9) whether the work is part of the entity's regular business operations; (10) the skill required in the particular occupation; (11) the duration of the relationship of the parties; and

3

DEFENDANT AT&T CORP.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT AND REQUEST FOR SANCTIONS
(Case No. C07-3888 JF)

1  (12) the duration of the plaintiff's employment. (Vernon, supra, 116 Cal.App.4th at 115).

2  Further, the absence of direct or indirect remuneration from the entity to the plaintiff, while not controlling, is at least strong evidence that an employment relationship does not exist. (Vernon, supra, Cal.App.4th at 126). This is consistent with California law that a rebuttable presumption exists that an employer is the entity identified as the employer on the employee's federal Form W-2. (Government Code §12928).

7  Plaintiff erroneously attempts to rely on Vernon, to argue that Defendant was a joint employer of the Plaintiff. She simply fails to allege any element necessary to support such a claim. And, in truth, she cannot. Plaintiff merely alleges that "AT&T and/or PACBELL" is a corporation doing business in California." (Complaint, Paragraph 4); that "Plaintiff began her employment with defendant "AT&T and/or PACBELL" on August 14, 2000" (Complaint, Paragraph 10); that Plaintiff filed a complaint with her employer, "AT&T and/or PACBELL" regarding discrimination; that Family Medical Leave benefits were terminated by "AT&T and/or PACBELL (employer)." (Complaint, Paragraph 14); and that Plaintiff filed her complaint with the Department of Fair Employment and Housing "against AT&T and/or PACBELL (employer)." (Complaint, Paragraph 15). Contrary to her opposition papers, Plaintiff fails to allege any facts that show AT&T Corp. controlled Plaintiff's employment in any way.

18  Dismissal is proper when plaintiff can allege no facts to support her claim for relief. (Fednav Ltd. v. Sterling Intern., 572 F.Supp. 1268, 1269 (D.C.Cal.1983). Plaintiff admits that she was employed by Pacific Bell and her allegations are pled against "PACBELL." Plaintiff has pled a violation of a collective bargaining agreement. The only relevant agreement is between Pacific Bell and the Communications Workers of America ("CWA"). (See Defendant's Exh. "A"). Contrary to Plaintiff's assertions, she filed her DFEH charge solely against Pacific Bell, not AT&T Corp. (See Defendant's Exh. "B"). Similarly, Plaintiff's claim for unemployment benefits filed with the Employment Development Department was solely against Pacific Bell. (Defendant's Exh. "C"). Finally, Plaintiff concedes her W-2 Forms show her employer was Pacific Bell. (See Plaintiff's opposition at p. 3, lines 16-18.)

DEFENDANT AT&T CORP.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT AND REQUEST FOR SANCTIONS
(Case No. C07-3888 JF)

Plaintiff concedes that AT&T Corp. is a separate legal entity from Pacific Bell. Her contention that it is a joint employer is meritless and not supported by the authorities cited by her nor any complaint allegation.

AT&T Corp. was never Plaintiff's employer and, as such, has no liability to Plaintiff for employment discrimination under Title VII, FEHA, the FMLA, and/or 42 U.S.C. §1981. As a result, the Amended Complaint against AT&T should be dismissed, with prejudice.

### B. AT&T Corp. is Not Liable to Plaintiff for Intentional Infliction of Emotional Distress

As stated in its motion, and not contested by Plaintiff in her opposition, where a plaintiff cannot allege facts supporting the existence of a duty owed directly to the plaintiff, a tort claim must be dismissed. (Amaya v. Home Ice, Fuel, and Supply Co. (1963) 59 Cal.2d 295, 307).

AT&T Corp. was not Plaintiff's employer and thus owed no legal duty of care to Plaintiff. Therefore, Plaintiff's intentional infliction of emotional distress claim against AT&T Corp. should be dismissed.

### C. Plaintiff Ran the Statute of Limitation for Her FMLA Claim.

Plaintiff does not oppose Defendant's motion to dismiss her claim based on the FMLA. Therefore, Defendant respectfully requests the Court dismiss Plaintiff's FMLA claim with prejudice.

### D. Sanctions Are Warranted

Plaintiff knows Pacific Bell was her employer, not AT&T Corp. Plaintiff has been requested to voluntarily dismiss her action against AT&T Corp. and pursue it against the proper defendant Pacific Bell Telephone Company. Although she twice agreed to dismiss AT&T Corp., she reneged on her promises and now refuses to do so. An award of fees and costs to AT&T Corp. for being forced to file the subject motion justifies an award for attorneys' fees and costs.

DEFENDANT AT&T CORP.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT AND REQUEST FOR SANCTIONS
(Case No. C07-3888 JF)

5

### III. CONCLUSION

Plaintiff has not and cannot allege facts sufficient to state a claim against AT&T Corp. Therefore, AT&T Corp. respectfully requests that its motion to dismiss be granted. Furthermore, because Plaintiff ran the statute of limitations to file a FMLA claim, her claim under the FMLA should be dismissed in its entirety, without leave to amend.

DATED: March 14, 2008

LAFAYETTE & KUMAGAI LLP

/s/ Susan T. Kumagai
SUSAN T. KUMAGAI
Attorneys for Defendant
AT&T INC.

### CERTIFICATE OF SERVICE

I certify that a copy of this document was served electronically on March 14, 2008, on counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by use of the Court's ECF system.

/s/ Susan T. Kumagai

ATT\Jone\Pldg\Mot to dismiss\Reply to mot to dismiss.doc