**E-Filed 03/31/2008**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOYCE JONES,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>AT&T, a corporation doing business in California; PACIFIC BELL TELEPHONE COMPANY; STEPHANIE CHANDLER; CINDY TSUE, and GABRIEL REYES,<br><br>　　　　　　　Defendants. | Case Number C 07-3888 JF (PVT)<br><br>ORDER[1] GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART<br><br>[re: docket no. 23] |

On July 30, 2007, Plaintiff Joyce Jones ("Jones") filed the instant action against Defendants AT&T ("AT&T"), Stephanie Chandler ("Chandler"), Cindy Tsue ("Tsue"), and Gabriel Reyes ("Reyes") alleging racial discrimination, harassment, retaliation, failure to take all reasonable steps to prevent discrimination, failure to maintain an environment free from harassment, intentional infliction of emotional distress, and violation of the Family Medical Leave Act ("FMLA"). On November 21, 2007, based upon information that Pacific Bell

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 07-3888 JF
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART.
(JFEX2)

Telephone Company ("PacBell") was Jones' employer and the proper corporate defendant, Jones filed the operative amended complaint ("Complaint") and added PacBell. AT&T moves to dismiss. The Court has considered the moving and responding papers and the argument of counsel at the hearing on March 28, 2008. For the reasons set forth below, the motion will be granted, with leave to amend in part.

## I. BACKGROUND

Jones is an African-American female employed by AT&T and/or PacBell as a Collection Representative. AT&T is a New York corporation doing business in California. Jones' complaint alleges the following: Jones began her employment with AT&T and/or PacBell on August 14, 2000. On January 13, 2003, Jones filed an internal grievance with AT&T and/or PacBell alleging discriminatory treatment by Chandler. Jones alleges that, in retaliation for this grievance, and because of her race and serious health condition, she was harassed and subjected to differential treatment. Jones also alleges that she was disciplined for absences occurring while she was on approved family medical leave and was denied future family medical leave.

Jones also alleges that, during the course of her employment she was racially harassed by a co-worker. When Jones reported this to Chandler, Chandler allegedly took no action. Moreover, the benefits to which Jones was entitled while on approved family medical leave allegedly were terminated. In response, Jones filed an administrative complaint with the California Department of Fair Employment and Housing ("DFEH") for race and disability discrimination and retaliation. Jones alleges that as a result, she continued to be subjected to retaliatory treatment.

Jones also lodged a report with her employer's Equal Employment Officer regarding perceived discrimination by Tsue and Chandler, which she alleges also resulted in retaliation. Specifically, Jones asserts that there was a significant increase in the number of reprimands she received from her supervisors for alleged customer complaints that were placed in her file without opportunity for review or rebuttal. She also alleges that she was required to take a "Rate of Speech Test," and that other non-African American employees were not subjected to the same

treatment upon receipt of customer complaints.

Jones alleges that her seniority was usurped by a lower-level employee and she was not recognized for achievements in the workplace in the same manner as non-African American employees. Jones later reported retaliatory treatment by Tsue and by a customer, but she claims that nothing was done to correct the situation. Jones subsequently filed a second complaint with the DFEH. As a result, Jones was allegedly subjected to a hostile work environment, including forced alienation. For example, Jones claims she was assigned to a specific seat ,while other representatives sat where they wanted to sit.

Finally, Jones alleges that Tsue suspended her for four days based on a customer complaint, without allowing Jones the opportunity to present her side of what took place during the customer call. Tsue allegedly spoke to the customer about Jones without the presence of a union representative, in violation of the applicable Collective Bargaining Agreement ("CBA"). Allegedly, Jones later was warned of the possibility of further discipline based on a new customer complaint. As a result, she was advised she could not transfer into another department for more pay for the next twelve months. She allegedly was forced to go through customer-service training, after which she continued to be admonished about the way she was doing her job.

AT&T asserts that dismissal is appropriate because Jones has failed to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. Pro. 12(b)(6), and because the statute of limitations on Jones' FMLA claim has expired.

**II. LEGAL STANDARD**

For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). Furthermore, leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by

3

Case No. C 07-3888 JF
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART.
(JFEX2)

1  amendment.  *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).  When
2  amendment would be futile, however, dismissal may be ordered with prejudice.  *Dumas v. Kipp*,
3  90 F.3d 386, 393 (9th Cir. 1996).

