LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
SUSAN T. KUMAGAI (State Bar No. 127667)
DENNIS W. HAYASHI (State Bar No. 087077)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:  (415) 357-4600
Facsimile:  (415) 357-4605

Attorneys for Defendant
AT&T Corp.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE JONES, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>AT&T, a corporation doing business in California; PACIFIC BELL TELEPHONE COMPANY; STEPHANIE CHANDLER, an individual; CINDY TSUEI, an individual; GABRIEL REYES, an individual,<br><br>    Defendants. | Case No. C07-3888 JF<br><br>**DEFENDANT AT&T CORP.'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>Date:        July 25, 2008<br>Time:       9:00 a.m.<br>Courtroom:  3, 5th Floor<br>Judge:       Hon. Jeremy Fogel<br><br>Complaint Filed: July 30, 2007 |

## NOTICE OF MOTION AND MOTION TO DISMISS

TO PLAINTIFF AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on July 25, 2008, at 9:00 a.m., before the Honorable Jeremy Fogel, in Courtroom 3, Fifth Floor, 280 South First Street, San Jose, California 95113, AT&T Corp. ("Defendant") will move and does hereby move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Second Amended Complaint For Damages ("Second Complaint") filed by plaintiff Joyce Jones ("Plaintiff") against AT&T Corp.

This motion to dismiss is made on the ground that the Plaintiff has failed to state a claim upon which relief can be granted because she has not and cannot state a cause of action against AT&T Corp.

This motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the pleadings and papers filed in this action, and upon such other evidence or argument that may be presented to the Court at or before the hearing on this motion.

## ISSUE TO BE DECIDED

Whether AT&T Corp., a separate legal entity from Plaintiff's former employer, Pacific Bell Telephone Company, can be sued by Plaintiff for employment discrimination and intentional infliction of emotional distress.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendant's Motion to Dismiss Plaintiff's First Amended Complaint on the grounds Plaintiff failed to state a claim upon which relief can be granted against AT&T Corp. ("first motion to dismiss") was granted with leave to amend.[1]  Plaintiffs filed a Second Amended Complaint (the "Complaint") but failed to cure the defects of her First Amended Complaint. In that regard, Plaintiff failed to allege any facts that support her assertion that AT&T Corp. was a joint employer with her employer Pacific Bell Telephone Company ("Pacific Bell"). As a matter of law, Defendant respectfully requests that the motion to dismiss Plaintiff's Second Amended Complaint be granted and that the action against AT&T Corp. be dismissed with prejudice.

### II.    STATEMENT OF FACTS AND COMPLAINT ALLEGATIONS

The Order Granting Motion to Dismiss [Plaintiff's First Amended Complaint] With Leave to Amend In Part issued on March 31, 2008 (the "Order") allowed Plaintiff leave to amend to allege facts sufficient to support a claim against AT&T Corp., specifically, that AT&T Corp. was a joint employer for purposes of liability for alleged race discrimination in employment.

---

[1] The Court dismissed Plaintiff's cause of action for violation of the Family Medical Leave Act ("FMLA") without leave to amend. Plaintiff has restated her FMLA claim in her Second Amended Complaint. Defendant requests the Court strike this cause of action.

DEFENDANT AT&T CORP.'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No. C07-3888 JF

2

Clearly, Pacific Bell Telephone Company was Plaintiff's employer. The collective bargaining agreement between Plaintiff's union, the Communication Workers of America ("CWA"), and Pacific Bell Telephone Company governed the terms and conditions of Plaintiff's employment as a customer service representative for Pacific Bell. Plaintiff's Unemployment Insurance Claim listed Pacific Bell as her employer. Plaintiff also identified Pacific Bell as her employer on the charge she filed with the Department of Fair Employment and Housing ("DFEH"). (Order at 12-19.)

