WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
LAW OFFICES OF WAUKEEN Q. McCOY
The Central Tower
703 Market Street, Suite 1407
San Francisco, California 94103
Telephone (415) 675-7705
Facsimile (415) 675-2530

Attorney for Plaintiff
JOYCE JONES

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE JONES, an individual, | Case No. C 07-03888 JF |
| Plaintiff, | UNLIMITED JURISDICTION |
| vs. | **PLAINTIFF'S OPPOSITION TO DEFENANT AT&T'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| AT&T, a corporation doing business in California; PACIFIC BELL TELEPHONE COMPANY; STEPHANIE CHANDLER, an individual; CINDY TSUE, an individual; GABRIEL REYES, an individual | |
| Defendants. | |

Plaintiff through her counsel of record herein, hereby opposes Defendant AT&T's Motion to Dismiss Plaintiff's Second Amended Complaint.

## I. INTRODUCTION

Defendants assert Plaintiff's cause of action cannot proceed under FEHA and Title VII against Defendant, AT&T because AT&T is not Plaintiff's "employer" within the meaning of Title and FEHA. See 42 U.S.C. § 2000e-2; Cal. Gov. Code §12920 (making it unlawful for an employer to discriminate.)

In Plaintiff's Second Amended Complaint, she alleged she was employed by AT&T. (Plaintiff JOYCE JONES ("Plaintiff" or "JONES") is an African-American female employed by defendant AT&T ("AT&T") as a Collection Representative." (SAC ¶ 3) "Plaintiff began her employment with defendant AT&T and/or PACBELL on August 14, 2000, when she was hired as a Collection Representative, earning $3900.00 per month." (SAC ¶ 10)." In support of the Plaintiff's allegation that she was employed by AT&T, she and her counsel provided authenticated documentation which evidenced that AT&T had an employment relationship with Plaintiff. (DKT 35, 36). Defendant AT&T opposed this motion by alleging that the documents Plaintiff produced were not sufficient to support her allegations in her complaint. Defendant cites no precedent for the proposition that a plaintiff must plead with specificity a "joint employment" relationship. Under the notice pleadings rules of FRCP 8, plaintiff has sufficiently pled a cause of action against AT&T.

Plaintiff now provides further documentation to support her allegation that AT&T and PacBell are her joint employers.[1]

///

///

## II. LAW AND ARGUMENT

### A. FEHA

---

[1] Plaintiff did not incorporate by reference the documents contained in DKT 35, 36, or documents contained in McCoy's Declaration in Support of Defendant AT&T's Motion to Dismiss Plaintiff's Second Amended Complaint. If necessary, Plaintiff can amend this complaint to avoid dismissal of this action as to defendant AT&T.

FEHA prohibits only "an employer" from engaging in improper discrimination. Cal.Gov.Code § 12940; <u>Vernon v State,</u> 116.Cal.App.4th 114, 123, 10 Cal.Rptr.3d 121 (2004). "The fundamental foundation for liability is the existence of an employment relationship between the one who discriminates against another and the other who finds himself the victim of that discrimination." <u>Id.</u>

The key principle under <u>Vernon</u> in evaluating whether a defendant is an employer was held as the totality of the circumstances, "with emphasis upon the extent to which the defendant controls the plaintiff's performance of employee duties." Id. In viewing the totality of the circumstances, the court may look to factors such as: 1) the nature and the degree of control over employees; 2) the day-to-day supervision of employees, including discipline; 3) the authority to hire and fire employees and set conditions; 4) the power to set conditions of employment; and 5) control of employee records, including payroll. See <u>Jones v County of Los Angeles</u>, 99 Cal.App.4th 1039, 1045-46, 121 Cal.Rptr.2d 621 (2002); see also <u>Torres-Lopez v May</u>, 111 F.3d 633, 639-40 (9th Cir.1997.) No one factor is decisive, and "the precise contours of an employment relationship can only be established by a careful factual inquiry." <u>Vernon</u>, 116 Cal.App.4th at 125, 10 Cal.Rptr.3d 121 (quoting <u>Graves v Lowery</u>, 117 F.3d 723, 729 (3d Cir. 1997.))

An inherent feature of Plaintiff's employment was constant contact with AT&T and their employees at Pacific Bell. The high degree of control over the employees is evidenced in emails sent to Plaintiff. One such e-mail (see Exhibit A of the DECLARATION OF WAUKEEN MCCOY), regarding the poor attendance of the call representatives for the day, bears the name of a "Coach Leader" and "AT&T CREDIT & COLLECTIONS." Here, the email regarding how the poor attendance effects customer satisfaction is more than just a general statement from a detached parent company. Rather, the "AT&T" brand on the email demonstrates a plenary control over employees in Plaintiff's day to day working environment.

