LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
SUSAN T. KUMAGAI (State Bar No. 127667)
DENNIS W. HAYASHI (State Bar No. 087077)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:  (415) 357-4600
Facsimile:   (415) 357-4605

Attorneys for Defendant
AT&T Corp.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE JONES, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AT&T, a corporation doing business in California; PACIFIC BELL TELEPHONE COMPANY; STEPHANIE CHANDLER, an individual; CINDY TSUEI, an individual; GABRIEL REYES, an individual,<br><br>Defendants. | Case No. C07-3888 JF<br><br>**DEFENDANT AT&T CORP.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AND MOTION TO STRIKE SECOND AMENDED COMPLAINT AND REQUEST FOR SANCTIONS**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>Date:        July 25, 2008<br>Time:        9:00 a.m.<br>Courtroom:   5, 4th Floor<br>Judge:       Hon. Jeremy Fogel |

## I.   INTRODUCTION

In support of her untimely opposition to defendant AT&T Corp.'s ("defendant") motion to dismiss the Second Amended Complaint ("SAC"), plaintiff Joyce Jones ("plaintiff") relies solely on a declaration by her counsel Waukeen McCoy ("McCoy Declaration") attaching exhibits identical, or identical in nature, to exhibits previously filed as attachments to Waukeen McCoy's Declaration in Support of Plaintiff's Second Amended Complaint and Plaintiff Joyce Jones' Declaration in Support of Plaintiff's Seconded [sic] Amended Complaint (the "SAC

DEF. AT&T CORP.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AND MOTION TO STRIKE SECOND AMENDED COMPLAINT AND REQUEST FOR SANCTIONS
Case No. C07-3888 JF

1

Declarations").[1] McCoy's Declaration is inadmissible to support plaintiff's opposition to motion to dismiss. First, his declaration is inadmissible because declarations cannot be considered in a motion to dismiss under F.R.C.P. 12(b)(6). Second, the declaration is based on inadmissible hearsay. However, even if, *arguendo*, McCoy's Declaration was admissible, it fails to allege facts to support plaintiff's claim that defendant AT&T Corp. was plaintiff's co-employer with Pacific Bell Telephone Company. The gravamen of plaintiff's argument in opposition to defendant's motion to dismiss is that the exhibits attached to McCoy's Declaration reflect an "AT&T" logo, nothing more. Plaintiff failed to allege any facts to show AT&T Corp. was a co-employer, e.g., AT&T Corp. paid her salary, and/or had the authority to hire, transfer, promote, discipline or discharge her.

In short, although given leave by the Court to cure defects of plaintiff's First Amended Complaint to allege sufficient facts against AT&T Corp., plaintiff has alleged no allegations that support AT&T Corp. was her co-employer.

Plaintiff failed to cure the defects of her First Amended Complaint. Therefore, AT&T Corp. respectfully requests that the motion to dismiss plaintiff's Second Amended Complaint be granted and that the action against AT&T Corp. be dismissed with prejudice.

## II.   ARGUMENT

### A. Plaintiff failed to Allege Any Facts to Support AT&T Corp. Was Plaintiff's Employer or Co-Employer

Plaintiff concedes that the Second Amended Complaint reflects no allegations to support her case against AT&T Corp. as a co-employer. Instead, plaintiff improperly refers to McCoy's Declaration in support of her opposition. In that regard, plaintiff submits unauthenticated exhibits which merely reflect the "AT&T" "brand," "insignia" or "logo." (Plaintiff's Opposition at 3:18-5:3.)

Plaintiff failed to allege any facts to determine whether AT&T Corp. was a co-employer under FEHA including any of the following: (1) AT&T Corp. paid her salary or other

---

[1] Contrary to plaintiff's assertion in her opposition that "she alleged she was employed by AT&T" in the Second Amended Complaint, the SAC reflects no such allegation. (Plaintiff's Opposition at 2:8-10.)

2

DEF. AT&T CORP.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AND MOTION TO STRIKE SECOND AMENDED COMPLAINT AND REQUEST FOR SANCTIONS
Case No. C07-3888 JF

employment benefits and social security; (2) AT&T Corp. owned equipment necessary to perform plaintiff's job; (3) the location where work is performed; (4) AT&T Corp. was obligated to train plaintiff; (5) AT&T Corp. had the authority to hire, transfer, promote, discipline or discharge plaintiff; (6) the skill required of the work performed and the extent to which it was done under the direction of a supervisor; (7) the authority to establish work schedules and assignments; (8) the entity's discretion to determine the amount of compensation earned by the employee; (9) whether the work is part of the entity's regular business operations; (10) the skill required in the particular occupation; (11) the duration of the relationship of the parties; and (12) the duration of the plaintiff's employment. *Vernon v. State of California*, 116 Cal.App.4th 114, 126 (2004) [2]

References to exhibits reflecting an "AT&T" logo does not establish allegations of facts that AT&T Corp. was plaintiff's employer.

