**E-Filed 8/19/2008**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOYCE JONES,<br><br>                Plaintiff,<br><br>    v.<br><br>AT&T, a corporation doing business in California, PACIFIC BELL TELEPHONE COMPANY; STEPHANIE CHANDLER; CINDY TSUE, and GABRIEL REYES,<br><br>                Defendants. | Case Number C07-3888<br><br>ORDER[1] GRANTING MOTION TO DISMISS |

      On July 30, 2007, Plaintiff Joyce Jones ("Jones") filed the instant action against Defendants AT&T, Stephanie Chandler ("Chandler"), Cindy Tsue ("Tsue"), and Gabriel Reyes ("Reyes") alleging racial discrimination, harassment, retaliation, failure to take all reasonable steps to prevent discrimination, failure to maintain an environment free from harassment, intentional infliction of emotional distress, and violation of the Family Medical Leave Act ("FMLA"). On November 21, 2007, based upon information that Pacific Bell Telephone Company ("PacBell") was Jones' employer and the proper corporate defendant, Jones filed the

---

[1] This disposition is not designated for publication and may not be cited.

operative amended complaint ("Complaint") adding PacBell as a defendant. AT&T moved to dismiss the complaint as to AT&T on the basis that Jones failed to allege facts to support her claim that AT&T was a joint employer. The Court concluded that the complaint and three incorporated documents listing PacBell as Jones's employer– a collective bargaining agreement, Jones's unemployment insurance claim, and Jones's DFEH complaint – were insufficient to state a claim that AT&T was Jones's employer or co-employer. On March 31, 2008, the Court granted the motion to dismiss with leave to amend. The Court informed Jones that if she did not file an amended complaint within forty-five days it would dismiss without leave to amend the claims asserted against AT&T. On May 6, 2008, Jones filed the operative second amended complaint ("SAC"). The SAC alleges that Jones "is . . . employed by defendant AT&T," SAC ¶ 3, and that she "began her employment with AT&T and/or PacBell on August 14, 2000." *Id*. at ¶ 10. AT&T again moved to dismiss for failure to allege adequately that AT&T was Jones's employer or co-employer Jones opposed the motion.

However, at oral argument, counsel for Jones conceded that once this case is past the pleading stage, Jones would have a difficult time proving that she had an employment relationship with AT&T. Counsel explained that his principal reason for naming AT&T was that Jones had listed that company as her employer in the complaint she filed with the Department of Fair Employment and Housing. Jones's counsel stipulated orally that Jones would be willing to drop her claims against AT&T if opposing counsel would agree that PacBell would not assert a defense that Jones has failed to exhaust administrative remedies defense would not be raised. Opposing counsel represented that no such defense would be asserted.[2] Accordingly, the Court will dismiss the claims asserted against AT&T on the condition that PacBell will not assert failure to exhaust administrative remedies as an affirmative defense.

---

[2] At oral argument, counsel for AT&T made this representation on behalf of PacBell.

**IV. ORDER**

IT IS SO ORDERED.

DATED: August 18, 2008.

_____
JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons:

2

3  Waukeen Quandrico McCoy   mccoylawsf@yahoo.com

4  Susan Tayeko Kumagai      skumagai@lklaw.com

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No. C 07-3888
ORDER GRANTING MOTION TO DISMISS
(JFLC1)