### III. DISCUSSION

**A.     Judicial Notice**

In support of its motion to dismiss, AT&T asks the Court to take notice pursuant to Federal Rule of Evidence 201 of the following documents: (1) the CBA between PacBell and the Communications Workers of America ("CWA"); (2) the 2003 DFEH Complaint; (3) a Notice of the Unemployment Insurance Claim Filed ("Unemployment Insurance Claim"); (4) a Proof of Service and Service of Process Transmittal; (5) AT&T's Administrative Application to Extend Time to Respond to Jones' Amended Complaint ("Administrative Application"); (6) Jones' Opposition to Administrative Application ("Opposition"); and (7) the Corporation Record of PacBell and of AT&T ("Corporation Records").

The Court may take judicial notice of public records and reports of administrative bodies, *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986); *Interstate Natural Gas Co. v. Southern California Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953), and of its own records.  *See e.g. Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 157 (1969); *Hymes v. Procunier*, 428 F.2d 824, 824 (9th Cir. 1970).  Under the "incorporation by reference" doctrine, the Court may consider documents that are referenced in the complaint and that are accepted by all parties as authentic, even if the documents are not physically attached to the complaint.  *In re Silicon Graphics, Inc.*, 183 F.3d 970.  The Unemployment Insurance Claim and the Corporation Records both are valid public records.  The Proof of Service, Administrative Application and Opposition all are admissible court records.  Jones's complaint specifically refers both to the DFEH complaint and to the CBA, which governed the terms and conditions of her employment. Moreover, relevant case law supports the proposition that the Court may take judicial notice of a CBA in evaluating a motion to dismiss.  *See, e.g., Easton v. Siemens*, No. 07-315, 2007 WL 1500724, at *1, fn. 5 (E.D. Cal. May 23, 2007).  Such documents properly are considered as

materials "not subject to reasonable dispute" because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

### B.    Liability of AT&T

Title VII, 42 U.S.C. § 2000e-2 prohibits racial discrimination by an employer against an employee. Similarly, the FEHA prohibits an employer from discriminating against an employee. Govt. Code § 12940(a). The FMLA prohibits an employer from interfering with or discriminating against an employee exercising her FMLA rights. 29 U.S.C. §§ 2615, 2617. A plaintiff may not prevail on a claim of intentional infliction of emotional distress unless the plaintiff can establish that the defendant owed that plaintiff a legal duty. *See, e.g.,* 5 Witkin, *Summary of California Law*, Torts § 6 at 48-49 (10th ed. 2005).

While Jones alleges that she was employed by AT&T and/or PacBell, AT&T argues that the referenced documents establish that PacBell was Jones's true employer at the time of the alleged violations. The CBA and Jones's Unemployment Insurance Claim both list PacBell as the employer. Moreover, Jones herself lists PacBell as her employer on her DFEH complaint. Jones asserts that AT&T should be held liable under a "joint employer" theory of liability. However, although Jones articulates the factors for determining the existence of a joint employer relationship under both Title VII and FEHA, she provides no factual allegations illustrating that these factors are present.

In its current form, the complaint and incorporated documents are insufficient to state a claim that AT&T was Jones's employer or co-employer. At oral argument, Jones's counsel represented that he would attempt to allege additional facts. Accordingly, the Court indicated that it would allow Jones forty-five days within which to file an amended complaint.[2] The Court further stated that if Jones fails to file an amended complaint within that time, the claims against AT&T will be dismissed without leave to amend.

---

[2] Among other things, the amended complaint must satisfy the requirements of Federal Rule of Civil Procedure 11(b).

### C. Family Medical Leave Act

An employee whose FMLA rights have been violated has the choice of (1) filing a complaint with the Secretary of Labor, or (2) filing a private lawsuit. 29 C.F.R. § 825.400(a). If the employee chooses to file a private lawsuit, the suit must be filed within two years after the last action which the employee contends was in violation of the Act, or three years if the alleged violation was willful. 29 C.F.R. § 825.400(b).

Jones alleges that she was denied family medical leave on February 26, 2003, and that benefits to which she was entitled while on leave from April 30, 2003 to approximately June 15, 2003, were improperly terminated. Jones filed her original complaint on July 30, 2007, which is more than four years after the last action that she alleges violated the FMLA. Accordingly, the claim is subject to dismissal. Because Jones conceded at the hearing that the statute of limitations has expired, the claim will be dismissed without leave to amend.

## IV. ORDER

For the reasons set forth above, the motion to dismiss is GRANTED. Leave to amend is granted as set forth above.

IT IS SO ORDERED.

DATED: March 31, 2008.

_____
JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons:

2

3  <u>Counsel for Plaintiff</u>

4  Waukeen Quandrico McCoy
   mccoylawsf@yahoo.com

5

6  <u>Counsel for Defendants</u>

7  Susan Tayeko Kumagai
   skumagai@lkclaw.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 07-3888 JF
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART.
(JFEX2)