The Court found that Plaintiff's First Amended Complaint was insufficient to state a claim against AT&T Corp. because of the failure to allege facts showing that Defendant was Plaintiff's employer or co-employer for purposes of liability for employment discrimination. The Order reflects that, although Plaintiff "articulates the factors for determining the existence of a joint employer relationship under both Title VII and FEHA, she provides no factual allegations illustrating these factors are present" regarding AT&T Corp. (Order, p. 5, lines 17-19.) Taking note of Plaintiff's counsel's representation that he would attempt to allege additional facts, the Court allowed Plaintiff 45 days to file an amended complaint. (Order, 5:21-25.)

Plaintiff filed a Second Amended Complaint on May 6, 2008 (the "Complaint"). However, she failed to allege any new facts whatsoever. The only additional statement pled by Plaintiff in the Complaint was a preliminary statement relating to the identity of the parties as follows:

> 4. Plaintiff alleges that defendant AT&T ("AT&T CORP.") is a corporation doing business in California, and employed, co-employed, and/or indirectly employed Plaintiff within the meaning of Title VII of the Civil Rights Act of 1964 and the FEHA during some or all of the period alleged herein, to wit, controlling the terms and conditions of Plaintiff's employment, controlling the benefits and emoluments of employment, including employment policies, and other acts evidencing an employment relationship within the meaning of Title VII of the Civil Rights Act of 1964 and the FEHA.

(Complaint at 2:13-19.)

No new factual allegations were pled in the Complaint and specifically, regarding Defendant. A day after filing her Second Amended Complaint, Plaintiff filed two declarations – her own and a declaration by her attorney Waukeen McCoy. With the exception of one

additional exhibit attached to Plaintiff's declaration, Plaintiff and her attorney attached identical exhibits as follows:[2]

Exhibit A – Notification of Cancellation of Benefits. Plaintiff's Exhibit A specifically reflects the following statement: "Your coverage under the following benefit plans will end on the dates listed below." The document reflects the cancellation of benefits including, but not limited to, medical and life insurance.

Exhibit B – Pay Stubs expressly reflecting Plaintiff's employer as "Pacific Bell Telephone Company."

Exhibit C – A check to Plaintiff with no indication that it is a paycheck for services rendered or of the identity of the payor. Further, the face of the exhibit indicates that it is "To Purnima Kaila" at an unnamed company.

Exhibit D – Pension Benefit Plan Statement showing accrued benefits.

Exhibit E – Customer Service Self-Assessment Evaluation. Exhibit E shows at the bottom of the page that it relates to Professional Customer Service Skills relating to Pacific Bell Telephone Company.

Exhibit F – A memorandum from "Gabe Reyes" indicating that he will be retiring. The letter is not addressed to Plaintiff and does not indicate that AT&T Corp. is her employer or co-employer.

Exhibit H – "Customer Commendation for Assisting" for assisting a customer.

Exhibit I – A request addressed to "<u>Fellow</u> West Region Employees" to participate in an attendance survey from CWA's Vice President and AT&T West's President. (Emphasis added.)

In addition, Plaintiff attached a copy of a menu from the Culinary Institute of America entitled "AT&T Recognition Lunch." (Plaintiff's Exhibit G.)

None of the exhibits attached to Plaintiff's or her attorney's declaration reflect AT&T Corp. was her employer or co-employer.

---

[2] Plaintiff's declaration included one additional document, Exhibit G, a menu from the Culinary Institute of America.

DEFENDANT AT&T CORP.'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No. C07-3888 JF

4

### III. ARGUMENT

**A.    AT&T Corp. Was Not Plaintiff's Employer or Co-Employer.**

Title VII, 42 U.S.C. 2000e-2, prohibits racial discrimination by an <u>employer</u> against an <u>employee</u>. Only the <u>employers</u> can be held liable for discrimination under Title VII. (<u>Dandridge v. Chromcraft Corp.</u>, 914 F.Supp. 1396, 1403 (N.D. Miss. 1996).) In order to establish a prima facie case for claims under Title VII and 42 U.S.C. § 1981, a plaintiff must prove that the defendant is, or was, her employer. (<u>Spaulding v. NW Hospitality Investment Co., LLC</u>, 209 F.Supp.2d 1149, 1151 (Kansas 2002); <u>Lockard v. Pizza Hut, Inc.</u>, 162 F.3d 1062, 1069 (10th Cir. 1998).) Similarly, FEHA prohibits "an employer" from discriminating against an employee. (Govt. Code § 12940(a).)