Similarly, in another e-mail (See Exhibit B of the DECLARATION OF WAUKEEN MCCOY) Plaintiff is inquiring about having no use for a gift card that she received from the

company, and whether she should return it. Again, the email response that she receives regarding a $25 gift card bears the company name "AT&T CREDIT & COLLECTIONS." The response regarding the gift card came from an "AT&T" "Coach Leader" and is further evidence of a high degree of control over the day to day workings of AT&T in Plaintiff's employment.

The invariable supervision of AT&T's over its employees is evidenced in awards given to Plaintiff throughout her employment (See Exhibits C, D, and E of the DECLARATION OF WAUKEEN MCCOY.) Each of the awards, which Plaintiff received for commendable job performance, bears a large AT&T insignia at the top.

In a letter of commendation (See exhibit F of the DECLARATION OF WAUKEEN MCCOY), to Plaintiff's San Jose "team" dated January 8, 2007 the AT&T logo is found at the top left corner. The letter references the specific center where Plaintiff was employed, and reads in part, "…I will be retiring from ATT… It's been a pleasure working *with* you…." (emphasis added) This letter further verifies the interrelationship which justifies Plaintiff's belief that AT&T is jointly responsible for the acts of discrimination.

The Plaintiff's co-employment with Pac Bell and AT&T is further verified by her "Performance Summary" dated February 12, 2007 (See Exhibit G of the DECLARATION OF WAUKEEN MCCOY.) The Performance Summary rates effectiveness of employees, and evaluates them with a numeric score. At the top left corner of the summary is the AT&T logo. Clearly, AT&T maintained personnel policies and records and had apparent authority to discipline, or terminate Pacific Bell employees.

AT&T also established the conditions of employment at Pacific Bell. As is evidenced above, AT&T awarded and disciplined the Pacific Bell employees. Plaintiff was in daily contact with AT&T Team Coaches and also went through AT&T, not Pacific Bell, for her insurance coverage. In a statement dated January 12, 2008, Plaintiff is informed of her loss of insurance coverage by AT&T in a letter which bears the AT&T logo. (See Exhibit H of the DECLARATION OF WAUKEN MCCOY.) Here, AT&T had decisive control over the hiring, firing, managing, and the conditions in which Plaintiff worked.

During her employment at AT&T Plaintiff was also paid by AT&T (See Exhibits I and J of the DECLARATION OF WAUKEEN MCCOY.) Plaintiff's statement of Earning, Taxes and Allotments bear the AT&T logo at the top right corner.

The "extent of the defendant's right to control the means and manner of the worker's performance is the most important." Id. This inquiry "considers the level of control an organization asserts over an individual's access to employment opportunities." Id "Further, the control an organization asserts must be significant, and there must be sufficient indicia of an interrelationship to justify the belief on the part of an aggrieved employee that the alleged co-employer is jointly responsible for the acts of the immediate employer." Id.

As pled by Plaintiff, and alleged above, AT&T controlled Plaintiff's work environment, including discipline, reward, benefits and compensation. Under the Notice Pleading of Rule 8 and the controlling state law interpretation of FEHA, Plaintiff has sufficiently alleged an employment relationship. There is simply no basis, prior to initial disclosures, for AT&T to be dismissed from the case.

**B. TITLE VII**

Likewise, under federal law courts have examined similar factors in considering whether alleged employer had sufficient control over an employee to be held liable under "joint employer" theory. In determining whether two businesses should be treated as a single employer under Title VII, the court in Morgan v Safeway Stores 884 F.2d 1211, C.A.9 (Ariz.) 1989, examined 1) interrelated operations, 2) Common management, 3) centralized control of labor, 4) and common ownership or financial control. (Childs v Local 18, Int'l Brotherhood of Electrical Workers, 719 F2d 13, 1382 (9th Cir. 1893)).

Essentially, the facts compel the conclusion that AT&T was responsible for directing and controlling the discriminatory practices Plaintiff experienced. In light of the liberal pleading standards of Federal Rule 8, and Plaintiff's allegations concerning the discriminatory practices she experienced during her employment, her claims should survive Defendant's Motion to Dismiss. Plaintiff has sufficiently alleged an employment relationship between Pacific Bell and

AT&T. See 29 C.F.R. § 791.2 (a "joint employment" situation will exist "[w]here one employer is acting directly or indirectly in the interest of the other employer in relation to the employee.")

Under notice pleading of Rule 8 and the controlling state law interpreting FEHA, Plaintiff has sufficiently alleged an employment relationship between Plaintiff, Pacific Bell and AT&T.

### III.  CONCLUSION

Plaintiff has successfully pled that AT&T and Pacific Bell were "joint" or "co" employers of Plaintiff. Accordingly, Defendant's motion to dismiss Plaintiff's action against AT&T must be denied.

Dated: June 7, 2008                           LAW OFFICES OF WAUKEEN McCOY


By _____/s/_____
Waukeen Q. McCoy
Attorneys for Plaintiff
Joyce Jones