Plaintiff failed to cure the defects of her First Amended Complaint for which the Court granted leave to amend to provide factual allegations illustrating the factors necessary to show AT&T Corp. was a joint employer under Title VII and FEHA. (Order at 5:17-19.)

### B. Plaintiff's Counsel's Declaration Accompanying Her Opposition to The Motion to Dismiss is Inadmissible

1. McCoy's Declaration in Support of Plaintiff's Opposition to the Motion to Dismiss is Inadmissible.

Unless a court converts a Rule 12(b)(6) motion into a summary judgment motion, consideration of a motion to dismiss is limited to a consideration of the complaint itself. (*Branch v. Tunnell* (9th Cir. 1994) 14 F.3d 449, 453; *Faulkner v. Beer* (2nd Cir. 2006) 463 F.3d 130, 134). The court cannot consider material outside the complaint, such as facts presented in briefs or affidavits. (*Arpin v. Santa Clara Valley Transportation Agency* (9th Cir. 2001) 261 F.3d 912, 925; *Paulsen v. CNF, Inc.* (N.D. Cal. 2005) 391 F.Supp.2d 804 807.)

---

[2] Plaintiff concedes, by no opposition thereto, that declarations she filed purportedly relating to her complaint are inadmissible.

DEF. AT&T CORP.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AND MOTION TO STRIKE SECOND AMENDED COMPLAINT AND REQUEST FOR SANCTIONS
Case No. C07-3888 JF

3

McCoy's Declaration constitutes material outside the Second Amended Complaint. Therefore, McCoy's Declaration is inadmissible to support plaintiff's opposition to Defendant's motion to dismiss and should be stricken.

        2.    McCoy's Declaration is Based on Inadmissible Hearsay.

Federal Rule of Evidence 801(c) defines hearsay as a "statement, other than one made by the declarant . . . offered in evidence to prove the truth of the matter asserted". Such hearsay is not admissible. (Federal Rule of Evidence 802).

McCoy's Declaration purports to authenticate exhibits under penalty of perjury in the nature of documents plaintiff allegedly obtained through her employment with Pacific Bell Telephone Company. McCoy has no personal knowledge regarding these exhibits. The McCoy Declaration clearly constitutes inadmissible hearsay and, therefore, is inadmissible to support plaintiff's opposition to defendant's motion to dismiss and should be stricken.

        3.    McCoy's Declaration Fails to Allege Facts that Show Defendant Was Plaintiff's Co-Employer.

Even if, *arguendo*, McCoy's Declaration was admissible, none of the attached exhibits constitute allegations of facts that AT&T Corp. was plaintiff's co-employer as follows:

    a.    Exhibit A – A copy of an email dated March 5, 2007 from Stephanie Chandler to numerous individuals regarding "Attendance Update 3/5/07." Plaintiff argues that the "'AT&T' on the email demonstrates a plenary control over the working environment." (Plaintiff's Opposition at 3:24-25.) Plaintiff's counsel's conclusory statement is simply insufficient to constitute a factual allegation that AT&T Corp. had any control over plaintiff's work conditions.

    b.    Exhibit B – emails between the plaintiff and Chandler in which plaintiff demands that a $25 gift card she received be exchanged for a gift card for use at a store more convenient to her. Plaintiff argues that Chandler's title, "Coach Leader, AT&T Credit & Collections," demonstrates a "high degree of control over the day-to-day workings of AT&T in plaintiff's employment." (Plaintiff's Opposition at 4:3-4.) Nothing in plaintiff's Exhibit B shows AT&T Corp. had any control over plaintiff's "day-to-day workings," let alone a "high degree of control."

4

  c. Exhibits C-D – Customer Commendations for assisting customers. These exhibits were attached to plaintiff's SAC Declarations previously filed with the Court (Exh. H) and addressed in defendant's Motion to Dismiss at ¶ III.C.4 (7:9-22). In her opposition, plaintiff asserts these commendations bear the "AT&T insignia," which indicates that the plaintiff was supervised by "AT&T." (Plaintiff's Opposition at 4:5-8.) Plaintiff's counsel's conclusory statement and reference to an "AT&T insignia" fails to establish factual allegations supporting plaintiff's claim that AT&T Corp. supervised her work.

  d. Exhibit E – A Winner's Circle of Excellence, Acknowledgement of Achievement, to plaintiff for dollars collected. Plaintiff contends that the "AT&T" insignia" indicates that the plaintiff was supervised by "AT&T." (Plaintiff's Opposition at 4:5-8.) Plaintiff's counsel's conclusory statement is based on inadmissible hearsay, constitutes a legal conclusion without support, and fails to establish that AT&T Corp. supervised plaintiff.