Under FEHA, two entities may be joint employers if they both have the right to exercise control over the employee. (<u>Vernon v. State of California</u>, 116 Cal.App.4th 114, 126 (2004)). Factors to be considered in determining whether an entity is an employer under FEHA include a number of different factors including, (1) payment of salary or other employment benefits and social security; (2) ownership of equipment necessary to perform the job; (3) the location where work is performed; (4) the entity's obligation to train the employee; (5) the authority to hire, transfer, promote, discipline or discharge the employee; (6) the skill required of the work performed and the extent to which it is done under the direction of a supervisor; (7) the authority to establish work schedules and assignments; (8) the entity's discretion to determine the amount of compensation earned by the employee; (9) whether the work is part of the entity's regular business operations; (10) the skill required in the particular occupation; (11) the duration of the relationship of the parties; and (12) the duration of the plaintiff's employment. (<u>Vernon</u>, <u>supra</u>, 116 Cal.App.4th at 115).

Plaintiff alleged no new facts regarding AT&T Corp., including allegations to show that AT&T Corp. exercised any control over her employment as a Customer Service Representative for Pacific Bell Telephone Company. Her preliminary statement relating to a description of the named parties fails to constitute factual allegations against AT&T Corp.

Dismissal is proper when plaintiff can allege no facts to support her claim for relief. (Fednav Ltd. v. Sterling Intern., 572 F.Supp. 1268, 1269 (D.C.Cal.1983). Plaintiff failed to state a claim upon which relief can be granted against AT&T Corp., therefore, her Complaint should be dismissed with prejudice.

**B.  Plaintiff's Declarations Are Not Part of the Second Amended Complaint.**

Federal Rule of Civil Procedure 10(c) provides that "a copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." However, the types of exhibits incorporated within pleadings by Rule 10(c) are deeds, wills, insurance policies, contracts, and other writings. Rose v. Bartle (3rd Cir. 1989) 871 F.2d 331, 340, fn. 3; DeMarco v. DepoTech Corp., 149 F.Supp.2d 122, 1220 (S.D. Cal. 2001). An affidavit is not a "written instrument" as that term is used in Rule 10(c). Rose at 34, fn. 3. The Rose court reasoned that to allow such affidavits would "blur the distribution between summary judgment and dismissal for failure to state a claim upon which relief could be granted." Id.

Here, not only were Plaintiff's declarations not attached to the Complaint, they are not "written instruments" that can be considered as part of the Second Amended Complaint. The declarations are inappropriate under the law for purposes of pleading practice under FRCP 10(c) and they should be stricken.

**C.  The Declarations Are Insufficient to State a Claim Against AT&T Corp.**

Even if, arguendo, Plaintiff's declarations can be considered as part of the Complaint, which they cannot, there is nothing stated in the declarations, or attached thereto, that cures the defects of the First Amended Complaint.

**1.  Benefit Plans Are Not Employers.**

Plaintiff attached exhibits to her declaration reflecting cancellation and accrual of benefits under employment benefit plans. (Plaintiff's Exhibits A and D.) These statements reflect benefit plans in which employees of Pacific Bell, including Plaintiff, may participate, e.g., pension and life insurance. The benefit plans are not Plaintiff's employer, but separate entities. 29 U.S.C. § 1132(a)(1)(B); Gelardi v. Perter Computer Corp., 761 F.2d. 1323, 1324-25 (9th Cir. 1985)

6

DEFENDANT AT&T CORP.'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No. C07-3888 JF

### 2. **Plaintiff's Pay Stubs Reflect Pacific Bell As Her Employer.**

Plaintiff attached as exhibits to her declaration several pay stubs. These pay stubs expressly reflect that Plaintiff's employer was Pacific Bell Telephone Company and that Pacific Bell paid her wages. Nowhere do the paystubs indicate AT&T Corp. was her employer or paid her compensation. (Exhibit B.)