  e. Exhibit F – A memorandum dated January 8, 2007, from "Gabe Reyes" "Associate Director, Credit & Collections," indicating that he will be retiring, thanking the "San Jose Team" for its help and indicating 2007 will be a challenging year with the finalization of the Bell South merger. Exhibit F was attached to the previously submitted SAC Declarations (Exh. F). In her opposition, plaintiff states that Reyes writes "I will be retiring from ATT . . ." and argues that the AT&T Corp. is jointly responsible for acts of discrimination against the plaintiff. (Plaintiff's Opposition at 4:12-15.) Mr. Reyes retiring from "AT&T" does not indicate that AT&T Corp. was responsible for any alleged adverse employment action against her. (See Defendant's Motion to Dismiss at 7:9-22.)

  f. Exhibit G – A 2006 Performance Summary, Summary of Objectives & Results. Plaintiff asserts that the "AT&T logo" on her performance summary establishes that AT&T Corp. maintained personnel policies and records and had authority to discipline or terminate "Pacific Bell employees." (Plaintiff's Opposition at 4:19-21.) The mere presence of a logo is not evidence of maintenance of personnel records of Pacific Bell employees and/or that AT&T Corp., had authority to discipline plaintiff.

DEF. AT&T CORP.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AND MOTION TO STRIKE SECOND AMENDED COMPLAINT AND REQUEST FOR SANCTIONS
Case No. C07-3888 JF

     g.    Exhibit H - Notification of Cancellation of Benefits. This exhibit was attached as Exh. A to the SAC Declarations. The document reflects the cancellation of benefits including, but not limited to, medical and life insurance plaintiff received when employed by Pacific Bell. Plaintiff asserts that the "AT&T logo" establishes that the defendant holds decisive control over the hiring, firing, and managing of the plaintiff. (Plaintiff's Opposition at 4:27-28.) First, the exhibit in no way shows control over hiring, firing and managing plaintiff. Further, the benefit plans are separate legal entities and are not employers. (See Defendant's Motion to Dismiss at 6:22-27).

     h.    Exhibits I-J - Plaintiff's pay stubs were attached as Exh. B to the SAC Declarations. The pay stubs expressly reflect Plaintiff's employer was "Pacific Bell Telephone Company". (See Defendant's Motion to Dismiss at 7:1-5). The pay stubs in no way reflect AT&T Corp. paid plaintiff's salary.

None of the exhibits attached to the McCoy's Declaration reflect AT&T Corp. was plaintiff's employer or co-employer.

### C. AT&T Corp. is Not Liable to Plaintiff for Intentional Infliction of Emotional Distress.

As stated in its motion, and not contested by plaintiff in her opposition, where a plaintiff cannot alleged facts supporting the existence of a duty owed directly to the plaintiff, a tort claim must be dismissed. (*Amaya v. Home Ice, Fuel and Supply Co.* (1963) 59 Cal.2d 295, 307).

AT&T Corp. was not plaintiff's employer and thus owed no legal duty of care to plaintiff. Plaintiff submits no opposition to defendant's motion to dismiss her intentional infliction of emotional distress claim. Therefore, plaintiff's intentional infliction of emotional distress claim against AT&T Corp. should be dismissed.

### D. Sanctions Are Warranted.

Papers filed with the court must be well grounded in fact, legally tenable, and not interposed for any improper purpose. F.R.C.P. Rule 11(b); (*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)).

6

DEF. AT&T CORP.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AND MOTION TO STRIKE SECOND AMENDED COMPLAINT AND REQUEST FOR SANCTIONS
Case No. C07-3888 JF

1  Plaintiff failed to comply with requirements under F.R.C.P., Rule 11(b). Her opposition
2  to defendant's motion to dismiss was untimely and based on inadmissible evidence – McCoy's
3  Declaration. Even if, *arguendo*, McCoy's Declaration was admissible, it fails to establish factual
4  allegations to show defendant AT&T Corp. was plaintiff's co-employer.

5  An award of fees and costs to AT&T Corp. for being forced to file two motions to dismiss
6  is justified.

### III. CONCLUSION

For the second time, plaintiff failed to allege facts sufficient to state a claim against AT&T Corp. Therefore, AT&T Corp. respectfully requests that its motion to dismiss is granted without leave to amend.

DATED: July 11, 2008                        LAFAYETTE & KUMAGAI LLP

                                            /s/ Susan T. Kumagai
                                            SUSAN T. KUMAGAI
                                            Attorneys for Defendant
                                            AT&T Corp.

### CERTIFICATE OF SERVICE

I certify that a copy of this document was served electronically on July 11, 2008 on counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by use of the Court's ECF system.

                                            /s/ Susan T. Kumagai

ATT\Jone\Pldg\Mot to dismiss #2\Reply#2.doc

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

7

DEF. AT&T CORP.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AND MOTION TO STRIKE SECOND AMENDED COMPLAINT AND REQUEST FOR SANCTIONS
Case No. C07-3888 JF