### 3. **Customer Service Self Assessment Evaluation.**

Plaintiff's Exhibit E specifically shows that it is a document relating to Pacific Bell Telephone Company. (See bottom of page of Exhibit E.)

### 4. **Irrelevant Miscellaneous Documents.**

Plaintiff attaches several exhibits to her declaration including (1) a memorandum from "Gabe Reyes" indicating he will be retiring, (2) a menu from the Culinary Institute of America, (3) a request to "Fellow West Region Employees" to participate in an attendance survey, (4) a check made payable to Plaintiff but appearing to be sent to "Purnima Kaila" at an unnamed company, and (5) a customer commendation for assisting a customer. (Exhibits C, F-I.)

Not one of Plaintiff's exhibits show that AT&T Corp. was a joint employer. In that regard, Plaintiff's declarations do not establish factual allegations that AT&T Corp. was responsible for paying her salary or other employment benefits, that AT&T Corp. owned equipment necessary for Plaintiff to perform her job, that Plaintiff worked in a location for which AT&T Corp. was responsible, that AT&T Corp. had an obligation to train Plaintiff or had the authority to hire, transfer, promote, discipline or discharge her, that AT&T Corp. supervised Plaintiff's work or had the authority to establish work schedules and assignments for her and/or that AT&T Corp. had the discretion to determine her compensation.

Even if, <u>arguendo</u>, Plaintiff's declarations were part of Plaintiff's Second Amended Complaint, Plaintiff failed to state a claim against AT&T Corp.

Defendant's motion should be granted and the complaint should be dismissed with prejudice.

**D.    AT&T Corp. is Not Liable to Plaintiff for Intentional Infliction of Emotional Distress.**

A plaintiff may not bring a tort claim unless she establishes a legal duty owed to her by the defendant. (*See, e.g.*, 5 Witkin, *Summary of California Law*, Torts § 6 at 48-49 (10th ed. 2005) ["A tort, whether intentional or negligent, involves a violation of a legal duty, imposed by statute, contract or otherwise, owed by the defendant to the person injured."]; Ann M. v. Pacific Plaza Shopping Ctr. (1993) 6 Cal. 4th 666, 673 ["An action in negligence requires a showing that the defendant owed the Plaintiff a legal duty."]) Where a plaintiff cannot allege facts supporting the existence of a duty owed directly to the plaintiff, the action must be dismissed. (Amaya v. Home Ice, Fuel, and Supply Co. (1963) 59 Cal. 2d 295, 307; see also Software Design and Application, Ltd. v. Hoefer & Arnett, Inc., (1996) 49 Cal. App. 4th 472, 478 (holding that a court may sustain a demurrer on the ground that no legal duty exists between the plaintiff and the defendant).

AT&T Corp. is a separate legal entity from Pacific Bell.[3]  AT&T Corp. was not Plaintiff's employer and had no legal duty to Plaintiff.  Plaintiff failed to allege any new facts that would give rise to a duty of care by AT&T Corp.  Therefore, the Complaint against AT&T Corp. should be dismissed with prejudice.

## IV.    CONCLUSION

Because Plaintiff failed to allege any new facts in her Second Amended Complaint, she failed to cure the defects of the First Amended Complaint.  She has not and cannot allege facts sufficient to state a claim against AT&T Corp.  Defendant respectfully requests that the Court dismiss the Complaint with prejudice.

DATED:  May 21, 2008          LAFAYETTE & KUMAGAI LLP

                              /s/ *Susan T. Kumagai*
                              SUSAN T. KUMAGAI
                              Attorneys for Defendant
                              AT&T Corp.

---

[3] Secretary of State filing attached as Exhibit G to Defendant's Request for Judicial Notice filed in support of Defendant's first motion to dismiss.

DEFENDANT AT&T CORP.'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No. C07-3888 JF

8

**CERTIFICATE OF SERVICE**

I certify that a copy of this document was served electronically on May 21, 2008 on counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by use of the Court's ECF system.

/s/ Susan T. Kumagai

N:\Documents\ATT\Jone\Pldg\Mot to dismiss #2\MPA Final.doc

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

DEFENDANT AT&T CORP.'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No. C07-3888 JF

9